IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Grant M. Saxena, <br> Plaintiff, <br><br> vs. <br><br><br> Martinez-Hernandez, et., al, <br> Defendants. | 2:22-cv-02126-CDS-BNW <br> Civil Action No.: 2:21-cv-02126-CDS-BMW <br> Lloyd D George Courthouse <br> 333 S Las Vegas Blvd, Las Vegas, NV 89101 <br><br> 04/21/2023 <br><br><br> SECOND MOTION TO ENLARGE TIME TO <br> SERVE SUMMONS AND COMPLAINT |

## SECOND MOTION TO ENLARGE TIME TO SERVE SUMMONS AND COMPLAINT

**NOW COMES the Plaintiff,** Dr. Grant M. Saxena, appearing Pro Se and motions the Court to kindly allow thirty (30) additional days to serve the summons in the Civil Action: 1-22-cv-02126CDS-BNW.

Very Respectfully Submitted,

/s/ Dr. Grant Saxena

Dr. Grant Mitchell Saxena

Dated this 21st day of April 2023

275 New North Road, #2051

London, N1 7AA

303-941-8772

grant.saxena25@law.ac.uk /s/

# MEMORANDUM OF POINTS AND AUTHORITY

1. On 12/21/2022, Plaintiff filed the complaint through lv_public_docketing@nvd.uscourts.gov.

2. On 1/21/2023, the Plaintiff mailed the $402.00 filing fee in a money order through USPS certified mail tracking ID: 70220410000158486446.

3. On 03/01/2023 the Court granted the motion for order to issue the summons.

4. The Nye County Sheriff Office Defendants were emailed the summons on 03/14/203, with a waiver request, and have not returned or filed a waiver with the Court.

   a. Therefore, Nye County will be liable for the full cost of private process service.

5. On 03/22/2023, the Court granted the first motion to enlarge the time to serve the summons by thirty days.

6. On 04/08/2023, Plaintiff successfully faxed a copy of the summons, complaint and waiver request with a thirty day notice to Messner & Reeves LLP, at 702-363-5101.

7. Despite the attorneys not filing a notice of entry of appearance on this case, yet based on information and belief that this firm claims to potentially represent some of the Defendants, a secondary request to gain waivers was attempted.

   a. Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

**LAW**

Rule 6. Computing and Extending Time; Time for Motion Papers

(b) Extending Time.

(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

(2) Exceptions. A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).

# CONCLUSION

8. Plaintiff requires an additional thirty (30) days to either hear back from the firm, or procure a private process server due to a lapse of time to receive the summons, the lack of the governmental agency to waive service, lack of a notice of entry of appearance filed by the firm claiming to represent the Defendant, nor the firm's waivers, and also a direct refusal of the Defendant's organization Nye County Sheriff Office to serve their own employees properly due to attempts to have county employee Defendants act as servers for other co-Defendants.

 a. The Defendant Boruchowitz has been sending harassing emails directly to the Plaintiff throughout the course of litigation due to clear retaliation. Burochowitz's motive was to abusively and repetitively state his defenses against the claims in the lawsuit improperly.

 b. The emails also attempt to control the public resources at the Nye County Sheriff Office and specifically, improperly assign personnel who handle process service to this specific case.

 c. Burochowitz stated in writing, which will be included for later motions, exhibiting a form of the unauthorized practice of law, words to the effect that regardless of a reasonable request by the Plaintiff to serve the Defendants through the Nye County Sheriff's Office by non-party employees, certain Defendants

would actually act as the personnel from the Sheriff's Office executing personal service on their fellow co-Defendants.

d. When Dr. Saxena first explained through email to NCSO administrative technician employee Julie Nicholson who handles records including service requests offering to serve the papers herself, and is also a pending Defendant that needs to be added to an amended complaint, that her normal protocol for how to validly serve the process would not suffice to properly effectuate service under Fed. R. Civ. P. 4, Ms. Nicholson forwarded the email to Defendant Boruchowitz.

e. After being told more than once to stop the unwanted accosting of Boruchowitz's out-of-court defense diatribe, the Defendant perpetuated his abusive, harassing, and stalking by sending repetitive emails to the Plaintiff's United Kingdom law school email address from his work computer.

f. Now, Boruchowitz is poised for sanctions or a civil protection order to prevent the continued stalking with harassment to retaliate against the Plaintiff, for the duration of this litigation.

## PRAYER FOR RELIEF

9. I request the Court to please grant the second motion to enlarge time for serving the summons and complaint, or to give the firm time to file their waivers, by at least thirty (30) days, pursuant to Fed. R. Civ. P. (6)(b)(1)(A).

Very Respectfully Requested,

/s/ Dr. Grant M. Saxena
_____

Dr. Grant M. Saxena, Ph.D.
Dated this 21st day of April 2023
275 New North Road, #2051
London, N1 7AA
+1-303-941-8772
grant.saxena25@law.ac.uk /s/

**IT IS SO ORDERED**

DATED: 2:09 pm, April 25, 2023

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**