IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| Dr. Grant M. Saxena, Ph.D., | Civil Action No.: 2:21-cv-02126-CDS-BMW |
|---|---|
| Plaintiff, | Lloyd D George Courthouse |
| | 333 S Las Vegas Blvd, Las Vegas, NV 89101 |
| vs. | |
| | 08/14//2023 |
| Martinez-Hernandez, et., al, | |
| Defendants. | OPPOSITION TO MOTION TO DISMISS, OR IN THE ALTERNATIVE SANCTION |

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE, OR IN THE ALTERNATIVE SANCTION**

**HEARING REQUESTED**

**NOW COMES the Plaintiff**, Dr. Grant M. Saxena, Ph.D., appearing Pro Se and opposes the defendant's motion to dismiss with prejudice or sanction in the Civil Action: 1-22-cv-02126-CDS-BNW.

Very Respectfully Submitted,

/s/ Dr. Grant M. Saxena, Ph.D.

Dr. Grant Mitchell Saxena, Ph.D.
08/14/2023
275 New North Road, #2051
London, N1 7AA /s/

## **MEMORANDUM OF POINTS AND AUTHORITY**

1. On 12/21/2022, Plaintiff filed the complaint through lv_public_docketing@nvd.uscourts.gov.

2. After absconding and failing to waive service for at least five months, on 06/07/2023, the defendants filed their first motion to dismiss claiming lack of diversity jurisdiction.

3. Plaintiff filed two requests for leave to amend the complaint to cure all the deficiencies that could exist, including updating of domicile addresses, establishing federal jurisdiction naming a 1983 claim, and the motions were objected to and ultimately denied.

4. More recently, defendants filed a vexatious and redundant second motion to dismiss based on their argumentative allegations of a non-working email address and phone number for plaintiff.

5. Plaintiff, Dr. Saxena, Ph.D., denies each and every single one of the defendant's allegations, particularly that he has lied, or that he has intentionally purported any false information. All information was valid and put forth in good faith by the pro se litigant to the best of his knowledge and ability, at the time the pleadings were filed, and at all times after.

6. Defendant's counsel Ms. Bedker is not a licensed private investigator, so she fails while attempting to gather intelligence data on the plaintiff in order to leverage false allegations in court.

7. The firm, Mr. Edwards and Ms. Bedker do not have access to all documents that would establish a domicile. They are missing vital ones that can prove Florida has been used by the plaintiff as an American domicile since the beginning of the abuses by the state and private party defendants in 2021.

8. Further, I just learned that an American citizen living abroad is considered stateless and unable to bring federal claims under diversity jurisdiction. So, even based on my United Kingdom law school and work addresses, the entirety of the defendant's argument, that I am domiciled in Nevada, is substantially irrelevant due to the precedent of "statelessness."

    a. The firm is only attempting to portray the plaintiff in a negative light so they may gain sanctions they are not entitled to. The firm uses an unscrupulous method of conclusory accusations, by inventing and fabricating conclusions and men's rea for the plaintiff, without full awareness of all records that actually exist.

9. As mentioned previously, due to absconding from service obligations requiring three motions for extensions of time to serve the summons to file and be adjudicated, and more extensions to reply to motions instead of writing an amended complaint, plus the harassing and

stalking nature of the unlicensed and erroneous private investigation by Ms. Bedker, and other incidents which will be revealed during discovery, Plaintiff did not feel comfortable continuing dialogue with the unprofessional firm counsel Ms. Bedker, with Mr. Edwards, or safe opening duplicate filings sent in large emails, which clog private computers servers and could contain viruses, delivered from their paralegal.

     10. Ms. Bedker and Mr. Edwards have posted private data and records totalling nearly 80 pages, about Dr. Saxena, Ph.D., and his assets, outside of the rules of discovery and constitutional privacy laws, which can be now accessed through any basic public search of my name and cases on websites like pacermonitor.com.

     a. These actions are clearly abusive and harrassing because the plaintiff has repeatedly attempted to update the contact information and federal claim jurisdiction through requests to file an amended complaint, which renders their angle for dismissal moot, beyond also being incorrect about plaintiff's domicile.

     11. Eventually, once the proper defendants are added to the lawsuit, perhaps it would be irrelevant to need to communicate with Becker and Edwards, in the event the defendants seek alternative counsel. So, rather than working to professionally litigate on the merits through agreeing to see the claims of the amended complaint, the firm and defendants are complaining that I am not giving information to the court which would certainly be divulged in the amended complaint.  The defendants are illogically asking for the case to be dismissed for information that

is available in an amended complaint, while simultaneously disagreeing and objecting so that the plaintiff is unable to file the amended complaint when he motions.

12. Finally, if the action is dismissed with prejudice, without allowing for an amended complaint to be filed, an appeal will surely prevail. Plaintiff May Appeal From His Voluntary or Involuntary Dismissal With Prejudice Entered After The Trial Court's Adverse Rulings. *See* Raza v. Spain, where the dismissal with prejudice was vacated. The order denying plaintiff's motion for leave to amend the complaint was reversed, and the trial court was directed to enter a new order granting that motion. The matter was remanded for further proceedings not inconsistent with this opinion. Plaintiff was awarded his costs on appeal. On the merits, the *Raza* court found the trial court abused its discretion in refusing leave to amend, because "[n]othing about the complaint indicated it was "incapable of amendment."

13. "Ordinarily, a plaintiff's voluntary dismissal is deemed to be nonappealable on the theory that dismissal of the action is a ministerial action of the clerk, not a judicial act." (*Stewart v. Colonial Western Agency, Inc.* (2001) 87 Cal.App.4th 1006, 1012.) "However, appellate courts treat a voluntary dismissal with prejudice as an appealable order if it was entered after an adverse ruling by the trial court in order to expedite an appeal of the ruling." (*Ibid.*; see also *Austin v. Valverde* (2012) 211 Cal.App.4th 546, 550-551 [" '[M]any courts have allowed appeals by plaintiffs who dismissed their complaints after an adverse ruling by the trial court, on the theory the dismissals were not really voluntary, but only done to expedite an appeal." In this case, the denying of two motions for leave to amend the complaint to establish the proper claims within

federal jurisdiction meets the test for adverse rulings, because the jurisdiction qualification cannot be overcome with any other type of pleading than an amended complaint.

## CONCLUSION

14. Unless the defendants agree, or the court grant's leave to amend the complaint, both entities have stalled the progress of the civil action on its merits at jury trial under the proper jurisdiction. The amended complaint pleading will also satisfy all updated addresses and is the proper method to handle the civil action for the sake of justice.

## PRAYER FOR RELIEF

15. I oppose the motion to dismiss, oppose alternative summary judgment with sanctions, and give notice of a pending motion to expedite appeal unless leave is granted to amend the complaint.

Very Respectfully Opposed,

/s/ Dr. Grant M. Saxena, Ph.D.
_____
Dr. Grant Mitchell Saxena, Ph.D.
08/14/2023
275 New North Road, #2051
London, N1 7AA /s/