# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GRANT SAXENA,<br><br>            Plaintiff,<br><br>   v.<br><br>JEZRAEL MARTINEZ-HERNANDEZ, *et al.*,<br><br>            Defendants. | Case No. 2:22-cv-02126-CDS-BNW<br><br>**ORDER** |

Presently before the Court is Defendants' Emergency Motion to Strike and Request for Hearing on Order to Show Cause. (ECF No. 39). Though the time for doing so has passed, Plaintiff has failed to file a response in opposition. Having read and considered the motion, and good cause being found and in accordance with Local Rule 7-2(d), it is granted.

**I. Background**

On July 18, 2023, Plaintiff faxed a proposed discovery plan and scheduling order to Defendants. However, no effort was made to organize the mandatory scheduling conference required by Federal Rule of Civil Procedure ("Rule") 26(f). On July 20, 2023, Defendants responded to Plaintiff by asserting that a Rule 26(f) conference was necessary and sending an alternate proposed discovery plan and scheduling order. *See* Motion to Strike, ECF No. 39, Exhibit C.

On July 21, 2023, Plaintiff filed a motion for extension of time to file a joint proposed discovery plan and scheduling order ("DPSO"). (ECF No. 24). On August 14, 2023, the Court granted the parties an additional thirty days from the date of the order to file the DPSO (ECF No. 30). The parties failed to meet that deadline and on September 18, 2023, the Court ordered them to file a DPSO no later than October 2, 2023. (ECF No. 35).

On October 2, 2023, Plaintiff filed a Proposed Discovery Plan and Scheduling Order. (ECF No. 37). On page 2, the proposed order stated that the DPSO was "jointly" proposed and that the Rule 26(f) scheduling conference had been conducted on August 22, 2023 by telephone.

1    (ECF No. 37-1). The proposed order concluded with signature blocks for both parties containing

2    "/s/" signatures for both parties. Taking Plaintiff's assertions at face value, and the order

3    appearing to comply with Local Rule 26-1(b), the Court signed and dated the proposed discovery

4    plan and scheduling order. (ECF No. 40).

5         Almost simultaneously, Defendants filed the present motion to strike asserting: (1) that

6    Defendants had not stipulated to the DPSO; (2) had not authorized Plaintiff to sign the proposed

7    order on their behalf; and (3) that no Rule 26(f) conference had taken place. (ECF No. 39). The

8    Court then ordered that the DPSO be stayed pending hearing on Defendants' motion to strike

9    which was set for October 31, 2023. As stated above, Plaintiff did not respond.

10   **II. Analysis**

11        Local Rule 7-2(d) allows the Court to consider the "failure of an opposing party to file

12   points and authorities in response to any motion . . . as consent to the granting of the motion."

13   Here, Plaintiff has entirely failed, despite notice, to respond to Defendant's allegations. Therefore,

14   the Court considers his lack of response as consent to the granting of the motion.

15        Further, after considering the exhibits attached to the motion, and the Declaration of

16   Michael Edwards, the Court finds that Plaintiff falsely asserted: (1) that a Rule 26(f) conference

17   had been conducted, and (2) that Mr. Edwards had authorized placement of his signature on the

18   proposed DPSO. Therefore, the Court will strike the proposed discovery plan and scheduling

19   order (ECF No. 37) and the discovery plan and scheduling order signed by the Court (ECF No.

20   40).

21        In addition, Plaintiff is ordered to show cause why the Court should not recommend

22   sanctions, up to and including the dismissal of his complaint, for his fraud upon the court

23   pursuant to the Court's inherent authority. *See Anheuser-Busch, Inc. v. Nat. Beverage*

24   *Distributors,* 69 F.3d 337, 348 (9th Cir. 1995)("It is well settled that dismissal is warranted where

25   ... a party has engaged deliberately in deceptive practices that undermine the integrity of judicial

26   proceedings: courts have inherent power to dismiss an action when a party has willfully deceived

27   the court and engaged in conduct utterly inconsistent with the orderly administration of justice.")

28

1    Plaintiff shall also show cause why he should not pay reasonable expenses, including Defendants'

2    attorneys' fees, for the costs Defendants incurred by his failure to participate in good faith in

3    developing and submitting a discovery plan. Fed. R. Civ. Pr. 37(f).

4    **III. Conclusion**

5         **IT IS HEREBY ORDERED** that Defendants' Emergency Motion to Strike and Request

6    for Hearing on Order to Show Cause (ECF No. 39) is **GRANTED**.

7         **IT IS FURTHER ORDERED** that the Clerk of the Court **STRIKE** ECF No. 37 and 40.

8         **IT IS FURTHER ORDERED** that Plaintiff show cause why the Court should not

9    recommend that his complaint be dismissed and why he should not pay reasonable expenses

10   including Defendants' attorney fees for his failure to participate in good faith in developing and

11   submitting a discovery plan.

12        **IT IS FURTHER ORDERED** that the hearing set for October 31, 2023 is **VACATED.**

13        DATED: October 27, 2023.

14                                        _____

15                                        BRENDA WEKSLER
                                         UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28