# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GRANT SAXENA,<br><br>   Plaintiff,<br><br>v.<br><br>JEZRAEL MARTINEZ-HERNANDEZ, *et al.*,<br><br>   Defendants. | Case No. 2:22-cv-02126-CDS-BNW<br><br>**ORDER** |

Presently before the Court is Plaintiff's Motion to Stay Magistrate Order to Show Cause (ECF No. 46). Defendants filed a response (ECF No. 49).

**I.   Background**

On October 27, 2023, the Court granted Defendants' Emergency Motion to Strike the Discovery Plan and Scheduling Order and ordered Plaintiff to show cause why he should not be sanctioned for falsely asserting that a Rule 26(f) conference had taken place and that Defendants' counsel had authorized placement of his signature on the proposed DPSO. (ECF No. 44)

Plaintiff did not file a response to the Court's order to show cause. The Court then ordered Plaintiff to show cause no later than November 22, 2023, warning Plaintiff that if he failed to respond the Court would recommend that his complaint be dismissed with prejudice. Plaintiff then filed the present motion on November 19, 2023.

Plaintiff's response argues: (1) that pursuant to Federal Rule of Civil Procedure 62.1 the Court should stay the proceedings pending appeal; (2) that he appealed the prior order, ECF No. 44, on November 9, 2023;[1] and (3) that in any event the magistrate judge erred by concluding that Plaintiff had made false assertions and not participated in good faith in the Rule 26(f) conference.

///

---

[1] It is unclear whether Plaintiff's alleged appeal was to the Ninth Circuit Court of Appeals or to the district judge pursuant to Local Rule ("LR") IB 3-1 and 28 U.S.C. § 636(b)(1)(A).

## II. Analysis

First, the Court has considered Plaintiff's argument that he sent documents to the Clerk of the Court, on November 9, 2023, intending to file an appeal of the Court's Order, ECF No. 44. However, the evidence submitted by Plaintiff is inconclusive. The purported email attached to his motion does not contain a specific email address to which it was sent. In the address line it merely states "To: LV Public Docketing" with no accompanying email address. Further, other than the statement of the Plaintiff, there is no indication that any document is attached to the email. Typically, the form of the attachment with accompanying name and file type appear in the body of the email. Additionally, Plaintiff has failed to include as an exhibit a copy of the alleged attachment. Finally, the Clerk of the Court has been unable to verify that it received an email from Plaintiff contemporaneously with the date and time that he alleges it was sent.

Therefore, the Court denies Plaintiff's motion to stay because no appeal is pending.

Next, though Plaintiff has at least proffered an excuse for failing to initially respond to the order to show cause, his response does not explain why he completely failed to respond to Defendants' motion to strike. Plaintiff's response to Defendants' factual assertions in the motion to strike are untimely and generally unresponsive. The Court has already made factual findings based on the record before it that Plaintiff did not have Defendants' permission to attach counsel's signature and file the discovery plan and scheduling order. This is one reason why parties are required to have meaningful meet-and-confer meetings, so that such permissions are expressly given and received.

Contrary to Plaintiff's assertion that there is no concrete evidence to substantiate Defendants' claims of fraud and bad faith in the meet-and-confer process, the Court considered Defendants' counsels affidavits and email correspondence. Plaintiff has provided no reason to disturb the Court's findings. Therefore, the Court admonishes Plaintiff that in the future he must fully comply with Federal Rule of Civil Procedure 26, and the other rules governing discovery, particularly LR IA 1-3 (f) governing the requirement to meet-and-confer. The Court will sanction Plaintiff for future failures to meet-and-confer or otherwise fail to abide by the Local Rules of the Court and the Federal Rules of Civil Procedure.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Stay Magistrate Order to Show Cause (ECF No. 46) is **DENIED**;

**IT IS FURTHER ORDERED** that the parties meet and confer within 7 days of this order and jointly submit to the Court a Proposed Discovery Plan and Scheduling Order that complies with LR 26-1 within fourteen (14) days of the entry of this order. Should the parties not come to an agreement then each party is to submit its own Proposed Discovery Plan and Scheduling Order and this Court will determine which will govern.

**IT IS FINALLY ORDERED** that Plaintiff's response is construed as a response to the order to show cause and that no further sanction issue.

DATED: December 12, 2023.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE