MICHAEL M. EDWARDS, ESQ.
Nevada Bar No. 6281
STEPHANIE D. BEDKER ESQ.
Nevada Bar No. 14169
**FREEMAN MATHIS & GARY, LLP**
770 East Warm Springs Road, Suite 360
Las Vegas, NV 89119
Tel.: 725.258.7360
Fax: 833.336.2131
Michael.Edwards@fmglaw.com
Stephanie.Bedker@fmglaw.com
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

GRANT SAXENA,

            Plaintiff,

vs.

JEZRAEL MARTINEZ-HERNANDEZ

JASON J. HEANEY

DAVID BORUCHOWITZ

NYE COUNTY SHERIFF OFFICE

         Defendants.

Case No.: 2:22-cv-02126-CDS-BNW

**DEFENDANTS' EMERGENCY MOTION TO STRIKE AND REQUEST FOR SANCTIONS**

**EMERGENCY MOTION**

**HEARING REQUESTED**

       Pursuant to Local Rule 7-4, Defendants Jezrael Martinez-Hernandez, Jason J. Heaney, David Boruchowitz, and the Nye County Sheriff's Office (collectively, "Defendants"), by and through their counsel of record, the law firm of Freeman Mathis & Gary, LLP, hereby submit this emergency motion to strike, request for sanctions, and request for hearing. Contrary to this Court's orders and his obligations pursuant to the local and federal rules, Plaintiff continues to refuse to conduct a Fed. R. Civ. P. 26(f) conference with Defendants, he has blatantly lied to the Court, and unilaterally filed a proposed joint discovery plan and scheduling order.

/ / /

This emergency Motion is made based upon the pleadings on file herein, the attached memorandum of points and authorities, the exhibits attached hereto, the Declaration of Michael Edwards, Esq., and any oral argument the Court may permit at the hearing on this matter.

DATED this 3rd day of January, 2024.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Michael M. Edwards*
MICHAEL M. EDWARDS, ESQ.
Nevada Bar No. 6281
STEPHANIE D. BEDKER ESQ.
Nevada Bar No. 14169
770 East Warm Springs Road, Suite 360
Las Vegas, NV 89119
*Attorneys for Defendants*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiff filed his Complaint on December 22, 2022. Including the instant Emergency Motion, 52 documents have been filed in this matter to date. Plaintiff has maintained his baseless claims and made a mockery of this Court and the judicial system for 372 days. Less than three months ago, Defendants were forced to file its first Emergency Motion to Strike due to similar dishonest actions by Plaintiff when he first attempted to file a "Joint Proposed Discovery Plan and Scheduling Order." *See* Emergency Motion (ECF No. 39).

Since this Court's last Order, Plaintiff's behavior has become more abhorrent. Plaintiff's actions are not the product of ignorance or gamesmanship - it is outright defiance of this Court. Plaintiff does not seek justice; he seeks to harass Defendants in a judicial arena in an effort to waste time and drive up litigation costs.

This Court has been very patient and given leniency to Plaintiff, a pro se litigant, throughout the past year. Just two weeks ago, this Court admonished Plaintiff and advised that sanctions would be entered if Plaintiff failed to meet-and-confer or abide by this Court's rules. *See*

Order, p. 2:24-28 (ECF No. 50).

Despite this clear warning, Plaintiff continues to make this litigation a farce. Defendants attempted to contact Plaintiff via email, as he has yet to provide a working telephone number, with **no response from Plaintiff**. Further, **Defendants never received any emails or phone call from Plaintiff** prior to his second unilateral filing of a Joint Proposed Discovery Plan and Scheduling Order. (ECF No. 51). Plaintiff continues his refusal to conduct a Rule 26(f) conference as he inundates this Court with blatant lies. Instead of following this Court's directive, Plaintiff is once engaging in intentional and obstructive misconduct.

Given the above, and as outlined below, Defendants seek sanctions in attorney fees and case dismissal pursuant to Federal Rule of Civil Procedure 37(f), as well as this Court's prior Order and admonishment.

