# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

<u>Dr. Grant M. Saxena, Ph.D.</u>

Plaintiff,

vs.

<u>Martinez-Hernandez, et., al</u>,

Defendants.

Civil Action No.: 2:21-cv-02126-CDS-BMW

Lloyd D George Courthouse

333 S Las Vegas Blvd, Las Vegas, NV 89101

1/17/2024

**Opposition to Defendant's Motions to Strike & Sanction**

## <u>OBJECTION TO DEFENDANT'S MOTIONS TO STRIKE & SANCTION</u>

**NOW COMES the Plaintiff,** Dr. Grant M. Saxena, Ph.D., appearing Pro Se, who Opposes the Defendant's Motion to Strike & Sanction in the Civil Action: 1-22-cv-02126-CDS-BNW. Defendants' Motions should be denied based on the following:

Very Respectfully Submitted,

<u>/s/ Dr. Grant Saxena, Ph.D.</u>

01/17/2024

275 New North Road, #2051

London, N1 7AA

United Kingdom

# MEMORANDUM OF POINTS AND AUTHORITY

## I. Defendants Failed to Comply with the Requirement to Confer

A. Under Rule 37(a)(1) of the Federal Rules of Civil Procedure, a motion for sanctions must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the action without court action. In this case, Plaintiff has made several attempts to confer with Defendants' counsel for the DPSO meeting, as evidenced by phone records, and voicemail left at the firm's las vegas and national offices. Defendants' refusal to engage in meaningful conversation, or set up in a call with a mediator, constitutes a failure to meet this requirement, thereby invalidating the sanctions motion.

## II. Defendants' Pleadings are Duplicative, Scandalous, Vexatious, and False

A. Defendants' pleadings contain unfounded and scandalous allegations, such as the assertion that Plaintiff "forged an e-signature." This claim has already been addressed by the court and found to be false, as evidenced by the court's finding of signature by Mr. Edwards on the DPSO, prior to when he claims someone forged the document he previously sent already signed. Nevertheless, if Mr. Edwards believes a criminal act has occurred, he should bring the report to the proper law enforcement authorities, as forgery is not a civil matter. Also, continuing to allege that the plaintiff did not attend law school in England, without proof, when he clearly has established an email for a prominent university and has obtained a Ph.D, is argumentative.

B. Mr. Edwards is clearly retaliating for his notice of inclusion in the lawsuit for his abuse of process, and stalking plus harassment of personal / private information outside of court without an investigator's license (before filing an entry of appearance) as aforementioned. Such behavior is abusive, vexatious and duplicative, and undermines the credibility of Defendants' motion.

C. The Clerk issued a notice of failure to comply with court rules, because defendants did not file their motions separately. Then, the next day when the sanctions motion filed, it was devoid of conferral attempts. Finally, on 1/16/2024, another error was filed against the defendant for erroneously filing the same motions two or three times, it is difficult to interpret. The clerk's notice of filing errors shows that the defendants' federally barred attorneys are not following the local or federal rules of procedure, and possibly should be sanctioned, because they know better.

### III. Plaintiff has Not Made a Mockery of the Court

A. Contrary to Defendants' assertions, Plaintiff has not made a mockery of the court. Plaintiff, a pro se litigant, has diligently pursued his claims and complied with the court's orders to the best of his ability. The high volume of filings in this case is a reflection of Plaintiff's efforts to navigate the complexities of the legal system without legal representation, rather than a deliberate attempt to frustrate the proceedings or waste time. Dr. Saxena has replied to every vexatious filing by defendants, which has caused him to be unable to amend the complaint and file it with leave.

### IV. Plaintiff's Actions Do Not Warrant Dismissal or Sanctions

A. The imposition of sanctions, including dismissal, is a severe penalty that should only be used in extreme circumstances. In this case, Plaintiff's actions do not rise to the level of bad faith or willful misconduct that would warrant such severe sanctions. The court has previously found that Plaintiff's actions are not the product of ignorance or gamesmanship, but rather a result of his pro se status and the complexities of the legal system. On the contrary, at this point it is clear that the defendant's counsel is using their law license to abuse the system, in hopes of getting the case technically dismissed rather than adjudicate through jury trial in an amended complaint filing on the merits.

A. Furthermore, the court has a duty to ensure that a pro se litigant is not unfairly prejudiced by his lack of legal representation, particularly against a law firm with two barred attorneys representing defendants from a county sheriff's office, who have previously represented the same clients in this same venue, so they have no excuse to fail to uphold the rules as they are. *See* Roberts v. NYE Cnty. Sheriff's Office, 2:22-cv-00398-RFB-EJY.

