UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GRANT SAXENA,<br><br>       Plaintiff,<br><br>    v.<br><br>JEZRAEL MARTINEZ-HERNANDEZ, *et al.*,<br><br>       Defendants. | Case No. 2:22-cv-02126-CDS-BNW<br><br>**ORDER** |

Before the Court are Defendants' motions to (1) strike the discovery plan and scheduling order at ECF No. 52 and (2) for sanctions under Fed. R. Civ. P 37(f). ECF No. 55. Plaintiff opposed. ECF No. 56. No reply is necessary.

**I.     Procedural history**

Grant Saxena ("Plaintiff") alleges that, on December 22, 2020, officers of the Nye County Sheriff's Office negligently investigated a criminal case involving a third party who was trespassing, dumping garbage, stalking, and/or harassing Plaintiff at his real property. ECF No. 1-1. Specifically, Plaintiff alleges Defendants failed to file a timely and accurate report on the incident; they did not arrest, cite, or charge the third party with a crime or issue a "mandatory criminal protection order" against him; and they did not explain Plaintiff's rights to him as a victim or witness or otherwise help him "understand how the criminal justice system works." *Id*. As a result, on December 22, 2022, he filed a complaint asserting state-based claims for deprivation of "victim's rights" pursuant to NRS 178 and/or the Nevada Constitution, negligence, and/or intentional infliction of emotional distress.

On August 14, 2023, the Court granted Plaintiff's request to extend the time to file a joint discovery plan and scheduling order to September 14, 2023. ECF No. 30. In addition, on that same day, the Court ordered Plaintiff to "communicate with defense counsel within one week of this Order and provide a phone number and email address at which he can be reached." *Id*. The need for the latter part of that order was due to Defendants' representations that they had been

attempting to communicate with Plaintiff regarding the need for a Rule 26(f) conference but (1) the phone number which appeared on the docket was not Plaintiff's, (2) Plaintiff objected to the use of the email that appeared on the docket stating it was "an old law school email address in the UK which cannot accept the data" and (3) when Defendants attempted to communicate with Plaintiff at a different email address regarding the scheduling of the Rule 26(f) conference Plaintiff responded with threats against defense counsel and stated he would block further correspondence from defense counsel. ECF No. 29.

On September 14, 2023, no joint discovery plan and scheduling order had been filed. As a result, the Court issued an order directing the parties to file one by October 2, 2023.

On October 2, 2023, an ostensible joint proposed discovery plan and scheduling order was filed. ECF No. 37. The filing included an attestation that the parties had conducted a Rule 26(f) conference and discussed matters pertaining to the case. *Id*. The filing also included a purported e-signature from counsel for the defense. *Id*. On October 4, the Court granted the joint proposed discovery plan and scheduling order. ECF No. 40.

Two days later, Defendants filed an emergency motion seeking to strike that "joint stipulated discovery plan and scheduling order" stating Plaintiff lied to the Court by stating the parties had conducted a Rule 26(f) conference (or discussed matters pertaining to the case) and that Plaintiff forged an e-signature for defense counsel in that filing at ECF No. 37. Plaintiff failed to file a timely response.

After considering the exhibits attached to the motion, and the declaration of Michael Edwards, the Court entered findings that (1) that Plaintiff falsely asserted a Rule 26(f) conference had been conducted, and (2) that Mr. Edwards had not authorized placement of his signature on the filing in question. ECF No. 44. As a result, the Court granted the motion to strike ECF No. 37 (the ostensible joint stipulated discovery plan and scheduling order). *Id*.

In addition, the Court ordered Plaintiff to show cause why the Court should not recommend sanctions, up to and including the dismissal of his complaint, for his fraudulent representations to the Court (under the Court's inherent authority) and pay reasonable expenses, including attorney's fees, (under Rule 37(f)) for his failure to participate in good faith in

developing and submitting a discovery plan. *Id*. On November 15, 2023, the Court issued a follow-up order stating that Plaintiff had failed to respond to the Order to Show Cause and gave him until November 22, 2023, to do so. ECF No. 45.

Ultimately, on November 19, 2023, Plaintiff asked for a stay of the Order to Show Cause at ECF No. 44 stating he had filed an appeal. ECF No. 46. An email was attached as an exhibit. ECF No. 46-1.[1]

In turn, the Court (graciously) construed the request for a stay as a response to the order to show cause and on December 12, 2023, issued an order and imposed no sanctions. ECF No. 50. Nevertheless, the Court admonished Plaintiff that, in the future, "he must fully comply with Federal Rule of Civil Procedure 26, and the other rules governing discovery, particularly LR IA 1-3 (f) governing the requirement to meet-and-confer." *Id*. The Court also made clear it would "sanction Plaintiff for future failures to meet-and-confer or otherwise fail to abide by the Local Rules of the Court and the Federal Rules of Civil Procedure." *Id*. Lastly, the Court ordered the parties to "meet and confer within 7 days of this order and jointly submit to the Court a Proposed Discovery Plan and Scheduling Order that complies with LR 26-1 within fourteen (14) days of the entry of this order." *Id*.

