UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Grant Saxena,

   Plaintiff

 v.

Martinez-Rodriguez, et al.,

   Defendants

Case No. 2:22-cv-02126-CDS-BNW

**Order Overruling Objection to Magistrate Judge's Order and Denying Motion to Extend Time**

[ECF Nos. 63, 64]

   Plaintiff Grant Saxena objects to Magistrate Judge Brenda Weksler's order denying his "emergency" motion to stay discovery. ECF No. 63. Judge Weksler denied his motion (ECF No. 61) because discovery has yet not commenced given that the parties have yet to participate in a Rule 26(f) conference, which has precluded the court from adopting a discovery plan and scheduling order. *See* Min. Order, ECF No. 62. On February 8, 2024, Saxena filed an "objection and appeal" of that order, arguing that Judge Weksler's decision was erroneous in both fact and law. *See generally*, ECF No. 63. While this court was reviewing Saxena's objection, he filed another motion—one to extend time to respond to Judge Weksler's show cause order. ECF No. 64. For judicial efficiency, I resolve both Saxena's objections and motion herein. Further, having reviewed and considered his objection and motion, I have determined that I can resolve both without a hearing and without requiring a response from defendants. For the reasons set forth herein, I overrule Saxena's objections and adopt the order in full. I also deny Saxena's motion to extend time.

I.      Legal Standard

      A.      **Pre-trial motions decided by United States Magistrate Judges**

A motion to stay is a non-dispositive pre-trial motion. Magistrate judges are authorized to resolve non-dispositive pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3–1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1–3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. Cnty. of Kern*, 767 F. Supp. 2d 1069, 1110–11 (E.D. Cal. 2011) (citing *DeFazio v. Wallis*, 459 F.Supp.2d 159, 163 (E.D.N.Y. 2006)). Further, a magistrate judge's pretrial order issued pursuant to 28 U.S.C. § 636(b)(1)(A) is not subject to de novo review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

      B.      **Motions to Extend Time**

Local Rule IA 6-1 permits parties to file motions or stipulations to extend time. *See* LR IA 6-1(a). That rule provides that a motion to extend time "must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted." *Id.*

II.     Discussion

      A.      **Saxena's objection regarding his motion to stay is overruled.**

Saxena filed an "emergency" motion to stay discovery based on defendants' failure to file an answer, the pending motion to dismiss "based on unverified and false information[,]" his

2

pending second motion to amend the complaint, and "the pending defendant's answer to the federal lawsuit." ECF No. 61 at 1. Before addressing Saxena's objection, the court first notes that "[e]mergency motions should be rare." *See* Local Rule (LR) 7-4(b). Saxena's motion fails to comply with Local Rule 7-4, which requires emergency motions to "be accompanied by a declaration setting forth . . . . [t]he nature of the emergency" and "certifying that, after participation in the meet-and-confer process to resolve the dispute, the movant has been unable to resolve the matter without court action." LR 7-4(a)(1), (3). Under this district's local rules, "[t]he court may determine whether any matter submitted as an 'emergency' is, in fact, an emergency." LR 7-4(c). Not only did Saxena's motion not comply with the local rules, it also does not constitute an emergency. Saxena is reminded that his pro se status does not mean that he can disregard the rules of the court. In fact, all litigants, including those appearing pro se, must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court of Nevada. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (pro se parties must still comply with rules and case law); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (stating that "pro se litigants are not excused from following court rules").

Saxena fails to demonstrate that Judge Weksler's decision was either contrary to the law or clearly erroneous, so I overrule his objections to the denial of his motion to stay. Instead, he makes unfounded claims of bias. The decision of whether to stay discovery is entrusted to the "wide discretion" of the district court. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Judge Weksler neither abused nor misapplied her discretion in denying the stay. Rather, she has patiently attempted to inform Saxena that he must follow the orders of the court. Instead of being motivated to resolve this case on the merits,[1] or importantly, to allow this court to resolve critical determinations—like jurisdiction—Saxena refuses to comply, timely or otherwise, with Judge Weksler's orders,[2] including show-cause orders. There is simply no point in opening

---

[1] As noted by Judge Weksler, "this case was filed in December 2022. It is now [February] 2024, and a Rule 26(f) conference has yet to take place despite Defendants['] best efforts to do so, which includes multiple attempts to contact Plaintiff at different phone numbers and email addresses." ECF No. 58 at 7 (updated to reflect February instead of January).

