IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Dr. Grant M. Saxena, Ph.D.<br>Plaintiff,<br><br>vs.<br><br>Martinez-Hernandez, et., al,<br>  Defendants. | Civil Action No.: 2:21-cv-02126-CDS-BMW<br>Lloyd D George Courthouse<br>333 S Las Vegas Blvd, Las Vegas, NV 89101<br><br>2/14/2024<br><br>**Amended Answer to**<br>**Second Order to Show Cause**<br>**Request to Extend Time**<br>**Hearing Requested** |

**AMENDED ANSWER TO SHOW CAUSE WHY SANCTIONS SHOULD BE DENIED**
**&**
**REQUEST TO EXTEND TIME TO ANSWER SECOND ORDER TO SHOW CAUSE**

**HEARING REQUESTED**

**COMES NOW, Dr. Saxena, Ph.D. a 100% permanent and totally service-disabled Veteran, appearing as a pro se Plaintiff claiming violations of state and federal civil liberties by Nye County, Nevada employees J. Martinez-Hernandez, Jason J. Heaney, David Boruchowitz, Nye County Sheriff Office, and more county employees to be revealed, and respectfully submits his Answer to the Second Order to Show Cause Why Sanctions of Case Dismissal and Attorney Fees Should Be Denied.[1]**

---

[1] Pro se pleadings are to be liberally construed. See Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004), citing Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Herron v. Harrison, 203 F.3d 410, 414 (6th Cir. 2000) (pro se pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

# MEMORANDUM OF POINTS AND AUTHORITY

1. The plaintiff denies every part of the second motion for sanctions, and demands strict proof of the allegations therein. The district court still has not adjudicated the objection and appeal of the first answer to the order to show cause for sanctions filed by the plaintiff in November of 2023, which the plaintiff denied every part of and demanded strict proof of the allegations.

   I. This pleading was received by the clerk through email, not filed, and then the clerk lied to the court about receiving the document in order to protect their career and clerkship at the expense of the plaintiff. Proof has been shown of this clerical lie, through plaintiff filing proof that the email address of LV Docketing did receive the pleading, and even replied to Dr. Saxena, in a subsequent reply email from the same thread where Dr. Saxena emailed asking why the clerk had failed to file the objection and appeal and fabricated a non-receipt to the court.

   A. The district court's failure to adjudicate the objection and appeal of the first answer to the order to show cause filed by the plaintiff in November 2023, based on the clear error of fact and law revealed by providing evidence that Dr. Saxena did not "forge" Edwards e-signature, while proving Bedker sent the document to the plaintiff signed, is a clear violation of due process. The clerk's dishonesty further exacerbates this issue, undermining the integrity of the court process.[2]

2. The district court has not adjudicated the objection and appeal of the magistrate's denial of plaintiff's motion to stay the second order to show cause.[3]

   A. The district court's failure to adjudicate the objection and appeal of the magistrate's denial of plaintiff's motion to stay the second order to show cause makes the second order to show cause premature and potentially moot.[4]

3. Plaintiff objects, and gives contemporaneous notice that he will soon file a motion for reconsideration of the overruling of the objection and appeal of magistrate's denial of plaintiff's emergency motion to stay discovery, based the district court judge clearly agreeing with and

---

[2] Mathews v. Eldridge, 424 U.S. 319, 333 (1976), due process requires that a person be given an opportunity to present his case and object to the proceedings.
[3] Doc ID [63] OBJECTION/APPEAL Magistrate Judge order or ruling under LR IB 3-1 re [62]
[4] Church of Scientology v. United States, 506 U.S. 9, 12 (1992), a case is moot if the court's decision can no longer affect the rights of the litigants.

sustaining the plaintiff's objection and appeal in Doc ID [66] on page 3, line 24, and page 4, lines 1-2, where the district judge states: "There is simply no point in opening discovery when it remains unclear if this court even has jurisdiction over this matter, in addition to other issues."

