UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Grant Saxena,

         Plaintiff

v.

Jezrael Martinez-Hernandez, et al.,

         Defendants

Case No. 2:22-cv-02126-CDS-BNW

**Order Granting in Part Plaintiff's Second Motion to Extend Time, Denying Plaintiff's Motion to Strike as Moot, and Denying Defendants' Motion to Strike as Moot**

[ECF Nos. 21, 23, 34, 36]

      This is a civil rights action brought by pro se plaintiff Grant Saxena against defendants David Boruchowitz, Jason J. Heaney, Jezrael Martinez-Hernandez, and Nye County Sheriff's Office. *See* Compl., ECF No. 1-1. There are several motions pending in this action. This order resolves some of those motions, including Saxena's second motion to extend time (ECF No. 21) and motion to strike (ECF No. 23), and defendants' motion to strike (ECF No. 36).[1] For the reasons set forth herein, I grant in part Saxena's motion to extend, deny his motion to strike as moot, deny Saxena's motion docketed as a "notice," and deny defendants' motion to strike.

**I.    Relevant procedural history**

      On June 7, 2023, defendants David Boruchowitz, Jason J. Heaney, Jezrael Martinez-Hernandez, and Nye County Sheriff's Office filed a motion to dismiss for lack of subject matter jurisdiction. ECF No. 17. The response to that motion was due on June 21, 2023. *Id.*; *see also* Local Rule 7-2(b) ("[T]he deadline to file and serve any points and authorities in response to the motion is 14 days after service of the motion.").

      After the deadline passed, Saxena filed a motion to extend time to respond (ECF No. 19), which the court granted and extended the response deadline to July 13, 2023. *See* Min. Order, ECF No. 20. On July 13, 2023, Saxena filed a second request to extend the time to respond by 21 days, requesting to respond by way of an amended complaint. Second Mot. to Extend Time, ECF

---

[1] Also outstanding are defendants' two motions to dismiss. ECF Nos. 17, 26.

No. 21. In that motion, Saxena made several accusations against opposing counsel and defendants. *See generally id.* at 2. He further stated that he needs additional time to file a responsive pleading because responding to additional motions takes a toll on his health. *Id.* at 6. On July 20, 2023, defendants filed a notice that Saxena did not respond to the motion to dismiss. *See* ECF No. 22. The following day, Saxena moved to strike the notice of non-opposition. ECF No. 23.

On August 15, 2023, Saxena filed a response to the motion to dismiss. ECF No. 31. Therein, Saxena states that "an American citizen living abroad is considered stateless and unable to bring federal claims under diversity jurisdiction" (*id.* at 3) and asks to amend the complaint, or in the alternative, be given permission to appeal. *Id.* at 6.

On September 17, 2023, Saxena filed a document titled "Notice of Objection" to defendants' reply to their motion to dismiss (ECF No. 32), which the court liberally construes as a motion (Notice, ECF No. 34). In that filing, Saxena moves the court for a show cause order against counsel for defendants. *Id.* at 4. Defendants move to strike Saxena's "notice" as a rogue document. ECF No. 36.

II.    Discussion

    A.    **Saxena's second motion to extend time is granted in part and his motion to strike the notice of non-opposition is denied as moot.**

Under Federal Rule of Civil Procedure (FRCP) 6(b)(1), when an act must be done within a specified time, the court may extend the time for good cause if the request for an extension is made before the original time or its extension expires. *See* FRCP 6(b)(1)(A). The rule is "to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)). The Ninth Circuit has described the "good cause" standard as "less rigorous than excusable neglect." *See Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 887 (9th Cir. 2001) (citation omitted). When evaluating whether the good cause standard has been

met, the court focuses on the diligence of the moving party. *See Green Aire for Air Conditioning W.L.L. v. Salem*, 2020 WL 58279, at *3 (E.D. Cal. Jan. 6, 2020) ("Rule 16(b)'s good cause inquiry focuses primarily on the movant's diligence.") (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000)).

Here, Saxena filed his second motion to extend time on the day of the already-extended deadline to respond. While this suggests a lack of diligence, the court gives Saxena the benefit of the doubt because he is acting pro se, he represents that he is a disabled veteran, and he claims that an amended complaint will cure the jurisdiction defect defendants identify.[2] *See generally* ECF No. 21. The court also is also mindful that FRCP 15(a) provides that leave to amend should be given "freely" "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Accordingly, Saxena's second motion to extend time is granted in part. I grant his alternative relief, requesting leave to file an amended complaint. Saxena must comply with the instructions regarding filing the amended complaint set forth in the conclusion of this order. Because I am granting in part this motion, Saxena's motion to strike defendants' notice of non-opposition is denied as moot.

> **B.    Saxena's "notice of objection" is denied and defendants' motion to strike that filing is denied as moot.**

Saxena filed a "Notice of Objection," directed at defendants' reply to their motion to dismiss. Notice, ECF No. 34. Based on the relief requested by Saxena, I liberally construe[3] this filing as a motion for an order to show cause against defendants. *See id.* at 4 ("Plaintiff requests this Honorable Court issue an order to show cause why Defendants should not be sanctioned for

---

[2] Saxena concedes this point in his response to defendants' second motion to dismiss. ECF No. 31.
[3] Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

3

stalking, or a temporary restraining order against the Defendants counsel Mr. Edwards and Ms. Bedker, and also that the Court dismiss the Defendants' reply and motion to dismiss as they are without merit, due to a necessary and pending filing of an entitled amended complaint under 1983 claims."). However, the motion contains only conclusory allegations and accusations, neither of which entitle him to relief. Local Rule 7-2(d) provides that "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." As a result, Saxena's "notice of objection," which is liberally construed as a motion, is denied. Because I am denying that motion, defendants' motion to strike is denied as moot.

### III. Conclusion

IT IS HEREBY ORDERED that Saxena's second motion to extend time **[ECF No. 21] is granted in part**. I deny Saxena's request for more time to respond to defendants' first motion to dismiss (ECF No. 17) but grant his request to file an amended complaint. If Saxena chooses to file an amended complaint, he must comply with the following instructions:

1. The amended complaint must be titled "**First Amended Complaint**" and be filed within 14 days of this order;
2. The first amended complaint must comply with Federal Rule of Procedure 8 which requires the pleader to set forth his averments in a simple, concise, and direct manner and to set forth a basis for federal jurisdiction. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including those lacking access to counsel); and
3. The first amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint.

Because Saxena has had over six months to prepare an amended complaint, he is cautioned that the court will carefully scrutinize any requests to extend the time to file an

amended complaint. Failure to follow these instructions may result in dismissal of the first amended complaint.

IT IS FURTHER ORDERED that the following motions are **denied as moot**:

1. Saxena's motion to strike defendants' notice of non-opposition **[ECF No. 23]**;
2. Saxena's "notice of objection" **[ECF No. 34]**, which is liberally construed as a motion; and
3. defendants' motion to strike **[ECF No. 36]**.

Dated: February 21, 2024

_____
Cristina D. Silva
United States District Judge