MICHAEL M. EDWARDS, ESQ.
Nevada Bar No. 6281
STEPHANIE D. BEDKER ESQ.
Nevada Bar No. 14169
**FREEMAN MATHIS & GARY, LLP**
770 East Warm Springs Road, Suite 360
Las Vegas, NV 89119
Tel.: 725.258.7360
Fax: 833.336.2131
Michael.Edwards@fmglaw.com
Stephanie.Bedker@fmglaw.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GRANT SAXENA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JEZRAEL MARTINEZ-HERNANDEZ<br><br>JASON J. HEANEY<br><br>DAVID BORUCHOWITZ<br><br>NYE COUNTY SHERIFF OFFICE<br><br>　　　　Defendants. | Case No.: 2:22-cv-02126-CDS-BNW<br><br>**DEFENDANTS' MOTION FOR RECONSIDERATION OF COURT'S ORDER DATED FEBRUARY 21, 2024 (ECF NO. 71)** |

Defendants Jezrael Martinez-Hernandez, Jason J. Heaney, David Boruchowitz, and the Nye County Sheriff's Office (collectively, "Defendants"), by and through their counsel of record, the law firm of Freeman Mathis & Gary, LLP, hereby file their Motion for Reconsideration of the Court's Order (ECF No. 71), which granted Grant Saxena ("Plaintiff") leave to file an amended complaint. This Motion is based on the following memorandum of points and authorities, the

/ / /

/ / /

/ / /

/ / /

/ / /

1

pleadings and papers on file herein, and any oral argument the Court may entertain at a hearing on this matter.

DATED this 4th day of March, 2024.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Michael M. Edwards*
MICHAEL M. EDWARDS, ESQ.
Nevada Bar No. 6281
STEPHANIE D. BEDKER ESQ.
Nevada Bar No. 14169
**FREEMAN MATHIS & GARY, LLP**
770 East Warm Springs Road, Suite 360
Las Vegas, NV 89119
*Attorneys for Defendants*

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.   INTRODUCTION**

"[F]ederal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). "Subject matter jurisdiction must exist as of the time the action is commenced." *Morongo Band of Mission Indians v. Cal. St. Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir.1988). Where jurisdiction does not exist from the inception of an action, the action *must* be dismissed. *See id.*

Plaintiff – appearing pro se – filed his complaint in this Court based on diversity jurisdiction, asserting he is a "law student in the United Kingdom." Complaint at p. 4 (ECF No 1-1). However, diversity jurisdiction has never existed in this case, and Defendants challenged the Court's lack of jurisdiction in their first Motion to Dismiss, filed on June 6, 2023. However, despite Plaintiff's failure to oppose the Motion to Dismiss, the Court has never made a determination as to this fundamental question. Now the Court has granted Plaintiff leave to amend his complaint to cure this long-standing jurisdictional defect by asserting new federal claims.

The Court's Order granting Plaintiff leave to amend was based on factual and legal error.

Plaintiff has never met his burden to show that federal jurisdiction exists. In the absence of federal jurisdiction from the inception of an action, the Court cannot grant leave to amend. Further, it is manifestly unjust to continue to force Defendants to litigate in a forum where the Court has no jurisdiction over the case. Defendants respectfully request that the Court reconsider its Order, dated February 21, 2024, wherein it granted Plaintiff leave to amend his complaint, and that the Court instead issue an order dismissing this case for lack of jurisdiction.

## II. STATEMENT OF FACTS AND PROCEDURAL POSTURE

Plaintiff filed this action on December 22, 2022 based on diversity jurisdiction, asserting he is a "law student in the United Kingdom." Complaint at p. 4 (ECF No 1-1). Believing that Plaintiff's invocation of diversity jurisdiction is specious and an intentional misrepresentation to the Court, Defendants filed a Motion to Dismiss for Lack of Diversity Jurisdiction on June 6, 2023. *See* Motion to Dismiss (ECF No. 17). Therein, Defendants provided extensive evidence to the Court that – contrary to his assertions – Plaintiff was not studying abroad in law school in the UK at the time he filed this action and was instead, a Nevada resident. *See generally id.*

