UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Grant Saxena,<br><br>             Plaintiff<br>v.<br><br>Jezrael Martinez-Hernandez, et al.,<br><br>             Defendants | Case No. 2:22-cv-02126-CDS-BNW<br><br>**Order Granting Defendants'<br>Motion to Dismiss, Denying Defendants'<br>Second Motion to Dismiss and Motion for<br>Reconsideration, and Closing Case**<br><br>[ECF Nos. 17, 26, 77] |

       This is a civil rights action brought by pro se plaintiff Grant Saxena against defendants David Boruchowitz, Jason J. Heaney, Jezrael Martinez-Hernandez, and Nye County Sheriff's Office. *See* Compl., ECF No. 1-1. On February 21, 2024, I issued an order granting in part Saxena's motion to extend time to file an opposition to defendants' motion to dismiss for lack of subject matter jurisdiction. *See* Order, ECF No. 71. I gave Saxena 14 days from February 21, 2024 to file an amended complaint, as he indicated that he could cure the jurisdiction defect identified in defendants' motion. *See generally* ECF No. 21. In that order, Saxena was cautioned[1] that failure to follow these instructions may result in dismissal the complaint.[2] Order, ECF No. 71 at 5.

---

[1] This was not the first time Saxena was cautioned or admonished about following court directives or warned about dispositive sanctions. *See* June 27, 2023 Minute Order, ECF No. 20 ("Saxena is reminded that pro se litigants are not excused from adhering to the rules of procedure . . . . any future untimely motions to extend time will be denied."); *see* Order, ECF No. 44 (granting defendants' motion to strike and requiring the Saxena to show cause why the court should not recommend that his complaint be dismissed and why he should not pay reasonable expenses including defendants' attorneys' fees for his failure to participate in good faith in developing and submitting a discovery plan); *see* Order, ECF No. 50 at 2 ("[T]he Court admonishes Plaintiff that in the future he must fully comply with Federal Rule of Civil Procedure 26, and the other rules governing discovery, particularly LR IA 1-3(f) governing the requirement to meet-and-confer. The Court will sanction Plaintiff for future failures to meet-and-confer or otherwise fail to abide by the Local Rules of the Court and the Federal Rules of Civil Procedure."); Minute Order, ECF No. 75 ("Plaintiff is admonished that this is not a form of harassment and that he will cease in this behavior," and "Plaintiff is admonished that, if the Rule 26(f) Conference does not go forward on March 1, 2024 as scheduled, the Court may consider case dispositive sanctions.").

[2] The court notes that it stated the first amended complaint would be dismissed. Order, ECF No. 71 at 5. That was a typographical error as no amended complaint was yet filed. The only complaint to dismiss was the original complaint, which was the subject of defendants' motion.

Saxena's first amended complaint (FAC) was due by March 6, 2024. *Id.* If filed, the FAC would have mooted defendants' motion to dismiss. But, as of the date of this order, Saxena has not filed a FAC. So, the court turns to evaluating defendants' motion to dismiss (ECF No. 17). Having weighed the relevant factors—and because this is a court of limited jurisdiction—I grant defendants' motion to dismiss in its entirety and direct the Clerk of Court to close this case.

### I. Legal standard

Unlike a motion for summary judgment, a district court is not required to examine the merits of an unopposed motion to dismiss before granting it. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (refusing to extend to motions to dismiss the requirement that a district court examine the merits of an unopposed motion for summary judgment before summarily granting it pursuant to a local rule). Thus, a district court may properly grant an unopposed motion to dismiss under a local rule. *Id.* at 53. Local Rule 7-2(d) provides that the failure of an opposing party to file points and authorities constitutes that party's consent to the granting of the motion. LR 7-2(d).

Before granting an unopposed motion to dismiss, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor counsels against dismissal).

### II. Discussion

The first two factors—the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket—weigh in favor of dismissing Saxena's claims. First,

defendants filed a motion to dismiss for lack of jurisdiction back on June 7, 2023. ECF No. 17. To date, Saxena has not filed an opposition, even though I recently granted his request to extend to file one. *See* Min. Order, ECF No. 20 (granting Saxena's motion to time to respond). However, during the interim, Saxena engaged in behavior that I will generously describe as gamesmanship. That gamesmanship includes, as examples, filing documents with opposing counsel's signature without first obtaining their permission to do so, failing to respond to opposing counsel's attempts to contact him, and making false representations to the court about engaging in pre-trial conferences. This caused the court to issue two show cause orders (ECF Nos. 44; 58) to address various motions to strike and/or motions for sanctions filed by defendants (ECF Nos. 39; 52; 54 (emergency motions to strike); ECF No. 55 (motion for sanctions)), and to have to hold hearings to resolve some of the issues caused by Saxena's behavior.

The third factor also weighs in favor of dismissal of Saxena's claims. There is no apparent risk of prejudice to defendants by dismissing this action, as they filed the motion to dismiss. More importantly, without evidence to the contrary, based on the information contained in defendants' motion, this court lacks subject matter jurisdiction over this action as there is no diversity between the parties. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

The fourth factor further weighs against dismissing Saxena's claims because it will not resolve the case on the merits. As noted above, public policy favors disposing of cases on their merits. But a resolution on the merits is not a possibility with no response to the pending motion from Saxena. Finally, with respect to whether less drastic measures have been considered, I have considered other measures and find that dismissal without prejudice of Saxena's claims is the least drastic measure available to me at this stage. Accordingly, the fifth factor also weighs in favor of dismissal of this case. Because the factors on balance weigh against Saxena, I grant defendants' motion to dismiss as unopposed. Because I am granting dismissal on

defendants' first motion to dismiss, defendants' second motion to dismiss and their motion for reconsideration are denied as moot.

III.     Conclusion

IT IS THEREFORE ORDERED that defendants' motion to dismiss [ECF No. 17] is GRANTED.

IT IS FURTHER ORDERED that defendants' motion to dismiss [ECF No. 26] is DENIED as moot.

IT IS FURTHER ORDERED that defendants' motion for reconsideration [ECF No. 77] is DENIED as moot.

IT IS FURTHER ORDERED that each of Saxena's claims are dismissed without prejudice.

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case.

Dated: March 8, 2024

_____
Cristina D. Silva
United States District Judge