## II.    STATEMENT OF FACTS AND PROCEDURAL POSTURE

Plaintiff filed this action on December 22, 2022 based on diversity jurisdiction, asserting he is a "law student in the United Kingdom." Complaint at p. 4 (ECF No 1-1). Believing that Plaintiff's invocation of diversity jurisdiction is specious, Defendants filed a Motion to Dismiss for Lack of Diversity Jurisdiction on June 6, 2023. *See* Motion to Dismiss (ECF No. 17). Therein, Defendants provided extensive evidence to the Court that – contrary to his assertions – Plaintiff was not studying abroad in law school in the UK at the time he filed this action and was instead, a Nevada resident. *See generally id.*[1]

In initiating this action, Plaintiff provided a UK mailing address, a UK phone number (*i.e.* 44-20-3086-7796), and an email address affiliated with the University of Law, the UK-based law school that he was purportedly attending (*i.e.* grant.saxena25@law.ac.uk; the "UK Email

---

[1] Plaintiff has not yet filed a response in opposition to the Motion to Dismiss. Instead, he has repeatedly sought extensions from this Court, seeking to "moot" the Court's lack of diversity jurisdiction by amending his complaint to newly assert an unwarranted federal claim. *See* Motion to Enlarge Time or Leave to Reply Through Amended Complaint (ECF No. 19); Second Motion to Enlarge Time to Reply to Motion Through Amended Complaint (ECF No. 21). Plaintiff's requests to purportedly fix the Court's current lack of jurisdiction through an amended complaint is tacit acknowledgement that his original claim of diversity jurisdiction was based on a false claim of foreign residency.

Address") as his contact information. However, the UK address and UK phone number provided by Plaintiff are not personally affiliated with any residence or personal phone line belonging to Plaintiff; rather, they are the business address and business phone number for N1 Mailbox, a UK company that provides mailbox rental services. *See* Motion to Dismiss, p. 5, fn. 2 and Exhibit B to Motion to Dismiss. Thus, Plaintiff intentionally misled the Court by providing a phone number that is not his. When Defendants submitted a courtesy copy of their filings to Plaintiff's UK Email Address, Plaintiff objected in a Court filing to this communication, calling it "out-of-court harassment" and stating that the email address is "an old law school email address in the UK which cannot accept the data." *See* Motion to Enlarge Time, p. 3:2-6 (ECF No. 19). Thus, by his own admission, UK Email Address is not a proper address at which to receive communications related to this case.

On July 18, 2023, Plaintiff faxed a proposed discovery plan and scheduling order to counsel's office. *See* Exhibit A to Emergency Motion, (ECF No. 39). Prior to this fax, Plaintiff made no efforts to set the conference required under Fed. R. Civ. P. 26, nor had the parties exchanged any correspondence or engaged in any communications related to the proposed discovery plan and scheduling order. *See* Declaration of Michael Edwards Esq. ("Edwards Dec."), ¶ 8, (ECF No. 39-6). The cover sheet for the fax delineated Plaintiff's email address as grant.saxena@gmail.com (the "Gmail Address"), rather than the UK Email Address listed with this Court. *See* Exhibit A to Emergency Motion, (ECF No. 39).

On July 20, 2023, Defendants submitted a courtesy copy of their filed Non-Opposition to Motion to Dismiss to both the UK Email Address and the newly provided Gmail Address. *See* Exhibit B Emergency Motion, (ECF No. 39). Plaintiff responded only from the Gmail Address, stating, "Do not harass this address with duplicate filings….If anyone from this business sends any more emails after being warned, additional lawsuits, including a protective order will file against each indivisible [sic] for stalking." *See id.*