### V. Notice of Similar Claims Amongst Pending Cases

A. Also, it is imperative to note that one of the defendants, Captain David E. Boruchowitz, a former deputy Sheriff with the Nye County Sheriff's Office, appeared in federal court in August of 2023, following his arrest on federal wire fraud, perjury and civil rights

violations, arising from the February 2019 false arrest of the former CEO of Valley Electric Association (VEA), a Pahrump-based utility cooperative.

B. United States Magistrate Judge Brenda Weksler, the same Judge this civil rights violation case was assigned, arraigned Boruchowitz on the criminal charges contained in a federal indictment. According to the indictment, Boruchowitz falsely arrested the former CEO without probable cause on charges that she embezzled services from VEA. The indictment further alleges that the false arrest was part of a larger scheme to defraud the former CEO of her job by falsely alleging in various court documents that the CEO embezzled services from the VEA. According to the indictment, Boruchowitz made false statements and omitted material facts in order to obtain the court documents under false pretenses as part of a broader plan to get the CEO fired from her job at VEA. The indictment alleges that Boruchowitz committed federal wire fraud when he caused press releases to be issued from the Nye County Sheriff's Office that falsely alleged that the investigation and arrest of the CEO was the result of court authorized process when, in truth and in fact, he obtained the process under false and fraudulent pretenses and without probable cause.

C. The indictment follows a lawsuit filed by Evans three years ago, which recently reached a $400,000 settlement funded by the state's insurance. The lawsuit alleged that Boruchowitz caused Evans "indescribable mental anguish and emotional pain," loss of income, and economic harm. Evans lost her job at the utility company five months after her arrest. Boruchowitz is further accused of wire fraud for falsely stating that Evans' arrest was part of a court-authorized process. The U.S. attorney's office alleges that Evans' arrest was part of a larger scheme, amounting to conspiracy, to make her lose her job by accusing her of embezzlement.

D. Boruchowitz was arrested in August following the federal indictment but was released later that day after pleading not guilty. He is currently prohibited from possessing a firearm or working as an active-duty police officer. Evans plans to testify against Boruchowitz in the criminal case.

E. Boruchowitz has a prior history of investigations by state officials and the FBI for questionable actions. In 2013, he was found using videos of adult Nye County residents having sex to hold "pornography matinees" at work. In 2015, the FBI found that Boruchowitz was having an "inappropriate relationship" with a probationer. Despite these findings, he received only light discipline from Nye County Sheriff Sharon Wehrly, who passed away last year.

**F. The trial in Boruchowitz's criminal case is scheduled for June. Thus, so far the only person who has made a mockery of themselves, their sworn oath and position, and the American justice system, is Defendant Boruchowitz, who has his indictment information now permanently published to the Department of Justice website. (Emphasis Added)**

### VI. Good Faith by Plaintiff Shown in Litigation

A. Plaintiff Dr. Saxena, within this complaint, and through the preview of the amended complaint which alleges that Boruchowitz committed similar civil rights violations in failure to enforce an extended protection order restraining Kenneth B. Scheeler, and then retaliated against Dr. Saxena through an unlawful trespass, harassment, search of his records, person and property, amongst suborning many other civil rights, and victim rights violations by deputies who have

falsified public records, and more, essentially raises the same type of civil and criminal complaints that Boruchowitz has either settled, or has pending, in the same venue, during the same timelines in Pahrump, NV.

B. The amended complaint is almost finished, and can be turned in as a preview, yet the defendants' counsel refuses to communicate in a professional manner, or reply to the plaintiff. Due to their addition as defendant's in the lawsuit and the retaliation to prevent the amended complaint filing, perhaps the plaintiff can file what is complete now to show that he has been working in good faith, and then add a more definitive statement.

### VII. Conclusion

A. As such, the court should exercise its discretion to deny Defendants' motion for sanctions and dismissal, and instead provide Plaintiff with further guidance on how to comply with the court's rules and procedures, or assign an attorney due to the plaintiff's known 100% permanent and total service-connected disabilities.

### VIII. Request

A. Defendants' motion should be denied based on their failure to comply with the requirement to confer, the scandalous and false nature of their pleadings, and the lack of grounds for imposing sanctions or dismissal.

B. Instead, the court should continue to exercise patience and leniency with Plaintiff, a 100% permanent and totally service-disabled pro se litigant, who is bringing similar claims as a victim against a defendant who is currently indicted in this venue, and provide the plaintiff with the necessary guidance to navigate the complexities of the legal system.

Very Respectfully Requested,

/s/ Dr. Grant M. Saxena, Ph.D.

Dr. Grant M. Saxena, PhD.
01/17/2024