On December 27, 2023, Plaintiff filed another proposed joint discovery plan and scheduling order. ECF No. 51.

Two days later, Defendants filed another motion to strike the proposed joint discovery plan and scheduling order and also filed a motion to sanction Plaintiff. ECF No. 52, 55.

///
///
///

---

[1] As explained in the Court's Order at ECF No. 50, the email to the Clerk of Court attached to his motion (at ECF No. 46-1) demonstrating he had filed an appeal did not contain an email address for the intended recipient. Instead, the "To" section of the email was directed to "LV Public Docketing" with no accompanying email address. In similar fashion, the "From" section of the email stated it was from "Grant Saxena25" with no accompanying email address. Further, the email did not include any attachments. The Clerk of the Court represented it did not receive an email from Plaintiff contemporaneously with the date and time that Plaintiff alleges it was sent.

## II. Motion to strike discovery plan and scheduling order

Defendants represent Plaintiff continues to refuse to conduct a Rule 26(f) conference and that the discovery plan and scheduling order filed at ECF No. 51 was filed without Defendants' knowledge or consent. ECF No. 52-2.

In his response, Plaintiff generally states he has made several attempts to confer with Defendants but does not dispute the notion that the discovery plan and scheduling order filed at ECF No. 51 was filed without Defendants' knowledge or consent. ECF No. 55. As a result, the proposed discovery plan and scheduling order filed at ECF No. 51 will be stricken.

## III. Motion for sanctions under Rule 37(f)

Rule 37(f) provides,

If a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may, after giving an opportunity to be heard, require that party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure.

Fed. R. Civ. P. 37(f).[2]

At the outset, the court notes that, to the extent there was a duty to meet and confer prior to filing the instant motion, the procedural history of this case makes clear any effort to meet and confer would have been futile. As a result, the Court dispenses with any such requirement. LR IA 1-4.

Defendants represent Plaintiff continues to refuse to conduct a Fed. R. Civ. P. 26(f) conference and that Plaintiff has (once again) blatantly lied to the Court about having attempted to do so. Specifically, Defendants assert they emailed Plaintiff on December 14, 2023, to meet and confer and prepare the joint proposed discovery plan and scheduling order. ECF No. 52 Defendants further assert that—contrary to Plaintiff's representations—they never received any response or communication to that email.

---

[2] While Defendants seek the dismissal of this action as a sanction under Fed. R. Civ. P. 37(f), no such authority exists under that rule.

In contrast, Plaintiff states he has "made several attempts to confer with Defendants' counsel for the DPSO meeting, as evidenced by phone records, and voicemail left at the firm's Las Vegas and national offices." ECF No. 55.

While Defendants have attached actual proof of an email sent on December 14, 2023, attempting to meet and confer, Plaintiff has attached no proof of any evidence of such attempts (such as the emails he previously represented having sent to Defendants on 12/18/2023, 12/19/2023, and 12/26/2023). In addition, Defendants represent they still have no way of calling Plaintiff because he refuses to provide a number at which he can be reached. ECF No. 55. Thus, the record before the Court tilts in favor of a finding that Plaintiff has not made any such attempts, in violation of this Court's order.

As a result, the Court will issue an Order to Show Cause why Plaintiff should not be sanctioned under Rule 37(f) and be ordered to pay the reasonable expenses, including attorney's fees, caused by his failure to participate in good faith in the development of a discovery plan as required by Rule 26(f). The response to the order to show cause is due January 31, 2024. Plaintiff's proposed "stipulated discovery plan and scheduling order" represents (1) "Defendants intentionally failed to attend the conference, and also did not reply to any repeated correspondence with the plaintiff regarding the DPSO conferral conference or the DSPO filing before the Court ordered deadline" and (2) "Dr. Saxena contacted the law firm on 12/18/2023 via email, 12/19/2023 via email, 12/19/2023 via phone call, and again on 12/26/2023 via email with the proposed DPSO." ECF No. 51. In the response to the instant motion Plaintiff represents he attempted to call Defendants several times. Thus, the response to the Order to Show Cause must (1) explain the basis for asserting Defendants intentionally failed to attend the conference given it does not appear there was ever a date and time set for such conference, (2) provide proof from his "sent email" box of the emails sent to Defendants on 12/18/23, 12/19/23, and 12/26/23[3] and (3) provide proof of the calls[4] Plaintiff represented he made to Defendants in his filings at ECF No.

---

[3] The Court wants to see the emails containing the email address to which such emails were sent as well as the date and time they were sent.

[4] This can be done by obtaining the information from Plaintiff's phone provider.

51 and 56. Failure to provide a response meeting the Court's specifications may result in an order to pay reasonable expenses and attorney fees under Rule 37(f).