[2] *See* Order, ECF No. 58 at 6–8 (discussing Saxena's other failures to comply with orders of the court).

discovery when it remains unclear if this court even has jurisdiction over this matter, in addition to other issues.

### B. Saxena's motion to extend time is denied.

Judge Weksler has issued two show-cause orders in this case. First, on October 27, 2023, she issued an order to show cause why the court should not recommend that Saxena's complaint be dismissed and why he should not pay reasonable expenses including defendants' attorneys' fees for failing to participate in good faith in developing and submitting a discovery plan. ECF No. 44 (hereinafter "First Show-Cause Order"). Saxena failed to timely respond. ECF No. 45. He was given another chance to do so. *See id.* (extending the time to respond to the First Show-Cause order by seven days to November 22, 2023). Saxena then responded on November 19, 2023. ECF No. 46. Judge Weksler discharged the show-cause order, declined to issue sanctions at that time, and ordered the parties to meet and confer within seven days, and thereafter submit a Proposed Discovery Plan within 14 days. ECF No. 50. Again, Saxena failed to comply with that order. Instead, as alleged by defendants (ECF No. 52), Saxena submitted a fraudulent discovery plan and scheduling order (*see* ECF No. 51), which was subsequently stricken by Judge Weksler (ECF No. 58).

Despite his repeat history of failing to comply with court orders, Judge Weksler nonetheless gave Saxena yet another chance to explain himself and issued another order to show cause. *See id.* (hereinafter the "Second Show-Cause Order"). The Second Show-Cause Order ordered Saxena to explain "why [he] should not be sanctioned under Rule 37(f) and be ordered to pay the reasonable expenses, including attorney's fees, caused by his failure to participate in good faith in the development of a discovery plan as required by Rule 26(f)." *Id.* at 5. In his response to the Second Show-Cause Order, Saxena was ordered to include:

> "(a) proof of the calls[] Plaintiff represented he made to Defendants (as represented to the Court in his response at ECF No. 55), (b) proof from his "sent email" box of the emails he sent to Defendants on 12/18/23, 12/19/23, and 12/26/23[] (as represented to the Court in his proposed discovery plan and scheduling order at ECF No. 51) in response to Defendants' December 14, 2023 email, (c) an explanation as to whether phone number 303-763-8792 is his and, if not, what his phone number is, and (4) any information he may have about who called Defendants from phone number 303-763-8792."

*Id.* at 7.

The response to the Second Show-Cause Order was due on January 31, 2024. *Id.* Instead of timely responding, or providing any sort of substantive response, Saxena filed a motion to stay, which included what was liberally construed as a motion to extend time to respond. *See generally* ECF No. 59. Therein, he represented that he needed additional time to gather the phone records that he was ordered to produce. *See id.* at 3. Judge Weksler granted in part and denied in part his motion. ECF No. 60. Therein, she extended Saxena's time to provide the phone records to February 14, 2024. *Id.* at 1.

Now Saxena seeks to extend the time to respond to the Second Show-Cause Order, averring that extension is necessary because there are pending motions and objections before the court. *See generally* ECF No. 64. While Saxena proffers a basis to extend time,[3] that basis is wholly unrelated to the substance of the Second Show-Cause Order. He provides no good cause, or any other valid reason to seek an extension to respond to the motion to show cause. Accordingly, his motion to extend time is denied. Saxena must fully comply with Judge Weksler's show-cause order and related extension (ECF Nos. 58, 60). This includes providing the phone records as ordered by tomorrow, February 14, 2024.

---

[3] While this court does not deny his motion on this ground, the court notes that Saxena again fails to comply with the local rules, which require that a motion to extend "inform the court of all previous extensions of the subject deadline the court granted." LR IA 6-1(a).

### III. Conclusion

IT IS HEREBY ORDERED that Saxena's objection to the order denying his motion to stay **[ECF No. 63] is OVERRULED**. The order denying Saxena's motion to stay [ECF No. 62] is fully adopted.

IT IS FURTHER ORDERED that Saxena's motion to extend time **[ECF No. 64] is DENIED.**

IT IS FURTHER ORDERED that Saxena must fully comply with Judge Weksler's Second Show-Cause Order (ECF No. 58) and subsequent order (ECF No. 60).

Saxena is cautioned that failure to comply will result in sanctions, which may include dismissal of this action.

DATED: February 13, 2024

_____
Cristina D. Silva
United States District Judge