I. In Tradebay, LLC v. eBay, Inc., 278 F.R.D. 597 (D. Nev. 2011), the court undertook a detailed and thorough review of the state of the law as pertains to staying discovery. The court determined that, in light of the directive in Rule 1 to construe the Federal Rules of Civil Procedure in a manner to "secure the just, speedy, and inexpensive determination of every action," the preferred approach remains as was previously set forth in Twin City Fire Insurance v. Employers of Wausau, 124 F.R.D. 652 (D. Nev. 1989) and Turner Broadcasting System, Inc. v. Tracinda Corp., 175 F.R.D. 554 (D. Nev. 1997). Generally, a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery" **unless jurisdiction, venue, or immunity are preliminary issues. (Emphasis Added).[5]**

II. The motion for reconsideration will be brought on grounds relevant here, that the decision to deny staying discovery was made through an error of fact and law of then district court claiming the magistrate had unbridled discretion to deny the emergency motion, which the magistrate denied on absurd and erroneous grounds, against case law and principles of judicial economy, that were input through bareboned comments in the docket, devoid of any due process of the filing by the magistrate of a full response with any case law. What is confusing is that the court ruled despite the magistrate themselves having previously stated that discovery would not go forward with a motion to stay discovery filed.

III. Once the same motion for staying discovery filed, which the court ordered would terminate the DPSO process, the court recanted on her own order by contradicting that the motion to stay cannot be granted until discovery starts, there is completion of a 26F conference, and adoption of a DPSO. There is no basis for any order to show cause for sanctions, when the defendant's motion to dismiss is based on lack of diversity, which they requested to be resolved before discovery commences, remains upon the court.

A. Dr. Saxena gives notice that he will file an appeal to the appeal's circuit, within 30 days of the denial of the motion for reconsideration, if the court does not grant the motion for reconsideration of the emergency motion to stay discovery, based on errors of fact, law, and bias exhibited by the district judge, magistrate, clerk, and suborning violations of federal and local rules by the defendants within the court, amounting to perjury of the

---

[5] Turner Broadcasting, 175 F.R.D. at 554, 555-6 (quoting Twin City, 124 F.R.D. at 652).

    defendant's attorney Edwards proven through his receipt of emails and swearing of non-receipt, and inclusion of his e-signature by Bedker in the DPSO under allegations of forgery by plaintiff.

  B. The plaintiff's intention to file a motion for reconsideration and to appeal to the appeal's circuit if necessary, demonstrates the plaintiff's commitment to pursuing justice and addressing the errors of fact, law, and bias exhibited by the district judge, magistrate, clerk, and attorneys, and further demonstrates why the defendant's second emergency motion for sanctions is scandalous at best.

4. Dr. Saxena already partially answered the order to show cause on the day it was due last week, providing material evidence of perjury by Edwards when he stated in his declaration that he did not receive nine (9) emails at FMG Law in December of 2023, and that they were not sent.

  A. However once again in bias, despite the pleading being clearly labeled as an ANSWER and REQUEST TO EXTEND TIME the clerk mislabeled the filing of the Answer and Request to a "Motion." The district judge then ruled on the motion to extend time under errors of law and facts, because this is not the type of pleading which was filed, so her application of case law, local rules, and her bias interpretations of those subjects against the plaintiff's motion, that is an initial answer to the second order to show cause with a request to extend time to answer pending 3 objections and appeals, 2 of which remain upon the court, does not hold water.

  B. The clerk's mislabeling of the plaintiff's ANSWER TO SECOND ORDER TO SHOW CAUSE and REQUEST TO EXTEND TIME as a "Doc ID [64] **MOTION to Extend Time (Second Request) to Show Cause re [58] Order by Plaintiff Grant Saxena. Responses due by 2/23/2024. (JQC) (referral),** and the district judge's subsequent ruling under errors of law and facts contravenes the plaintiff's right to a fair trial. The Supreme Court in Haines v. Kerner, 404 U.S. 519 (1972), held that pro se pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers.

  C. In this case, the pro se plaintiff has been held to abusive standards of cycling through the DPSO and Sanction process twice, while the same magistrate suborning the abuse of process ignores the first violation of federal rules of civil procedure by the defendants and attorneys who absconded waiving service for six (6) months at the outset of the lawsuit, requiring the filing of at least 3 motions to extend time to serve, to abuse the case process through delay of litigation.

5. Despite the malicious record created by the defendant attorneys who have falsified information to the court that Dr. Saxena did not participate in the first 26F conference when Edwards failed to engage with the mediator, then later that Dr. Saxena forged an e-signature of Edwards on the first DPSO, which was adopted by the magistrate without any evidence, using only the conclusory affidavit from the federally barred attorney who had started his abuse of the the case through absconding filing waivers of service of summons for six (6) months as aforementioned, and in contradiction to the documents filed which clearly show the signature was on the first proposed DPSO when Bedker sent it to Dr. Saxena, the court has suborned this perjury. Declarations from the third-parties, who received Mr. Edwards phone call, and attempted to set up a 26F conference mediation, are included.

A. Dr. Saxena could not have forged a signature, when the first DPSO document was sent to him with Edwards e-signature pre-written. Therefore, Dr. Saxena did nothing wrong, and the basis of admonishment in the first abusive DPSO cycle is invalid.

B. B. It is also irrelevant to argue, or conclude, that Edwards didn't give permission to use his signature, when again, Bedker sent the document with Edwards signature included.

C. The court's acceptance of the defendant attorneys' unfounded allegations of perpetrating a fraud on the court through arguing diversity jurisdiction doesn't exist via an unauthorized investigation, scandalously accusing without evidence, forgery of an "e-signature" against the pro se plaintiff Dr. Saxena, is a grave miscarriage of justice. As established in United States v. Dunnigan, 507 U.S. 87, 94 (1993), a witness testifying under oath, or swearing through a declaration, commits perjury if she gives false testimony, or declarations, concerning a material matter with the willful intent to provide false testimony.

D. Court precedent in Guthrie v. Lady, 722 F.2d 1141, 1143 (5th Cir.1984) maintains that forgery allegations must be proven with firm evidence and cannot be based on different handwriting styles or bare accusations. Yet in this case, the magistrate accepted the baseless accusations without any evidence, and used her findings to admonish the pro se plaintiff. Therefore, this error shows that the second show cause order is abusive and should be denied, because there was no reason to admonish the plaintiff the first time.

6. Then for the second DPSO abuse, the defendant attorney again presented false information to the court that Dr. Saxena didn't confer with them, when nine (9) emails, and voicemail were left. Dr. Saxena has already shown this perjury by Edwards through submitting emails showing that the firm received the correspondence. Included are phone records to show the voicemail took place, as well as screenshots from the third parties "jamin.jam.jude@gmail.com" who received

the 3 conferral emails, which means that the emails were all sent at the time shown, and that Edwards, Bedker, and Moreno of FMG law all received the nine (9) total emails, and then lied to the court that Edwards had not received any email, and that Dr. Saxena didn't send any emails.

     A. The plaintiff has provided substantial evidence to refute the defendant attorneys' false claims that he did not confer with them on the second DPSO. *See Doc. ID [61]* **Attachments: # (1).** The court's refusal to consider this evidence contravenes the principle of fair hearing enshrined in Goldberg v. Kelly, 397 U.S. 254, 267-71 (1970). The court has yet to speak to one example of case law included in any of the plaintiff's filings, which clearly support his position.

7. The plaintiff's evidence that the defendant law firm received his emails refutes their claims of non-receipt and further demonstrates their dishonesty. *See* Exhibit A: Proof of December 2023 emails sent from Dr. Saxena's outbox, receipt by jamin.jam.jude@gmail.com. To further prove this point, Dr. Saxena offers proof, through hard evidence, that when emails are rejected from a host server, he receives an error message.

     A. In the specific case on the DPSO conferral emails sent on 12/18/232, 12/19/23 and 12/25/23, no rejection email error message from FMG Law's host server was received, which proves unequivocally that the firm received the emails, and Michael Edwards, partner at FMG Law blatantly lied to the court about not receiving them.

     B. Now a subpoena is filed, *See* DOC ID [65], with a hearing request for this answer to the motion for sanctions (where defendants also requested a hearing), so that the records of the law firm can be pulled to demonstrate they have perpetrated a fraud upon the court stating Dr. Saxena did not send the emails, that they were not received at FMG Law servers or email addresses of Edwards, Bedker, or Moreno, and that Dr. Saxena, Ph.D. did not confer.

8. The plaintiff has not failed to meet any requirements, and the vexatious, scandalous, duplicative, conclusory, and baseless allegations against him have been accepted by a magistrate who is a UNLV law school alumni of the attorney Bedker who is making the false accusations, and sent the DPSO with Edwards signature, without evidence, proving a clear violation of due process and bias. Dr. Saxena has not failed to meet any standards, not failed any orders, or failed to uphold local or federal rules, or provided any false information, or conducted any litigation in bad faith, in any way, shape, or form. The defendants have not provided any material evidence of their scandalously constructed story of unprovable accusations, like email or phone records.

     A. The continued intentional infliction of emotional distress by the defendants, furthered by their conspiracy with attorneys Edwards and Bedker, to file scandalous motions for sanctions with perjury, and resulting permanent damage to Dr. Saxena's front tooth from

the panic attack induced when the negligent clerk refused to provide a receipt of filing of the second answer to show cause (after falsifying to the court they didn't receive the objection and appeal of the first order to show cause filed in November of 2023), will also not be tolerated. This abuse and bullying of a pro se plaintiff, who is a 100% permanent and totally service-disabled Veteran is grounds for immediate sanctions on the defendants, as well as inclusion in this case as defendants, or filing of an additional lawsuit for the defendant's tort.

B. The attorney's lies have been taken at face value without evidence, while the clerk fails to file the plaintiff's objection and appeal to the first order to show cause, so all of the baseless allegations which were perjured by Edwards were adopted by a biased magistrate, through a violation of due process.

9. Dr. Saxena will file a motion for sanctions, which has been conferred with FMG law at the same email address and phone number they allege they did not receive DPSO communications at, to rectify the issues of the defendants. The plaintiff's intention to file a motion for sanctions against the defendants and their attorneys demonstrates his commitment to seeking justice and holding the defendants accountable for their actions.

10. The defendants' request for sanctions is premature and inappropriate given the court's failure to adjudicate or file two other appeals from the plaintiff. Thus, the attorneys have no basis to ask for sanctions based on a false admonishment, when the court has not adjudicated, or filed, two other appeals regarding the same, while simultaneously demanding the plaintiff answer a second order to show cause, which is another count of a violation of due process.

11. The Defendant's Motion for Sanctions is non-compliant with local rules and should be stricken. The requirement to confer prior to filing is not a mere formality, but a substantive prerequisite designed to promote resolution of disputes without court intervention, as established in Nevada Rule of Civil Procedure 7.1-1(a). See, e.g., Nev. R. Civ. P. 7.1-1(a) (requiring parties to "make reasonable efforts to confer" before filing most motions). The Defendants' failure to confer prior to filing their First and Second Motion for Sanctions is a clear violation of this rule.

   A. Similarly, the defendant's request to "emergency" motion twice (a motion which should be used in rare instances, yet has been used by attorney Edwards twice already) for sanctions for attorney fees, which is a guised attempt to make profit for the private firm the defendant's are not entitled to be represented by, particularly when Nye County employs a full time District Attorney through taxpayer monies who is more than equipped to deal with the case at this stage of litigation, does not constitute an actual emergency, and the court must not interpret the motion to suborn its frivolous nature.

B. The defendant's motion fails to comply with Local Rule 7-4, which requires emergency motions to "be accompanied by a declaration setting forth . . . . [t]he nature of the emergency for the sanctions of attorney fees, or case dismissal" and "certifying that, after participation in the meet-and-confer process to resolve the dispute, the movant has been unable to resolve the matter without court action." LR 7-4(a)(1), (3). Under this district's local rules, "[t]he court may determine whether any matter submitted as an 'emergency' is, in fact, an emergency." LR 7-4(c). Not only did the Defendant's motion not comply with the local rules, it also does not constitute an emergency, because requesting attorney fees is not an emergency situation, it is an attempt to make a profit for a private business.

12. The defendant's "emergency" motion for sanctions does not constitute an actual emergency under Local Rule 7-4. It is also not an "emergency for sanctions," it is another pleading masquerading as an attempt at a duplicative third or fourth motion for dismissal of the case under technicalities rather than hearing the federal 1983, and potential state claims, on their merits. All the while the defendants and court are abusing the DPSO process to obstruct the plaintiff's ability to perfect and file an amended complaint under 1983 federal jurisdiction to file for violations of civil liberties under color of law by numerous employees within the Nye County Sheriff government.

A. To give a preview of these federal right violations, such as to be free from unlawful search and seizure, I've previewed the claim before and herein that Bailiff Jaime Taylor detained, and searched Dr. Saxena without any reasonable suspicion, or probable cause, inside of the Pahrump Justice Courthouse, serving court papers of another person's name on Dr. Saxena as an excuse for his stalking, harassing, false imprisonment and civil rights violations, around the second week of May in 2021, as one of many more examples which will be put forth in the amended complaint.

B. The court has not allowed the plaintiff unobstructed time to amend the complaint, by forcing an abusive and wasteful DPSO process cycle twice, with continued pointless orders and deadlines, due the mootness of the pleadings thus far upon filing of the 1983 amended complaint, more absurdly when jurisdictional issues have been raised by the defendants. Yet, despite the malicious abuse of process against the 100% permanent and totally service-disabled Veteran, the amended complaint is almost perfected, and can be filed with leave within 30 days.

13. The Defendants' actions in this case constitute an abuse of process and unfairly prejudice the Plaintiff. **The Defendants' Motion for Sanctions is procedurally aggressive and is not in line with the spirit of the courts that an excessive focus on sanctions can become a "major**

**litigating tactic that deflects time, energy, and attention from the merits."[6] (Emphasis Added)**

A. Moreover, the Defendants' actions through the DPSO process in this case constitute an abuse of process. The Defendants, through Bedker submitted a DPSO to Dr. Saxena, which was already electronically signed by Edwards, only to later file one day after submission, a frivolous motion to strike their own document under the false pretense that Edwards did not authorize his signature. Then, a motion for sanctions was filed, that was never conferred.

B. This logic is absurd, the attorney submitted a document with their signature on it, failed to confer, and then stated that the signature was "forged" when the plaintiff signed the document with his name only, without any changes, noted the time of the failed 26F conference, and submitted the DPSO in order to comply with a judge's order. The clerk never filed the appeal and objection explaining this.

C. Dr. Saxena is accused of not replying to Edwards scandalous motion to strike his first DPSO, or the motion for sanction, and order to show cause, which is all false or abusive. The reply to the first DPSO is again moot, pending the federal claim, and also abusive, since Edwards, Bedker, and possibly Moreno will be added as defendants for their abuse of process to continue the violation of civil rights by Nye County's obstruction to bring the case to jury trial, and should either refrain from interacting with the plaintiff until he files his amended complaint, or do so through their attorneys.

D. Then the clerk doesn't file the plaintiff's objection and appeal of the order to show cause, to dispute this conclusory and perjured allegation by Edwards. This gamesmanship by the defendants, clerk, and court will not be tolerated. This prejudicial system enacted in policy at this court against pro se plaintiff, is not only a waste of the court's time and resources, but it also unfairly prejudices the Plaintiff.[7]

14. The Defendants' request for sanctions is also inappropriate given their status as county employees. As such, they are represented by the district attorney, who is paid with taxpayer

---

[6] As highlighted by the case of Navellier v. Sletten 262 F.3d 923, 948 (9th Cir. 2001)

[7] See, e.g., Young v. Johnny Ribeiro Building, 106 Nev. 88, 92, 787 P.2d 777, 779 (1990) (defining abuse of process as the use of legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, such as gaining private attorney fees or dismissing a case based on moot DPSO technicalities while strangling the ability to file an entitled amended complaint).

dollars. The Defendants are not entitled to private representation, and certainly not at the Plaintiff's expense.[8]

15. The Defendants' attempt to impose sanctions on a pro se plaintiff, a disabled veteran with no income or way to work, is an extreme measure that would not withstand appellate review. As the adage goes, one cannot bleed a turnip. See, e.g., Faretta v. California, 422 U.S. 806, 834 (1975) (recognizing the constitutional right of self-representation and cautioning against penalizing pro se litigants for their lack of legal expertise).

216. The Defendants' allegations of forgery are unfounded and do not provide a valid basis for sanctions. The record clearly shows that it was the Defendants' attorney Stephanie Bedker, not the Plaintiff, who placed the signature of Michael Edwards on the first DPSO document. The court cannot impose sanctions, through a faulty admonishment, based on such unfounded allegations.[9]

17. The Defendants' Motion for Sanctions is duplicative and moot. The Plaintiff intends to amend his complaint to include claims of abuse of process and stalking against the Defendants. The Plaintiff intends to amend his complaint to include claims of abuse of process and stalking against the Defendants, particularly Mr. Boruchowitz, and their attorneys. The Defendants' attempt to use the rules of procedure to prevent the Plaintiff from filing his amended complaint, and the issues derived from scheduling a moot DPSO conference, is not a valid basis for sanctions.[10]

18. The court's failure to address the issues of the attorneys' falsification of information and its denial of an emergency motion to stay discovery with errors of fact and law, demonstrate bias and a violation of due process. The court has failed to address the issues of the attorney's falsification of information by replying to any bullet points made by Dr. Saxena, or the case law he raises, in any of his pleadings, and is doubling down on their corruption through intentional denying of an emergency motion to stay discovery with errors of fact and law, and then the district court not speaking to any of the relevant points made in the objection and appeal, stating in a conclusory fashion "Saxena fails to demonstrate that Judge Weksler's decision was either contrary to the law or clearly erroneous, so I overrule his objections to the denial of his motion

---

[8] See, e.g., Nev. Rev. Stat. § 7.085 (providing that the district attorney shall represent county officers in their official capacity).

[9] See, e.g., Nev. R. Civ. P. 11(b) (requiring attorneys to certify that their pleadings are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law").

[10] See, e.g., Nev. R. Civ. P. 15(a) (providing that leave to amend should be freely given when justice so requires).

to stay. Instead, he makes unfounded claims of bias." And then agreeing with Dr. Saxena's entire argument in the emergency motion to stay discovery by stating "There is simply no point in opening discovery when it remains unclear if this court even has jurisdiction over this matter." See DOC ID [66], page 2, lines 16-24 and page 3, lines 1-2.

19. The defendants should be sanctioned, their emergency request for sanctions stricken, the second order to show cause for sanctions denied, and the defendant attorneys disqualified due to pending felony perjury charges and bar complaint filed with LVMPD and NV State Bar Office. See attached criminal report against Mr. Edwards to LVMPD Fraud Department.

## REQUEST

**WHEREFORE**, Dr. Saxena respectfully requests that the Court deny the Defendants' Motion for Sanctions, discharge the order to show cause, and grant such other and further relief as the plaintiff has requested, and the Court deems just and proper.

1. The imposition of sanctions is a serious matter and should not be undertaken lightly.[11]

2. In the present case, the Plaintiff has raised legitimate issues in his objections and appeals, two of which are still pending before the court. It is premature to order answers to show cause for sanctions, based on these unresolved issues, yet the frightened plaintiff has wasted over 12 hours preparing this answer to avoid being ordered to pay attorney fees or throw out a case where his civil rights were violated on his ranch purchased using special disabled combat veteran benefits, leaving him destitute of recourse.

3. The Court must allow all of these matters raised by Dr. Saxena to be resolved before considering the imposition of sanctions. A hearing is needed to question parties and witnesses under oath about their inconsistent declaration against the records.

4. The Plaintiff has a right to appeal any adverse decisions to the district court, and from the district court to the appeals circuit. The orders for sanctions would be stayed pending appeal based on case law. The appeal right should not be curtailed or prejudiced by the premature imposition of sanctions.[12]

5. The Plaintiff respectfully requests again that the Court extend the time to answer the show cause order until his due process is respected and protection, and until the other 2

---

[11] The U.S. Supreme Court has held that "sanctions should not be assessed lightly or without fair warning" (Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980).

[12] The U.S. Supreme Court has held that "the right of appeal is not a mere privilege, but an essential element of our judicial system" (Bullard v. Blue Hills Bank, 575 U.S. 496, 502 (2015).

objections and appeal, plus additional motion for sanctions against the defendants are resolved, and a hearing is scheduled with subpoenas issued, including the issuance of a subpoena of the email records from the host server and deleted files, phone records and voicemails from the defendant's law firm. This would ensure that the Plaintiff's rights are protected and that the Court has all the necessary information before making a decision on sanctions.

6. In the case of In re Rains, the Ninth Circuit Court of Appeals, which has jurisdiction over the District of Nevada, held that "a district court has discretion to extend time for good cause shown" (977 F.2d 598, 601 (9th Cir. 1992). The need to schedule a hearing regarding this second order to show cause, so that a subpoena of the records of the defendants, which the plaintiff has provided his versions of, which will show perjury by Edwards, is good cause.

    Very Respectfully Submitted,
    /s/ Dr. Grant M. Saxena, Ph.D.
    **Dr. Grant M. Saxena, Ph.D.**
    2/14/2024
    275 New North Road, #2051
    London, N1 7AA

## NOTICE OF HEARING

A hearing is requested for this answer, after adjudication of the 2 pending objections and appeals of the magistrate's orders.

The purpose of the hearing is to subpoena the third-parties attendance to testify, and produce materials.

The Clerk schedules a hearing on _____ at _____

_____
Clerk Signature

Respectfully Requested,

/s/ Dr. Grant M . Saxena, Ph.D.
**Dr. Grant M . Saxena, Ph.D.**
2/14/2024
275 New North Road, #2051
London, N1 7AA
United Kingdom
303-941-8771
grant.saxena25@law.ac.uk