Plaintiff did not file a timely response in opposition to the Motion to Dismiss on or before June 21, 2023, nor did he request an extension from counsel to this deadline. Instead, on June 23, 2023, he filed a belated Motion to Enlarge Time or Leave to Reply Through Amended Complaint ("First Motion to Enlarge Time") (ECF No. 19). Therein, Plaintiff requested an additional three (3) weeks within which to "reply to the motion through amended complaint," asserting that he would simply fix the Court's lack of diversity jurisdiction by newly asserting federal claims. *See generally id.*; *see id.* at p. 6:26-28.

In response, the Court issued a Minute Order, granting Plaintiff's request to extend the already expired deadline by three (3) weeks to July 13, 2023. *See* Minute Order, dated June 27, 2023 (ECF No. 20). However, the Court expressly denied Plaintiff's request to file an amended complaint, stating, "***Saxena is advised that he does not have leave to file an amended complaint at this time and must style his response to the motion to dismiss as a brief addressing the defendants' arguments***." *Id.* (emphasis added). The Court also reminded Plaintiff that "pro se

litigants are not excused from adhering to the rules of procedure," and that "any future untimely motions to extend time will be denied." *Id.* Plaintiff did not file a motion for reconsideration of the Court's Minute Order, wherein he was <u>denied</u> leave to file an amended complaint. Further, no proposed amended complaint was attached to his filing, as required by Local Rule 15-1.

Despite this explicit warning, Plaintiff did not file a response in opposition to the Motion to Dismiss on or before July 13, 2023. Instead, he filed a *Second* Motion to Enlarge Time to Reply to Motion Through Amended Complaint ("Second Motion to Enlarge Time") (ECF No. 21). Therein, Plaintiff ignored the Court's Minute Order and requested another three (3) weeks in which he stated he would "reply through amended complaint establishing federal jurisdiction," despite the Court's order that had already denied him leave to file an amended complaint. *Id.* at p. 6:14-16.

Within the Second Motion to Enlarge Time, Plaintiff did not address any of the arguments raised by Defendants in their Motion to Dismiss, nor did he include any rebuttal to their assertions that this Court lacks diversity jurisdiction. Accordingly, on July 20, 2023, Defendants filed a substantive Notice of Non-Opposition to Defendants' Motion to Dismiss, noting the standing order by which Plaintiff was already prohibited from filing an amended complaint and his failure to oppose the Motion to Dismiss. *See* Notice of Non-Opposition (ECF No. 22). The Court has not yet ruled on the Motion to Dismiss or established that it has jurisdiction over this case.

On August 1, 2023, Defendants filed a *second* Motion to Dismiss or Alternatively, Motion to Compel and for Sanctions ("Second Motion to Dismiss") based on Plaintiff's intentional failure to provide accurate and updated contact information the Court and his refusal to communicate with Defendants in preparing a discovery plan and scheduling order. *See generally* Second Motion to Dismiss (ECF No. 26). Two weeks later, Plaintiff timely filed a response in opposition to the Second Motion to Dismiss on August 15, 2023. *See* Opposition to Defendants' Motion to Dismiss with Prejudice, or in the Alternative Sanction (ECF No. 31) ("Opposition").

Plaintiff has never filed any response in opposition to the first Motion to Dismiss, which Defendants filed nine (9) months ago, nor has he ever filed a Motion to Amend or attached a

4

proposed amended complaint, as required under Local Rule 15-1. Nevertheless, on February 21, 2024, this Court granted in part Plaintiff's Second Motion to Enlarge Time. *See* Order (ECF No. 71). Therein, the Court treated Plaintiff's Opposition, filed on August 15, 2023, as if it were a response in opposition to the *first* Motion to Dismiss, rather than an opposition to the Second Motion to Dismiss. *See id.* at p. 2:7-10. Citing FRCP 15(a)'s liberal amendment standard, the Court granted Plaintiff leave to file an amended complaint, and it delineated certain specifications for such amendment within the Order. *See id.* at pp. 3:14-16, 4:11-5:2.

### III. LEGAL ARGUMENT

Reconsideration of an order is appropriate where the district court has committed clear error, where the initial decision was manifestly unjust, or where the order is the result of mistake. *See* Local Rule 59-1(a); *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260 (9th Cir. 2010). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). A party moving for reconsideration must present a valid reason why the court should revisit its prior order and facts or law of a strongly convincing nature to induce the Court to reverse itself. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

The Court committed factual error when it treated Plaintiff's Opposition as an untimely response to the first Motion to Dismiss. ***Plaintiff has never filed any response in opposition to the first Motion to Dismiss,*** which was filed with this Court nine (9) months ago on June 6, 2023. The Opposition cited by the Court in its Order constituted a response to the Second Motion to Dismiss, as it was timely filed two (2) weeks after the Second Motion to Dismiss. *See* Opposition to Motion to Dismiss (ECF 31). It referenced the Second Motion to Dismiss and the issues raised therein, which was based on Plaintiff's failure to provide proper contact information and his failure to communicate with Defendants with respect to the formation of a discovery plan and scheduling

order.[1] Defendants subsequently filed a reply, addressing the arguments raised in the Opposition. *See* Reply in Support of Motion to Dismiss or Alternatively, Motion to Compel and for Sanction (ECF No. 32). Notably, at no point does the Opposition address the issues raised in the first Motion to Dismiss, as it does not address the jurisdictional arguments raised in the Motion to Dismiss, as the Court ordered Plaintiff to do in its Minute Order, dated June 27, 2023. *See* Minute Order (ECF No. 20).

In granting Plaintiff leave to amend his complaint, the Court committed clear error of law, which will result in manifest injustice against Defendants. Amendment is not appropriate in this case. While FRCP 15(a)(2) liberally permits amendment, such amendment should only be granted "when justice so requires." The presumption in favor of amendment does not exist in the presence of "any apparent or declared reason," including undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

It is clear error to permit Plaintiff to amend his complaint to cure a jurisdictional defect. Federal question jurisdiction exists only when a federal question is presented "on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). "***If jurisdiction is lacking at the outset, the district court has 'no power to do anything with the case except dismiss.'…If jurisdiction was lacking, then the court's various orders…were nullities***." *Orff v. United States*, 358 F.3d 1137, 1149 (9th Cir. 2004), *aff'd*, 545 U.S. 596 (2005) (citation omitted). ***A "district court is powerless to grant leave to amend when it lacks jurisdiction over the original complaint."*** *Morongo Band of Mission Indians v. Cal. St. Bd. of Equalization*, 858 F.2d 1376, 1381, fn. 2 (9th Cir.1988) (emphasis added).

---

[1] *See, e.g.* Opp., p. 2:17-19 (referencing the Second Motion to Dismiss); *id.* at p. 3:26-4:6 (stating he did not feel "comfortable" engaging in dialogue with defense counsel and that such communications would be "irrelevant" if the defendants "seek alternative counsel" when he filed an amended complaint); *id.* at pp. 4:15-28, 6:7-12 (stating he would provide his proper contact information when he was permitted to file an amended complaint); *id.* at p. 6:17-19 (stating in his conclusion that he opposed the motion to dismiss and its alternative request for sanctions; note that sanctions were only requested in the Second Motion to Dismiss, not the first Motion to Dismiss).

6

Unless subject matter jurisdiction existed in Plaintiff's original complaint, any order permitting Plaintiff to "cure" such lack of jurisdiction is improper and legally null; rather, dismissal is required. *See* FRCP 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Subject matter jurisdiction must exist as of the time the action is commenced." *Morongo*, 858 F.2d 1376, 1380 (9th Cir.1988). While "defective allegations" may be cured by amendment, "defective jurisdiction" may not. *See id.* at 1381, fn. 3. In determining federal court jurisdiction, the court must look to the original, rather than to the amended complaint. *Id.* at 1381, fn. 2. Where a defect in the Court's subject matter jurisdiction exists in an original complaint, this is a substantive defect for which the district court simply has "no power to grant [a plaintiff] leave to amend its complaint." *Id.* at 1381, fn. 3; *see also Willis v. Tingey*, 234 F. App'x 525 (9th Cir. 2007) (finding dismissal, rather than amendment, was the proper course where the initial complaint did not allege subject matter jurisdiction); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir.1979) (where complaint filed in state court action that was later removed to federal court failed to state a federal question, "no federal jurisdiction existed to entertain a later amendment to the complaint").[2]

Finally, it is manifestly unjust to force Defendants to continue to litigate in this forum where jurisdiction is in question. This action was filed on December 22, 2022, and Defendants have maintained since their first appearance herein that this Court lacked jurisdiction from the outset of this action. Plaintiff never opposed the Motion to Dismiss, nor has he ever met his burden to establish that subject matter jurisdiction existed when he filed his action. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."). As Plaintiff's complaint neither

---

[2] District Courts in the Ninth Circuit have consistently found that they cannot grant leave to amend where jurisdiction is lacking in an original complaint, in accordance with *Monongo*. *See, e.g. Reichlin v. Del Norte Cnty. Dep't of Health & Hum. Servs.*, No. 14-CV-05213-NJV, 2015 WL 12939598, at *1 (N.D. Cal. May 12, 2015) (denying leave to amend where plaintiffs wanted to add federal claims, stating without federal subject matter jurisdiction from the inception of an action, "the court has no power but to dismiss the action."); *Nowell v. Jan S. Lukac, M.D., Inc.*, No. 822CV00262JLSKES, 2022 WL 19333336, at *3 (C.D. Cal. Oct. 28, 2022) ("…because the Court is powerless to grant leave to amend if it lacked jurisdiction over Plaintiff's initial Complaint, Plaintiff's claims are dismissed without leave to amend").

establishes federal question nor diversity of citizenship, this Court must dismiss the case. Nevertheless, this case has continued for over fourteen (14) months, with seventy-six (76) filings having been made. In all that time, Plaintiff never filed a proper Motion to Amend or attached a proposed amended complaint, despite extensive filings wherein he stated he intended to do so. If this Court has no jurisdiction over these claims, Defendants should not be forced to continue to litigate in this forum. Plaintiff should not be permitted to revise his claims to cure the jurisdictional defects in his complaint by now asserting a frivolous federal claim. Rather, this action should be dismissed.

## IV. CONCLUSION

This Court has lacked jurisdiction from the outset of this action. As such, it is "powerless to grant leave to amend when it lacks jurisdiction over the original complaint." *Morongo*, 858 F.2d at 1381, fn. 2 (9th Cir. 1988). For the forgoing reasons, Defendants respectfully request that the Court reverse its Order, dated February 21, 2024, wherein it granted Plaintiff leave to amend. Defendants also request that the Court issue an order with respect to their unopposed Motion to Dismiss, dismissing this action for lack of jurisdiction.

DATED this 4th day of March, 2024.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Michael M. Edwards*
MICHAEL M. EDWARDS, ESQ.
Nevada Bar No. 6281
STEPHANIE D. BEDKER ESQ.
Nevada Bar No. 14169
**FREEMAN MATHIS & GARY, LLP**
770 East Warm Springs Road, Suite 360
Las Vegas, NV 89119
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that I am an employee of Freeman Mathis & Gary, LLP, and that on Monday, March 4, 2024, I served a true and correct copy of the foregoing **DEFENDANTS' MOTION FOR RECONSIDERATION OF COURT'S ORDER DATED FEBRUARY 21, 2024 (ECF NO. 71)** to all parties on file:

Grant M. Saxena
275 New North Road #2051
London, NI 7AA
grantsaxenalegal@gmail.com
*Pro Se Plaintiff*

```
[ ]    Hand Delivery
[ ]    FACSIMILE TRANSMISSION
[ ]    U.S. MAIL, POSTAGE PREPAID
[X]    CM/ECF E-Filing Service System
[X]    Electronic Mail
```

*/s/ Laurie Moreno*
An employee of FREEMAN MATHIS & GARY, LLP