Nevertheless, despite Plaintiff's lack of efforts to affirmatively facilitate the scheduling of the Rule 26(f) conference, on July 20, 2023, Defendants sent an email to both email addresses,

indicating that Plaintiff's faxed discovery plan and scheduling order did not comply with the Local Rules, and circulating their own draft discovery plan and scheduling order. *See* Exhibit C to Emergency Motion, (ECF No. 39. In bold italics, defense counsel stated, "***In accordance with Local Rule 26-1, we must complete a Rule 26(f) conference prior to submission of this document to the Court***," and informed Plaintiff that the parties must discuss certain matters at the conference pursuant to the Local Rules, as outlined in the proposed discovery plan. *See id.* (emphasis in original). Counsel requested that Plaintiff provide an accurate phone number and approved email address to facilitate necessary communications between the parties, as well as a date and time for the conference. *Id.* Plaintiff responded from the Gmail Address, stating, "This personal email account is not monitored for legal purposes. Your business and the individuals stalking this address have been added to the current lawsuit and any further correspondence will be blocked." *See* Exhibit D to Emergency Motion, (ECF No. 39).

Since issuing that threat, Plaintiff has never communicated with Defendants regarding the Rule 26(f) conference or the proposed discovery plan and scheduling order. (ECF No. 39-6 at ¶ 15). Although the discovery plan and scheduling order was due to be filed with the Court on July 21, 2023, Plaintiff instead filed two motions, requesting an extension to the Rule 26 deadlines based on his erroneous belief that a proposed discovery plan and scheduling order did not need to be completed until after he filed an amended complaint. *See* Motion to Strike and Extend Time (ECF No. 23); Motion to Strike and Extend Time (ECF No. 24).[2]

On August 1, 2023, Defendants filed a second motion to dismiss, outlining the foregoing conduct and requesting that the Court dismiss the action or sanction and compel Plaintiff to provide proper contact information to Defendants and to engage with defense counsel, including with respect to preparation and submission of the joint proposed discovery plan and scheduling order. *See generally* Motion to Dismiss or Alternatively, Motion for Compel and for Sanctions ("Second Motion to Dismiss") (ECF No. 26). In his response in opposition, Plaintiff informed the Court that

---

[2] Plaintiff has not filed a motion to amend or submitted a proposed amended complaint to this Court, and this Court has already expressly denied Plaintiff leave to amend. *See* Minute Order (ECF No. 20).

he did not intend to communicate with defense counsel regarding the Rule 26(f) conference and/or the joint discovery plan and scheduling order, calling such communications "irrelevant" if Defendants "seek alternative counsel," stating he "did not feel comfortable continuing dialogue" with defense counsel because they have been "harassing" and "stalking" him, and expressing concern that their courtesy copies of Court filings potentially included computer viruses. Opposition to Motion to Dismiss (ECF No. 31), pp. 3:26-4:6, 4:22-25. Plaintiff did not offer any evidence in support of such statements or provide any rational basis for the same.

Subsequent to the filing of the Second Motion to Dismiss, the Court issued a Minute Order, granting Plaintiff until September 14, 2023 in which for Plaintiff to file a joint proposed discovery plan and scheduling order and mandating that he "communicate with defense counsel within one week of this Order and provide a phone number and email address at which he can be reached." *See* Minute Order, dated August 14, 2023 (ECF No. 30). Plaintiff did not comply with the Court's order or otherwise communicate with Defendants within the deadline set by the Court. However, after the Court-imposed deadline to communicate, Defendants received a fax from a company named Ruckus Records. The fax included a *company* email address as part of its "sender information" (*i.e.* info@ruckus-records.com) and a phone number, which it stated was "the plaintiff's updated U.S. phone number" for this action. *See id.* It did not delineate an approved email address for Plaintiff, nor did it indicate that the Ruckus Records company email address could be used for communications related to this litigation. *See id.*

Attempting to reach Plaintiff regarding the long-pending Rule 26(f) conference, defense counsel immediately called the newly provided phone number and left a voice message, requesting to speak to Plaintiff. (ECF No. 39-6 at ¶ 10).  Less than two minutes later, a man called from *another* phone number, demanding to know why Defendants wished to speak to Plaintiff. *See id.* at ¶ 11. The man refused to identify himself, stating only that he is a "1099 person." *See id.* at ¶ 12. Although the number identified the caller as "Jay Saxena," the man denied that he was Jay Saxena and denied knowing Plaintiff, claiming instead to be a "phone assistant" who rents out his services to monitor various phone lines. *See id.* He did not provide or offer any assistance that

would enable defense counsel to speak directly with Plaintiff, and after refusing to answer the basic questions posed to him, he hung up. *See id.* at ¶¶ 13-14.

Although Plaintiff subsequently acknowledged receiving counsel's voicemail message,[3] at no point did he return Defendants' call or make any other efforts to communicate with Defendants regarding the Rule 26(f) conference or the joint discovery plan and scheduling order prior to the expiration of the Court's September 14, 2023 deadline. Instead, in a Court filing on September 17, 2023, Plaintiff misconstrued this single voicemail message as "harassment" and "stalking." *See* Objection (ECF No. 34), p. 13-22. Despite the Court's express order that Plaintiff communicate with Defendants regarding the discovery plan and scheduling order, Plaintiff falsely maintained that "there was no legitimate reason for [defense counsel] to call" and "there is no pending…document to confer against." *Id.*

Noting the expiration of its deadline, the Court issued a second minute order, the Court again extended leniency to Plaintiff, now imposing a deadline of October 2, 2023 in which for the parties to submit the proposed discovery plan and scheduling order. *See* Minute Order (ECF No. 35). Without ever communicating with Defendants regarding the same, Plaintiff filed a Proposed Discovery Plan and Scheduling Order on October 2, 2023. *See* Proposed Discovery Plan and Scheduling Order (ECF No. 37-1).[4] Therein, Plaintiff falsely asserted that a Rule 26(f) conference had been conducted on August 22, 2023 between Plaintiff "with his caregiver" and Michael Edwards, Esq. and that the parties had conferred on various topics, as delineated. He forged Michael Edwards' e-signature on the signature block with a general date of October 2023.

On October 4, 2023, Defendants filed an Emergency Motion to Strike and Request for Hearing on Order to Show Cause. *See* Motion to Strike (ECF No. 39). Therein, Defendants requested that the Court strike the proposed scheduling order and discovery plan that Plaintiff

---

[3] *See* Objection to Defendants' Reply to Response to Motion to Dismiss (EF No. 34) ("Objection"), p. 2:11-12.

[4] The document filed by Plaintiff largely consisted of the draft proposed discovery plan and scheduling order that had been previously prepared by Defendants and submitted to Plaintiff months prior on July 21, 2023, which Plaintiff retyped into his own template and edited. *See* **Ex. C**.

fraudulently submitted to the Court. They further requested that the Court issue an order to show cause why Plaintiff should not be sanctioned for, *inter alia*, his continued refusal to conduct a Fed. R. Civ. P. 26(f) conference with Defendants, his blatant lie to the Court that the parties had conducted such a conference, and his forgery of defense counsel's e-signature on the proposed joint discovery plan and scheduling order that he filed with the Court without Defendants' consent. *See* Motion to Strike (ECF No. 39). ***Plaintiff did not file any response in opposition to the Motion to Strike.***

On October 27, 2023, Magistrate Judge Brenda Weksler issued an order, granting the Motion to Strike and ordering Plaintiff to show cause "why the Court should not recommend that his complaint be dismissed and why he should not pay reasonable expenses including Defendants' attorney fees for his failure to participate in good faith in developing and submitting a discovery plan." Order ("Order to Show Cause"), p. 3:5-11 (ECF No. 44). ***Plaintiff did not comply with the Order to Show Cause***. On November 15, 2023, Judge Weksler noted Plaintiff's failure to respond and issued a minute order, mandating that Plaintiff comply with the Order to Show Cause no later than November 22, 2023, at risk of the issuance of a report and recommendation that the action be dismissed with prejudice. *See* Minute Order (ECF No. 45).

Plaintiff still did not comply with these orders or file any document with this Court, showing why he should not be sanctioned with attorney fees and case dismissal. Instead, on November 19, 2023, Plaintiff filed a Motion to Stay, requesting a stay of the Order to Show Cause pending a resolution of an "appeal" of the Order to Show Cause that he purportedly filed on November 9, 2023. *See generally* Motion to Stay (ECF No. 46).

On December 12, 2023, Magistrate Judge Brenda Weksler issued an order giving Plaintiff additional time again to comply with LR 26-1 to meet and confer with Defendants and jointly submit a Proposed Discovery Plan and Scheduling Order. (ECF No. 50). This Court admonished Plaintiff and stated that it "***will sanction Plaintiff for future failures to meet and confer or otherwise fail to abide by the Local Rules of the Court and the Federal Rules of Civil Procedure.***" *Id*. at 2:24-28.

After hearing nothing from Plaintiff, Defendants attempted to contact Plaintiff to meet and confer and otherwise prepare a joint Proposed Discovery Plan and Scheduling Order. *See* Email from Stephanie Bedker, Esq. to Plaintiff, dated December 14, 2023, a true and correct copy is attached hereto as **Exhibit A**. Plaintiff acknowledged receiving correspondence from Defendants. *See* Proposed Joint Discovery Plan (ECF No. 51 at p.2:8-10). Defendants adamantly attest that no response or communications from Plaintiff ever occurred. *See* Declaration of Michael Edwards Esq. attached hereto as **Exhibit B**. Plaintiff has refused to meet-and-confer and *for the second time,* unilaterally filed a Proposed Joint Discovery Plan and Scheduling Order. (ECF No. 51)

## III.    LEGAL ARGUMENT

Since the inception of this lawsuit, Plaintiff has engaged in bad faith and intentional misconduct, and such actions warrant the imposition of severe sanctions. Despite his pro se status, Plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court of Nevada. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (pro se parties must still comply with rules and case law); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (stating that "pro se litigants are not excused from following court rules.").

While federal courts grant certain leniency to pro se litigants with respect to procedural mistakes, Plaintiff cannot plead ignorance herein. ***Since at least July 20, 2023, Plaintiff has been well aware of his obligations under Fed. R. Civ. P. 26 and Local Rule 26-1 to actively participate in a Rule 26(f) conference and of his obligation under the rule to initiate the scheduling of the conference.*** Despite being directly informed by defense counsel of his obligations under the Rules, Plaintiff has not only failed to ever request that a conference be held, but he has done everything in his power to prevent the same from occurring, including providing false contact information to Defendants and threatening counsel for attempting to contact him regarding the conference. Plaintiff has also filed numerous documents with this Court, contesting the necessity to conduct the Rule 26(f) conference at all, arguing it did not need to be completed and calling such communications "irrelevant," falsely stating he "did not feel comfortable continuing dialogue" with defense counsel when he never commenced or participated in any prior dialogue, and even

raising false accusations against defense counsel related to purported harassment and stalking specifically related to their efforts to communicate with him regarding the Rule 26(f) conference. *See, e.g.* Motion to Strike and Extend Time (ECF No. 23); Motion to Strike and Extend Time (ECF No. 24); Opposition to Motion to Dismiss (ECF No. 31), pp. 3:26-4:6, 4:22-25.

Plaintiff's intransigence on this issue necessitated this Court to issue a Minute Order on August 14, 2023. Therein, this Court explicitly ordered that Plaintiff "communicate with defense counsel within one week of this Order and provide a phone number and email address at which he can be reached" for the express purpose of facilitating the preparation and filing of the discovery plan and scheduling order by September 14, 2023. *See* Minute Order (ECF No. 30). Plaintiff did not substantively comply with this Court's order. He did not provide any contact information within the stated deadline, he did not provide a working email address to Defendants, and he continued to evade all attempts to communicate with him regarding the Rule 26(f) conference and the discovery plan and scheduling order. Accordingly, the discovery plan and scheduling order was not completed or filed on or before September 14, 2023.

Plaintiff's filing of a Proposed Joint Discovery Plan and Scheduling Order constitutes the ultimate illustration of his intentional misconduct and bad faith. Plaintiff's assertion therein that the call on August 22, 2023 constituted a conference pursuant to Fed. R. Civ. P. 26(f) is absurd and a blatant falsehood. On August 22, 2023, a person who refused to identify himself called defense counsel from a phone number that Plaintiff never provided to the parties or this Court. This unknown man refused to answer basic self-identifying information, denied knowing Jay Saxena (which was delineated on the caller ID), and even denied knowing Plaintiff, stating only he was a "1099 person" working as a "phone assistant" who rents out services to monitor phone lines on behalf of third parties. Refusing to answer such basic questions, the unknown caller disconnected the call. No reasonable person could rationally misconstrue this interaction as a Rule 26(f) conference between the parties.

Plaintiff's forgery of defense counsel's e-signature and submission of the document to this Court is indefensible. Plaintiff absolutely *knows* that the parties never held a Rule 26(f) conference.

He *knows* that he has never discussed the issues required to be addressed thereat, as included within the certifications to the filing. He *knows* that he did not obtain consent from defense counsel to sign the document on his behalf, attesting that the parties agreed to such falsehoods. Further, he *knows* that defense counsel would not submit such a document to the Court without completing the Rule 26(f) conference.

The first rogue Proposed Joint Discovery Plan and Scheduling Order that was falsely filed with this Court was stricken, with a clear admonishment to Plaintiff that a meet-and-confer was to occur and the rules of this Court must be followed. *See* Order (ECF No. 50). The number of times this Court has granted Plaintiff leniency are too great to count. Despite the clear warning and directive from the Court just two weeks ago, Plaintiff has once again taken to filing rogue documents under a false narrative. *See generally* **Exhibit B** and ECF No. 51.

Despite Defendants' best efforts, the parties have still not conducted the requisite Rule 26(f) conference. Defendants never received and did not consent to filing of the document. The length of time and number of filings in this matter demonstrate that Plaintiff has no intention of following this Court's orders or the applicable Court rules. Simply put, despite all of the leniency granted Plaintiff and warnings issued by this Court, Plaintiff will never participate in good faith.

Given Plaintiff's repeated refusal to abide by the Court's rules, Defendants request that this Court issue sanctions in attorney fees and case dismissal pursuant to Federal Rule of Civil Procedure 37(f). Defendants' request for case dispositive sanctions is not made lightly. The procedural posture of this matter evidences Plaintiff's repeated misconduct and mockery of the judicial system that warrants dismissal, which is in line with this Court's December 12, 2023 Order and admonishment. (ECF No. 50).

/ / /

/ / /

/ / /

/ / /

/ / /

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.  CONCLUSION

Accordingly, Defendants respectfully request this Court strike the Proposed Discovery Plan and Scheduling Order that Plaintiff filed with this Court (ECF No. 51) and order case dispositive sanctions due to Plaintiff's repeated misconduct.

DATED this 3rd day of January, 2024.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Michael M. Edwards*

MICHAEL M. EDWARDS, ESQ.
Nevada Bar No. 6281
STEPHANIE D. BEDKER ESQ.
Nevada Bar No. 14169
770 East Warm Springs Road, Suite 360
Las Vegas, NV 89119
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that I am an employee of Freeman Mathis & Gary, LLP, and that on Wednesday, January 3, 2024, I served a true and correct copy of the foregoing **DEFENDANTS' EMERGENCY MOTION TO STRIKE AND REQUEST FOR SANCTIONS** to all parties on file:

Grant M. Saxena
275 New North Road #2051
London, NI 7AA
*Pro Se Plaintiff*

[  ]  Hand Delivery
[  ]  FACSIMILE TRANSMISSION
[X]  U.S. MAIL, POSTAGE PREPAID
[X]  CM/ECF E-Filing Service System
[X]  Electronic Mail

*/s/ Laurie Moreno*
An employee of FREEMAN MATHIS & GARY, LLP

**INDEX OF EXHIBITS**

| Exhibit A | Email from Stephanie Bedker, Esq. to Plaintiff, dated December 14, 2023 |
|-----------|--------------------------------------------------------------------------|
| Exhibit B | Declaration of Michael M. Edwards, Esq. |