### IV.  Order to show cause why case should not be dismissed

Federal Rule of Civil Procedure 41(b) authorizes a court to dismiss an action or claim "[i]f the plaintiff fails to prosecute or to comply with ... a court order." Fed. R. Civ. P. 41(b).  In addition, Rule 16(f) authorizes a court, upon motion or *sua sponte*, to dismiss all or part of an action "for a party's failure to obey a...pretrial order." See Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b)(2)(A)(v). Lastly, courts have the power to *sua sponte* impose sanctions under Fed. R. Civ. P. 37(b)(2)(A)(v) for a party's failure to obey, among other orders, an order under Rule 26(f). *Dreith v. Nu Image*, Inc., 648 F.3d 779 (9th Cir. 2011).

As stated above, on December 12, 2023, the Court admonished Plaintiff he had to fully comply with Federal Rule of Civil Procedure 26 and the other rules governing discovery, particularly LR IA 1-3 (f) governing the requirement to meet-and-confer. ECF No. 50. The Court also made clear it would "sanction Plaintiff for future failures to meet-and-confer or otherwise fail to abide by the Local Rules of the Court and the Federal Rules of Civil Procedure." *Id*. Lastly, the Court ordered the parties to "meet and confer within 7 days of this order and jointly submit to the Court a Proposed Discovery Plan and Scheduling Order that complies with LR 26-1 within fourteen (14) days of the entry of this order. *Id.*

Plaintiff has not complied with the Court's December 12, 2023, order to comply with Rule 26 as he has not participated in a Rule 26(f) conference. The evidence before the Court makes clear Defendants have attempted to have a Rule 26(f) conference with Plaintiff, but to no avail. *See* ECF Nos. 29, 39 and 39-1 through 39-6. There is no evidence before the Court, beyond Plaintiff generally stating he has called Defendants several times, that Plaintiff has attempted to comply with Rule 26(f).

Plaintiff has not complied with the Court's December 12, 2023, Order to meet and confer within 7 days of December 12, 2023. The docket makes clear Defendants have attempted to meet and confer with Plaintiff, but to no avail. *See* ECF Nos. 29, 39 and 39-1 through 39-6. There is no

evidence before the Court, beyond Plaintiff generally stating he has called Defendants several times, that Plaintiff has attempted to meet and confer with Defendants.

Lastly, Plaintiff did not comply with this Court's August 14, 2023, order to provide a *phone number at which he can be reached.* Defendants represent (and Plaintiff does not contest) they called Plaintiff at the phone number he provided (303- 941-8771) and left a voicemail. ECF No. 39-6. Defendants further represent that, less than 2 minutes later, a man called from another number (303-763-8792) demanding to know why they wished to speak to Plaintiff. *Id*. Further, Defendants represent the caller ID revealed the caller as "Jay Saxena," but the man denied being or knowing Jay Saxena and instead stated he was a "1099 person," working as a "phone assistant" who rents out his services to monitor various phone lines on behalf of third parties and eventually hung up the phone. *Id*.

The Court notes this case was filed in December 2022. It is now January 2024, and a Rule 26(f) conference has yet to take place despite Defendants best efforts to do so, which includes multiple attempts to contact Plaintiff at different phone numbers and email addresses. [5]

Plaintiff is to show cause by January 31, 2024, why this case should not be dismissed under Rule 16(f), 37(b)(2)(A)(v), and or 41(b) for his failure to obey the orders listed above. Any such response to the order to show cause must include (a) proof of the calls[6] Plaintiff represented he made to Defendants (as represented to the Court in his response at ECF No. 55), (b) proof from his "sent email" box of the emails he sent to Defendants on 12/18/23, 12/19/23, and 12/26/23[7] (as represented to the Court in his proposed discovery plan and scheduling order at ECF No. 51) in response to Defendants' December 14, 2023 email, (c) an explanation as to whether phone number 303-763-8792 is his and, if not, what his phone number is, and (4) any information he may have about who called Defendants from phone number 303-763-8792.

///

---

[5] ECF Nos. 39-6, and 55-2.

[6] This can be done by obtaining the information from Plaintiff's phone provider.

[7] The Court wants to see the emails containing the email address to which such emails were sent as well as the date and time they were sent.

### V.     Conclusion

**IT IS THEREFORE ORDERED** that Defendants' motion to strike at ECF No. 52 is **GRANTED**. The Clerk of Court is directed to strike the document at ECF No. 51.

**IT IS FURTHER ORDERED** that Defendants' motion for sanctions under Rule 37(f) at ECF No. 55 is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that Plaintiff must show cause by January 31, 2024, consistent with the body of this order, why he should not pay the reasonable expenses, including attorney's fees, caused by his failure to participate in good faith in the development of a discovery plan as required by Rule 26(f).

**IT IS FURTHER ORDERED** that Plaintiff must show cause by January 31, 2024, consistent with the body of this order, why this case should not be dismissed under Rules 16(f), 37(b)(2)(A)(v), and/or 41(b).

DATED: January 19, 2024.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE