**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

Civil Action No.

John Doe

Plaintiff,

v.                                                    **Jury Trial requested: (please check one)**
**_X_ Yes ___ No**
Jezrael Martinez-Hernandez

Jason J. Heaney

David Boruchowitz

Nye County Sheriff Office

Nye County

Nye County District Attorney Office

Pahrump Justice Court

Timothy Sutton

Michael Almon

Kimberly Sherman

Julie Nicholson

Catherine Sproul

Joshuan Weaver

Xavier Gideon

Richard Sherer

John Tolle, III

James Ramos

Hanon Daigler

Breanna Nelson

Shannon Wherly

Joseph McGill

Kent Jasperson

Lisa Chamlee

Michael Foley

Michele Fiore

Michelle Thorn

Jamele A. Taylor
Kenneth Brian Scheeler
William Marvin Harcrow

Thomas Gibson

Nye Legal

Sunny Dean

William Simpson

Michael Edwards

Laurie Moreno

Lisa Thayer

Stephanie Bedker

Freeman Mathis & Gary, LLP

Messner & Reeves LLP

Defendant(s).

**AMENDED COMPLAINT**

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from  public access to electronic court files. Under this rule, papers filed with the court should not  contain: an individual's full social security number or full birth date; the full name of a person  known to be a minor; or a complete financial account number. A filing may include only: the  last four digits of a social security number; the year of an individual's birth; a minor's initials;  and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other  materials to the Clerk's Office with this complaint.**

---

**A. PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

John Doe

Address:

275 New North Road

#2051

London, N1 7AA

United Kingdom

johndoelegal4@gmail.com

+1-303-941-8772

**B. DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:

Jezrael Martinez-Hernandez

Address:

Nye County Sheriff's Office

1520 E Basin Ave

Pahrump, NV 89048

Phone: 775-751-7000 x 8

jemartinez@co.nye.nv.us

*B. DEFENDANT(S) INFORMATION*

Defendant 2:

<u>Jason J. Heaney</u>

Address:

Nye County Sheriff's Office

1520 E Basin Ave

Pahrump, NV 89048

Phone: 775-751-7000 x 8

jheaney@co.nye.nv.us


Defendant 3:

<u>David Boruchowitz</u>

Address:

Nye County Sheriff's Office

1520 E Basin Ave

Pahrump, NV 89048

Phone: 775-751-4234

dboruchowitz@co.nye.nv.us



Defendant 4:

<u>Nye County Sheriff's Office</u>

Address:

1520 E Basin Ave

Pahrump, NV 89048

Phone: 775-751-7000 x 8

jmcgill@co.nye.nv.us

**C. JURISDICTION**

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

X. Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

"Section 1983 Litigation" refers to lawsuits brought under Section 1983 (Civil action for deprivation of rights) of Title 42 of the United States Code (42 U.S.C. § 1983). Section 1983 provides an individual the right to sue state government employees and others acting "under color of state law" for civil rights violations.

42 U.S. Code § 1985 - Conspiracy to interfere with civil rights.

Plaintiff is filing pseudonymously, under a confidential address, to protect the identity of the victim. This filing type restricting the name of the victim has been granted for filing the state level claim in the State District Court.

Defendant 1 is an individual, Defendant 1 is a citizen of Nevada.

Defendant 2 is an individual, Defendant 2 is a citizen of Nevada.

Defendant 3 is an individual, Defendant 3 is a citizen of Nevada.

Defendant 4 is a public agency, Defendant 4 has its principal place of business in Nevada.

**D. STATEMENT OF CLAIM(S)**,

**<u>Nevada State Constitution</u>**

**Article I, § 8 – Rights of victims of crime; due process**

**(4) A person may maintain an action to compel a public officer or employee to carry out any duty required by the legislature pursuant to subsection 2.**

Victims rights were maliciously violated through Defendants engaging in, NRS 11.220 defining a civil conspiracy as governed by the catchall provision of NRS 11.220, which provides that an action "must be commenced within 4 years after the cause of action shall have accrued," to Intentionally Violate two Temporary and Extended Protection Orders restraining Mr. Scheeler and Mr. Harcrow through the power vested in Nevada (N.R.S. 33.100).

## LIABILITY OF PERSONS MOTIVATED BY CHARACTERISTICS OF VICTIM WHO CAUSE PEACE OFFICERS TO CONTACT VICTIM

**NRS  41.5085    Civil action; recovery of compensatory damages or statutory damages, punitive damages, costs and attorney's fees; conviction of crime not required; remedies not exclusive.**

**Trespassing**

**Harassment**

**Stalking**

**Conspiracy**

**Protection Order Violation**

**Intentional Infliction of Emotional Distress**

Relief against governmental parties is sought under 42 U.S. Code § 1983 - Civil action for deprivation of rights and 42 U.S. Code § 1985 - Conspiracy to interfere with civil rights. Officers can be held liable for their deliberate indifference to a plaintiff's safety, a standard that applies if officers neglect to enforce a protection order.

# FACTS

1. Starting on 12/22/2022, and many dates forward, at 1631, 1640, & 1580 Windsong Ln, Pahrump, NV, 89048, also at 1520 E Basin Ave, Pahrump, NV 89060, Nye County Clerks Kimberly Sherman and Thorn, Justices Chamlee, Jasperson, Foley, Fiore, District Attorney Michael Almon, Nye County Sheriff Office (NCSO), with all deputies listed who acted as conspirators with Harcrow and Scheeler, Bailiff  Taylor, private counsel Gibson from Nye Legal, process server Simpson, legal staff Dean, and private parties violated Nevada Bill of Victim's Rights to safety by engaging in a civil conspiracy to deprive protection from an extended protection order restraining Mr. Scheeler and federal civil liberties under the first, fourth, fifth, and fourteenth amendment to the U.S. Constitution.

The governmental parties enacted systemic policy to work in orchestra, negligently investigating and failing to protect in criminal cases 20NY4469, 21NY0437, and ignoring multiple emergency calls for professional police response. Government defendants then all systematically failed to enforce one temporary restraining order on Mr. William Marvin Harcrow 21PO-000305. Most egregiously, the governmental parties, particularly deputy District Attorney Almon, along with Joshuan Weaver, Xavier Gideon, Richard Sherer, John Tolle, III, James Ramos, Hanon Daigler, Breanna Nelson, Shannon Wherly, and Joseph McGill also failed to enforce an extended protection, and suborned several felonies and felony violations of the extended protection order restraining Kenneth B. Scheeler. Therefore, all deputies and the Nye County Sheriff's Department are liable for the damages for their civil rights violations and police misconduct under the color of law to abuse the victim of felony violations of an EPO, Plaintiff.

In February of 2021, Scheeler was ordered by Justice Jasperson to stay away from, and stop stalking plus threatening Plaintiff, as well as to stay away from his property, and to relinquish Scheeler's firearm. Mr. Scheeler was restrained in 21PO-000001 for being directly eye-witnessed trespassing and menacing with a gun to dump garbage, repeatedly on the Victim's property.

Mr. Scheeler subsequently disobeyed all stipulations of the directive, while carrying his pistol for one-year, with material evidence of the order on file and accessible by the D.A. Almon and all NCSO employees named, like David Burochowitz and NSCO records clerk Julie Nicholson who fabricated an investigation memorandum stating that the order from Judge Jasperson did not exist.

Harcrow was caught on camera trespassing, stalking, and intentionally inflicting emotional distress on Plaintiff. Nye County Justice Jasperson later restrained Harcrow for his stalking and harassment starting on 12/22/2022 through 21-PO000305. Then, in retaliation for having the police called to his property, Harcrow willingly engaged in a conspiracy with Scheeler to continue their intentional infliction of emotional distress on Plaintiff

2. Nye County, Nye County District Attorney Office, Timothy Sutton, Michael Almon, Kimberly Sherman, Julie Nicholson, Catherine Sproul, Tolle, Jasperson, Michele Fiore, Michelle Thorn, Jamele A. Taylor, Thomas Gibson, Nye Legal, Sunny Dean, William Simpson, Micahel Edwards, Laurie Moreno, Lisa Thayer, Stephanie Bedker, Freeman Mathis & Gary, LLP, Messner & Reeves LLP, alongside Deputies Breanna Nelson, Joshuan Weaver, Xavier Gideon, Richard Sherer, Jezrael Martinez-Hernandez, Jason Heaney, and David Boruchowitz individually and collectively violated the plaintiff's rights listed in NRS: Chapter 178 composing the Nevada Victim Rights Bill which are now included in the Nevada Constitution, Article I, § 8. By intentionally failing to protect and enforce the extended protection order restraining Mr. Scheeler and suborning his felony violation through non-relinquishment of his firearms, and felony violation through threats, trespassing, and intimidation of false reports through Nye County Sheriff, a victim's rights violation clearly occurred. This victim's rights violation under color of law makes them liable for damages under the federal 1983 statute.

The officers cannot be held immune from 42 U.S.C. § 1983 liability, in official or individual capacities, for their actions related to protection orders. The 9th Circuit found that officers can be held liable for their deliberate indifference to a plaintiff's safety, a standard that applies here

because officers grossly neglected to enforce a protection order. The reasons for their gross negligence will be revealed during discovery, yet pertain to discrimination against the victim based on their veteran status, disability status, victim status, race, age, sex, and political ideologies.

3. All actors, including Nye County employees, and private parties maliciously caused physical and emotional damage to Victim Plaintiff, who is a 100% permanent and totally service-disabled and honorably discharged Veteran from the Global War on Terror. Captain Doe, USA, Retired, experienced severe medical issues and suffered irreparable harm to his health, as a direct result of the Defendant's intentional negligence.

**Claims against William Marvin Harcrow**
1640 W. Windsong Ln.
Pahrump NV, 89048

**LIST OF OFFENSES**

1. 23 SEPTEMBER 2020 - 17 APRIL 2021:
        Near daily, multiple times weekly, continuous behavior: over 100 documented incidents including police calls, trespasses served, dog unleashing warnings issued, Nevada department of adult protective services field investigation, reports filed about deprivation of at-home VA medical care and treatments from M.D.s, Ph.D.s, and social workers, deprivation of ability to conduct school work as reported to Trident University dean, multiple witnesses, security cameras, body cameras, recorded confessions all pertaining to William Harcrow.

-        Screaming harassing and verbally abusive names, and many other aural disturbances into a microphone for many hours from early morning into the night, playing bass-heavy sounds on a professional audio system, directed directly at my property and home, intentionally executed with Harcrow's garage door open less than 50ft away and at decibel levels in excess of 100db: loud enough to hear through walls of home over 2 acres away.
-        Harassment
-        Disturbing the Peace
-        Nuisance
-        Intentional Infliction of Emotional Distress
-        Intrusion on the Seclusion of Another

-       Abuse of a Disabled Adult

2. 16 OCTOBER 2020: 6:41PM PST
-       Trespass.
-       Destruction of Property. Gravel Driveway.

3. 22 DECEMBER 2020: 11:26AM PST

-       Conspiracy to Commit a Crime. Out of the blue: contacted me via text message to ask if I knew if the mail had been delivered that day. 10 minutes before his friend and other neighbor Kenneth Scheeler trespassed with a gun to commit criminal dumping on my property, with me home and caught on camera. Harcrow was an accomplice to Scheeler in that he provided a lookout for Scheeler, by asking if I had seen the mail delivered - something I would only know if I was home to witness.

4. 23 DECEMBER 2020:

-       Trespass, Second count: aggravated behavior by Harcrow in that he crossed a lane of oncoming traffic, into a personal property roundabout bordered by multiple 3ft tall orange cones.
-       Destruction of Property. Second Count.
-       Incident caught on two recording systems: security cameras and body camera (I wear for my own protection and safety after 22DEC). Body Cam has an audio clip of Mr. Harcrow drives towards me, not slowing down, as I am retreating away from my inner fence with my back turned to the avenue of approach. As I'm facing and walking towards the safety of my house, with my hand up in a defensive motion behind me, indicating for Harcrow to back away, Harcrow drives up to my open inner gate, stops with his window rolled down and starts yelling at me that it's "Bill from across the street." and admits to "seeing the orange cones" when I asked him why he drove onto private property? Shockingly, Harcrow clearly drives through the unset gravel again, going out the direction I asked him not to, instead of the way he came in. Even though there was plenty of room to turn around, Harcrow charged forward past more cones to cause additional damage after the verbal confession. This video is available upon request.

-       Increased likelihood of collusion between Harcrow and Scheeler, as I did not respond to Harcrow's pre-emptive criminal text on the 22nd, however, I filed a police report that day and Scheeler was served a trespass by Nye County Sheriff's Office. Perhaps Harcrow trespassed to gain information about the charges against Scheeler since he did not hear a reply via text.

-       Sheriff's office report is made, Deputy Martinez-Hernandez tells me to do his job, and serve the additional trespass warning to Harcrow myself over text, which I did and also wrote to

11

Harcrow "please do not contact me again." Deputy Martinez said to report any violations of the trespass to NCSO, yet as outlined, the systemic failure of the department and all deputies occurred under color of law to suborn the felony EPO violation.

5. 26 DECEMBER 2020: CAD included.
-       Reported Harcrow to Nye County Sheriff's Office for:
-       Harassment
-       Disturbing the Peace
-       Nuisance
-       Intentional Infliction of Emotional Distress
-       Intrusion on the Seclusion of Another
-       Abuse of a Disabled Adult


6. 30 DECEMBER 2020: CAD Included
-       Reported Harcrow to Nye County Sheriff's Office for:
-       Harassment
-       Disturbing the Peace
-       Nuisance
-       Intentional Infliction of Emotional Distress
-       Intrusion on the Seclusion of Another
-       Abuse of a Disabled Adult
-       Disturbing the Peace

7. 21 JANUARY 2021: CAD Included. Harcrow Harassment
-       Reported Harcrow to Nye County Sheriff's Office for:
-       Harassment
-       Disturbing the Peace
-       Nuisance
-       Intentional Infliction of Emotional Distress
-       Intrusion on the Seclusion of Another
-       Abuse of a Disabled Adult

8. JANUARY - FEBRUARY 2021: REPORTS INCLUDED
-       Veterans Affairs, Pahrump Clinic Primary Care appointment. Medical abuse report submitted to M.D. Primary Care Physician available at: 220 Lola Ln, Pahrump, NV 89048 (775) 727-7535
My doctor ordered blood work labs and prescribed two new and additional medications directly related to treating the physical ailments rooted in this intentional and malicious abuse by Harcrow.

I have been physically unable to return to the VA to get blood drawn, due to the harm inflicted by this abusive situation and the detrimental effect it has on my limited energy levels.

-        Dr. Goldstein, Ph.D. - VA Psychologist, Telephone Number: 916-717-6628 reported abuse of a disabled adult to Nevada State Adult Protective Services Division. Treatment for exacerbated mental health issues directly related to Harcrow's harassment and threats is indefinitely ongoing, while the situation continues through his intentional behavior.

-        Nevada State Agent Shuck drove to my property and conducted a field investigation. After hearing reports of guns involved and NCSO failure to act, Mr. Shuck decided not to engage with Harcrow due to his own safety as a discretionary matter. Mr. Shuck of NV ADSD email: rsanshuck@adsd.nv.gov

-        VA Social Worker Mr. Tracy. Counseling on the effects of 100db + volume levels on health and welfare of individuals and community. As a local Pahrump native for thirty years, Mr. Tracy raises horses. The level of aggressive sound directed at my property and livestock, including rabbits would according to this expert who raises horses, inflict significant undue stress and cause physical ailments like being susceptible to catching a cold and lowering the immune system through malicious external forces of duress. Without the peace and quiet I need to raise animals or engage in therapy in home, both medically and psychologically, my basic rights to happiness and health and being denied.
Available at:
220 Lola Ln, Pahrump, NV 89048
(775) 727-7535

-        Seen at VA Hospital, Las Vegas by DDS Doctor Ha. Dr. Ha told me that I have a new stress-related development on my teeth, in that they are grinding in my sleep. My doctor advised that the stress brought on by this abusive situation Harcrow created is a big contributing factor to this permanent tooth damage. I was prescribed a mouth guard to wear at night. Available at:
North Las Vegas VA Medical Center
6900 North Pecos Road North Las Vegas,
NV 89086 702-791-9000

14 FEBRUARY 2021:
-        Harcrow is seen parking in front of Scheeler's house and entering it, shortly after an extended protection order, including the forfeiture of guns that Scheeler owns, was granted. This evidence shows a direct relationship between Harcrow and Scheeler as described by Harcrow to me directly in 2020 and continued by, in part and possibly during meetings during the prosecution of

Scheeler into 2021. Harcrow's behavior becomes more aggressive, aggravated and directed at me after the extended protection order is granted to his accomplice Scheeler as seen in future events.

20 MARCH 2021: NCSO Report filed.
-       Reported Harcrow to Nye County Sheriff's Office for:
-       Harassment
-       Disturbing the Peace
-       Nuisance
-       Intentional Infliction of Emotional Distress
-       Intrusion on the Seclusion of Another
-       Abuse of a Disabled Adult

        As I was walking in my garden for morning therapy, Harcrow barreled towards me as I was behind my fence, in his large Ram truck and crossed into an oncoming traffic lane where he stopped and started verbally harassing and threatening me. I told him he needed to stop or I was calling the police, and that it was the third time. Harcrow aggressively pointed his fingers at me and shouted "Let's make it four, Dumbass!" I was hurt and asked him what he called me? He shouted at me again "Dumbass" a second time and drove off. Deputies Scherer and Gideon failed to enforce the Victim's Bill of Rights and worked in orchestra to suborn the criminal acts conducted by Harcrow and Scheeler.

16 APRIL 2021: NCSO Report filed.
-       Reported Harcrow's animal, a small multi-colored blown and white dog named "Buddy." for being off its leash, entering my property, digging up my garden, and attacking my rabbits more than ½ an acre inside my fence line. An older woman came across the yard and was at my fence, pushing on it and trying to reach over to get the dog. Then another younger woman and William Harcrow both came out and crossed the street approaching my fence and I moved back again, into my own property for safety. NCSO contacted Harcrow who admitted he let his dog off the leash and Harcrow was issued a warning. Against, the negligent NCSO deputies took no action agains the criminals and suborned the crimes.

Allowing this animal out and onto my property, as a means by which to advance towards my property by Harcrow with an active trespass order, is a form of trespass violation of the third count, through extended negligent ownership of the animal with material damages to myself and property.

**Claims against Gibson, Dean, Simpson, Nye Legal, and Harcrow**

1. Pahrump Justice Court - Rule 31 Violation: Adverse Party's counsel did not contact applicant after receiving cease and desist letter in April 2021.

- Attorney's are required to mediate before court, or attempt to, even if only one party is represented. The reasoning Adverse Party's attorney Mr. Gibson gave, for his lack of correspondence: citing the cease & desist law letter's USPS facility and yelling in court to know "where I got off, having someone outside Nevada send this letter."

- Mr. Gibson, ESQ claimed he dismissed the cease and desist letter sent to the adverse party, Mr. Harcrow because Mr. Gibson was not compelled, by law, to reply due to the jurisdiction of origin.

- We all know: Nevada Civil Procedure rules clarify that an attorney does not have to be licensed in the jurisdiction the cease and desist letter originates. In fact, a self-represented citizen can generate and issue cease and desist letters attached to forthcoming lawsuits.

- T. Gibson, ESQ shows a detrimental lack of professionalism in:
1. Disrespecting the court's rules.
2. Abandoning his ethical responsibility to mediate on behalf of his client.
3. Costing the court, his client, and the applicant additional wasted resources due to Gibson's fraud, waste, and abuse of his publicly controlled and authorized license.
4. Blatant and wanton disregard for judicial ethos as an abomination to the Nevada Constitution he is sworn to uphold.

- Finally, the fact that T. Gibson, ESQ sought sanctions, without mediation, shall be used as grounds by which to investigate suspension of his professional license. Essentially, Gibson is using his law license unethically to procure monetary gains for himself outside of clearly defined lawful boundaries.
- If Harcrow is seeking financial restitution, he and his counsel know that he  needs to file a separate civil suit and not try to muddy the waters of protection orders and small claims cases with representation fees. Particularly in this TPO case, for the adverse party Harcrow with material evidence and a confession working against him, there is no basis to ask for additional penalties on plaintiff who is the clear victim.

2. Dissolution motion was never legally served and perjured to verify service. To date, one-half month or fifteen (15) days later: no motions have been received via first-class

mail - which is the box Mr. Dean checked, and swore under written oath as to what process of service Mr. Simpson served the dissolution motion on May 20th 2021.

   a. Upon inspection of the Certificate of Service document now believed to be forged by Simpson and Sunny Dean: a trained eye will notice that a date of 10th was changed to 20th… as the 1 in the 10 appears to have grown a head and legs of a 2.

   i. Premeditated perjury exists in that: Simpson  filled out certificate of service legal documents with the date of the 10th, as some means to justify his illegal trespass.

   ii. Simpson then capitulated himself further, when he later changed the date on the legal document to 20th by changing a 1 to a 2 (without adding an initial) prior to filing.

   iii. Personal service is not required on this motion, and Simpson checked the box annotating that he served via pre-paid first class mail to my mailbox address as early at 10 May 2021.

   iv. Mr. Simpson also trespassed in my home, prior on May 10th 2021 and a police report was submitted to court on May 24th.

   1. No documents were left during this destruction of property and abuse through the emotional distress situation caused by Mr. Simpson on May 10th 2021, 1.5 weeks before his second trespass on May 20th, both under the guise of process service.

- So, on May 20th, with zero judicial days before a hearing served to Adverse Party - Mr. Simpson again trespasses onto my property to destroy my mailbox: this time leaving crumpled up papers in my mangate and taking a picture.

- This pictur9e was later used as "evidence of service" on May 24th 2021 in Courtroom B
- Though the very premise that this type of service is legal, based on the sworn statement signed by Sunny Dean: stating that he had "placed a copy of the motion first-class certified mail (must be overnight in dissolution matters due to rapid scheduling of hearing), after filing on May 20th at 3:29pm" is fundamentally preposterous.

   * I humbly motion the court: subpoena the certified receipt of mailing that Mr. Dean actually put in the mail on May 20th 2021, when he and Gibson, ESQ signed the forms under penalty of perjury and submitted the dissolution motion to the court.

- Beyond the lack of service, the trespass, the destruction of property, standing in front of my car and intentionally blocking my access to medicine as a 100% disabled veteran: the bigger questions is:

**Why was Mr. Simpson , Nye Legal employee of T. Gibson, ESQ - retained by adverse party Harcrow (with an active protection order) stalking me and committing criminal acts in my home on May 10th 2021?**

- Mr. Simpson stalking and harassing behavior, is a protection order violation as orchestrated by Mr. Harcrow: who retained Nye Legal and T. Gibson, ESQ - when he himself, the adverse party is not entitled to representation. Then, said representation's employee is caught committing the same acts protected against in the TPO, only through various means like fake personal service on two counts. Nye County also did not respond to this request for service and report of crimes.

*MATERIAL FACT: 10 days before a motion was filed at PJC by Nye Legal, T. Gibson, ESQ:

Simpson , an employee of Nye Legal as T. Gibson's Legal Assistant, was stalking my residence, from a public street, without a front license plate. Then Mr. Dean trespassed, including property damage of my mailbox and security light, also inflicting emotional distress through deprivation of medication of a known 100% physically disabled, service-connected american veteran hero, in his own home.

- Also, insinuating facts or any information about my personal and private medical information, when I have already provided factual information of a physical disability, moreover; for an attorney to seek sanctions or a favorable decision is an appalling violation of privacy and conspiracy to violate a TPO.

- Gibson will be held accountable for his behavior by: the Nevada Supreme Court Bar, Veteran's Affairs, Social Security, and Governor Sisolak for his extortion of a 100% service connected disabled hero in a courtroom document that was maliciously and irrelevantly fabricated for Gibson's personal monetary gain.

- Harcrow is named as an accomplice in a conspiracy to commit a crime with 1580 Windsong renter: Kenneth Sheeler in 20NY-4469: criminal charges include trespass, dumping, menacing with a deadly weapon in my home on Dec 22nd 2020.

- On Dec 23rd 2020, Harcrow was issued a trespass warning by NCSO Deputy Martinez assigned to 20NY-4469, after he intentionally drove into newly set gravel (without notice or permission), past bright orange 3ft. tall construction cones: into my home for the second documented trespass.

- Why was Sheeler ordered to stay away on an EPO, but his accomplice Harcrow, is allowed to continue the abuse on behalf of his friend for the last six months without Nye County issuing him a trespass warning?

- Logically, since a TPO against Harcrow was granted, it should remain in effect until his harmful behavior ceases and both the criminal case connected with Scheeler and his EPO expire. And should be granted until the conclusion of this case.\

7. Ultimately, Harcrow has no credibility because he never reports first, showing his false reports for intentional infliction of emotional distress, harassment, and stalking:

a. Harcrow's reports are always in retaliation to my calling the sheriff on him, or him being issued a trespass, or his friend Scheeler being issued a trespass or temporary protection orders to both.

b. Harcrow's pattern of behavior, in "running back" to report, is predictable 1-3 days after he receives notices against himself or his friend.

c. I have security cameras showing Harcrow and Sheeler meeting one day after both TPOs and Trespasses are served to each, in the same location of Sheeler's driveway.

d. None of the witnesses that Harcrow claims, have reported anything to the sheriff during their contact calls and interviews.

e. No witnesses emerged as actual people, made any written statements, spoke with any peace officers: until after the fact of Harcrow being issued 2x trespass warnings, 1x dog off leash warning, 1x cease and desist letter, and 1x temporary protection order.

f. In every situation where Harcrow makes a report, the timeline matches up: that Harcrow's reports are in direct reaction to me filing first.

g. This type of reactionary reporting on Harcrow's part shows that the issues did not exist before, as he said, nor did the witnesses exist. If the issues existed when Harcrow claims, one of his reports would have preceded. In reality, zero of Harcrow's reports are made before mine, but are made very closely after.

h. The only unequivocally unbiased witnesses to these events are my videos: of which I have submitted pictures at the apex of abuse with transcripts of the entire conversation.

**Claims against Kenneth Brian Scheeler**

Conspiracy to violate civil rights, through destruction of property, violating a protection order with other co-conspirators including private parties, and county employees. Monroe v. Pape, 365 U.S. 167 (1961) serves as a cornerstone case law for 42 U.S.C. § 1983. In this case, the Supreme Court held that the purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if they do.

In the case Spokane v. Douglass, 800 F.3d 1075 (2015), the Ninth Circuit, which includes Nevada, provided precedent defining "under color of state law" as state law enforcement officials involved in conspiracy with private parties, which applies to the conspiracy to violate the protection order and suborn the violations of the protection order.

For 42 U.S.C. § 1985, Griffin v. Breckenridge, 403 U.S. 88 (1971) sets the precedent that private conspiracies to violate civil rights are actionable under this code, which includes the conspiracy between Sheeler, Harcrow, Gibson, Simpson, Dean, and Nye Legal as well as the Nye county employees.

For the stalking case, Hummel v. State, 833 P.2d 1370 (Nev. 1992), provides precedent that stalking is not limited to physical stalking but also includes stalking via constant unwanted communication which is relevant in this case, as Scheeler made a false report through the Nye Sheriff, who then trespassed on the plaintiff's property and threatened the Victim in July of 2021 under color of law, while again violating the protection order restraining Scheeler from harassment and stalking through malice.

1. Through 01/31/2022, Kenneth Bryan Scheeler was issued an Extended Protection Order Restraining him, #21-PO-00001, because he trespassed on the Victim's property, and stalked plus harassed his Victim, while carrying a firearm and was caught on video.

Under Nevada law, stalking is defined as "willfully or maliciously engaging in a course of conduct that would cause a reasonable person to feel terrorized, frightened, intimidated, harassed or fearful for the immediate safety of a family or household member, and that actually causes the victim to feel terrorized, frightened, intimidated, harassed or fearful for the immediate safety of a family or household member" (NRS 200.575). The Nevada Supreme Court held that a person can be guilty of stalking even if the victim is not aware of the stalking at the time it occurs.

In this case, Mr. Scheeler's actions clearly meet the definition of stalking under Nevada law. His continued harassment of the Victim, despite the restraining order, has caused Mr. Doe to feel

terrorized and fearful for their safety. This is a clear violation of the restraining order and constitutes a new cause of action for damages.

Furthermore, under NRS 200.591, a victim of stalking can sue the stalker for damages, including but not limited to, lost earnings, attorney's fees, and any other out-of-pocket losses. The Nevada Supreme Court holds that a victim of stalking could recover damages for emotional distress, even if the victim did not suffer any physical injury.

3. Plaintiff damages include, but are not limited to, are medical bills, costs of therapy for infliction of emotional distress, security system installation at property, restitution for loss of enjoyment of property, lost wages, plus lack of utility for business at property, and attorney fees and costs.

4. Mr. Scheeler is liable for the damages resulting from his extended protection order.

**CLAIMS AGAINST PAHRUMP JUSTICE COURT**

**RETALIATION TO VIOLATE CIVIL RIGHT TO ACCESS COURT SYSTEM WITHOUT DISCRIMINATION AND SUBORNATION OF VIOLATION OF PROTECTION ORDER**

Since filing a formal complaint against Bailiff Taylor for coercive process service, every single filing has been rejected for petty & erroneous reasons, over one-hundred fifty plus (150+) pages and twelve (12) attempted filings.

On April 27th 2021, while retrieving paperwork granting a protection order for the victim against Harcrow's restraining order 21PO-000305, bailiff Jamele A. Taylor at the Pahrump Justice center used his position as an employee of the sheriff's office to force invalid process service under color of law by executing a criminal detainment on the plaintiff. He approached the plaintiff after coming out from behind the clerk's area, and said "Sit there!" and pointed at a chair. Then he said "I.D. now" to which the plaintiff gave his identification, believing he was being detained and investigated for a crime. When the bailiff attempted to the serve the papers on the plaintiff, the plaintiff told him that the name was not his, and that one deputy had already attempted to serve the papers at the address on the pleadings, and because the name did not match, the service was rejected due to being inaccurate and told that the name would need to be updated in the court if they wanted to serve the plaintiff. Taylor said, "I don't care, and I'm not going to argue with you. Judge Jasperson will accept it because the address is the same." Yet, Taylor was serving the papers in the courthouse, and attempting to match addresses on an I.D. card he searched and seized under color of law through executive a false a criminal detainment, which is a form of false imprisonment, with different names on the papers (when the state statute says that service can be effectuated on one member of a household if they 18 or older, at the address, not elsewhere).

Taylor then attempted to serve the process of a civil case against the plaintiff, when the case did not pertain to me. The party named in the civil lawsuit Taylor served under color of law had a completely different last name written on the papers. Taylor served the documents under duress through intimidation, including using his special operations military background, to coerce and force my signature and identification card. I told Taylor I was unwilling to accept the service of the civil case documents, and had previously rejected the service based on the different last name

which did not match mine. Even though I rejected the service, he wrote down my information on an affidavit and submitted it to the court, which is a fraudulent misrepresentation of events under color of law.

Deputy Taylor, conspired with the Pahrump Justice Court Clerks Michelle Thorn and Kimberly Sherman, who passed the papers for service to Taylor, with a different last name than the plaintiff, and instructed Taylor to serve the papers under color of law to the plaintiff in order to deprive his civil rights to be free from unauthorized search and seizure.

Pahrump Justice Court Clerks Michelle Thorn and Kimberly Sherman then started putting my name on pleadings under the wrong name as "AKA" when I am not known by any other names and have never used any other names. I am certainly not known in any capacity by the incorrect name that was put on a pleading and submitted to the court by Harcrow which was then adopted by discriminatory clerks who are violating my rights to be treated equally under the court system through my legal name.

The clerks also violated the civil right to access the justice system, because they withheld mailing my paperwork for motion hearings and cases aforementioned, that had been granted by Judge Jaspersen in order to violate my due process of service  and to aide, and suborn the violations of the order, in a conspiracy with the adverse party Harcrow.

Therefore deputy Taylor and the Nye County Justice clerks who intentionally put an obstacle in front of me in picking up my paperwork by forcing me to sign for service on a Case illegally that was not even under my legal name is an abomination to the justice system in terms of Rights of procedure. The courts manipulated my access to my case as a plaintiff, and simultaneously manipulated the system in order to fraudulently serve documents in retaliation against Plaintiff for filing complaints against the county and its employees. And if the malicious prejudicial treatment was not fully intentional, the justice court has a widespread policy of abuse of process, abuses under color of law, and violations of civil rights to the majority, if not nearly all the taxpaying citizens of the county.

During the fraudulent service under color of authority with duress, Deputy Taylor said concerning verbatim statements to the effect of "ohhh you're going to get it" "give me your ID" and "I'm not going to argue with you." He also told me "as a law enforcement professional that he wasn't personally going to hold it against the guy for putting down the wrong name."

Isn't the first job of a law enforcement officer supposed to make sure that his documentation and paperwork is correct to the utmost of his abilities for him to intentionally and negligently blow off

the legal responsibility, to check for a name to make sure that these accusations are going down the correct procedure, is a claim for violation of my rights in that I was temporarily detained as if I was being investigated for a criminal matter in order for the deputy to serve a civil order with a name that did not match mine.

that this person needs to be held ethically accountable for because to say that you can not hold somebody putting down the wrong name on paperwork accountable is an ethical violation of his responsibilities for the office in which he has been espoused to conduct ethnically.

I told Taylor I got into law school 8 years ago and that what he was doing to make me sign the paper and sign under duress was illegal and criminal. I explained to him that because I had an active protection order against this adverse party and had filed in opposition to any potential protection orders that had come my way under a different name: that according to state law, he could not serve me under papers with the wrong name at the courthouse.

However, the court was required to furnish me a copy of the statements against me for my TPO opposition case, not to serve me under an invalid and unreasonable temporary protection order with a different name, with me as the adverse party, which Taylor was only trying to do so that he could put a notch under his belt and say that he serve somebody and get a little golden star on his report card under the color of law, which was a violation of constitutional rights to be free from illegal search and seizure.

Deputy Taylor went on to redefine the State Constitution and explain to me how he misappropriated and misconducted the execution of that Constitution at his level by saying that Nevada is actually a drop service state and not a personal service state and that is how Nye County executes this law.

This statement on body camera by Taylor, is completely against the Nevada revised statutes and state constitutions in that deputy Taylor said that pretty much anybody could be served someone else's papers, so it could be somebody who lived at the same address and it was on the people at the address to make sure that the paperwork got to whoever was listed at the address.

This creation of statues, and interpretation of the existing law is completely false and Taylro started almost chuckling at it, saying that the judge would take that but they don't like to do it because it causes drama between roommates. Needless to say, all of these things were very concerning for a person who seems to be in a position of trust and authority, vested by the State Constitution and the higher laws governing the United States of America.

Taylor uses their power position authority to extract an identification card under color of law, in order to violate constitutional rights to be free from illegal search and seizure, to ultimately serve me a civil case pleading which is addressed to a person with another legal last name that does not belong to me. This breakdown in the justice system is seen throughout the entire Pahrump Justice Court in the way that these clerics handle everything, from lack of service, to lack of professionalism in making sure that legal names apply to the legal documents and the people therefore assigned with the legal obligations. When we start putting the wrong names against the wrong people the entire Justice system legally breaks down.

Pahrump recently jailed someone illegally, under the wrong name and completely ruined their life because of a clerical error. I hope that this trend of misconducting professional duties as simple as checking legal names is able to stop immediately within Pahrump Justice Court and The Nye County Sheriff's Office, particularly Deputy Taylor, and Clerks Sherman and Thorn.

**Claims against Defendants for the systematic abuse and civil rights violations:**

- Blocking of access to legal resources by bailiff, clerks, and justices named in complaint.
- Fabricating US Constitution Bill of Rights, Nevada Revised Statutes, local court rules, and administrative requirements at all levels of employees.
- Clerks lieing about papers filed on recorded phone calls from court clerks.
- Under duress and color of law by bailiff Taylor, forcing serving orders which are of other person's names, to the victim,
- Stalking and Harassing the victim prior to court by Harcrow's defense attorney Gibson, Nye Legal and his employees Sunny Dean and William Simpson.
- Publicly harassing the victim at the court hearings by attorney Gibson and adverse party Harcrow's gang.
- Publicly mocking and laughing openly in the courtroom by attorney Gibson, while the victim attempts to present the motion, paid for by extorted fees from clerks.
- Screamed at to "Shut Up" by a town justice Jasperson with clear mental health issues: who asked the victim a direct question, immediately prior to exploding with a verbal assault when pictures and one word "yes" attempts to answer were given. I've never seen such blatant behavior beyond judicial canon defined unprofessional limits, especially for an elected justice of the peace, allegedly a leader in a civilized community.
- I have seen this justice act in the exact same, provoking and abusive manner with many other citizens and do not believe this person embodies the spirit of the office nor democracy.
- The government is designed to support the citizens, a public position is not to be used as a tool from which authoritative vested powers are translated back into abuse and harm against the very citizens seeking justice through the appropriate judicial system process.

-      Coerced through duress to silence my argument, during the presentation of hard evidence, as a self-represented victim, that was pivotal to my paid motion case I am entitled to seek justice under the US Constitution for crimes on my home within the township jurisdiction.

● **Claims against MICHELLE THORN, DEPUTY CLERK**

○   **june 7th 2021**: rejected harcrow tpo due to fabricating formatting requirements not in nevada civil rules of procedure. attempted, through coercion, to not accept tpo at all, stating she knew the outcome before filing.

○   **august 3rd 2021 -** illegally identified citizen over recorded phone lines. a verbal complaint was lodged directly with thorn. clerk thorn then clearly escalates her pattern of lack of service to citizens, through retaliation of rejecting court cases illegally.

○   **august 19th 2021 -** rejected scheeler epo motion (costing $34 through letterstream) due to demand of: $51 fees from victim, copy of original order on file with court, and "original" signatures, even though the signatures are written and have been accepted by thorn & many clerks previously. additional injustices are:

■      court error of not including firearm relinquishment affidavit with order, nor keeping on file in 21po-00001.

●      firearms have not been surrendered by adverse party scheeler, who  still remains illegally within the protected danger zone and has trespassed as an epo violation, to leave written death threats 10 feet from the victim's bedroom.

■      court error of incorrect date range feb 21 - jan 21.

■      abuse of victim through retaliation and intentional escalation of immediate danger, by delaying emergency risk hearing requests.
●      the life of the victim is in danger, the epo is not administratively valid and not being enforced, so then adverse party knows this and violates order with threats of murder. ncso is called to investigate and does nothing with hard evidence of a written threat and active security alarms sounding, and the adverse party Scheelr with epo is the one calling the ncso about the alarms, further implicating himself. yet, due to retaliation of lack of help by ncso due to complaints, no arrests or citations of adverse party occur.

●     the victim is forced to file another epo motion, correcting the court issue and asking for contempt / sanctions to stop the abuse.

○     the court clerk thorn rejects 80 pages of professionally delivered documents for illegal, fabricated, and retaliation based motives against the victim (because victim blew the whistle and filed formal complaints against the offices)

●     **Claims against KIMBERLY SHERMAN, DEPUTY CLERK II**

○     incorrectly filed the dates for scheeler's epo as ending before it started in january 2021.

○     illegally tolled a tpo opposition request, such that, i would incur an additional 30+ days of punishment when the motion should have been set for hearing much sooner according to nrs.

■     Sherman scheduled the hearing improperly again to retaliate against me as a non-local, and protect the high school teacher she knew previously (harcrow). i also had scheduled an epo hearing against harcrow, so kimberly used this date against me, to toll an opposition for an incorrectly filed (wrong last name) tpo against me.

■     lied about not filing a continuance motion and left a message on my phone harassing me
●     took a phone call after hours at the pahrump justice court to lie about not filing the motion and hanging pu the pone on captain doe.

●     fabricated reasons like "no staple" for not filing continuance motions

●     sherman had filed the motion, according to her time / date stamp hours earlier that day, so then why was she calling to harass me, leaving messages stating that she would not file a motion that she legally stamped off on?

○     this type of fabricating of filing was executed for malice, retaliation-based reasons - and probably to engage with me in an argument on the phone so that sherman could then attempt to use my words against me. a classic bait and switch lie, where she creates a scenario that she knows will cause an argument, that doesn't exist, only to see if i will say something that is unprofessional on the phone - she can then use to further implicate her lies, possibly filing fraudulent charges

○     one dispatcher named katherine sproul made a false report through a material lie on a 9//11 record call vs cad. and sproul also filed a false 9/11 report on the plaintiff on the day that gideon and sherer harassed him at his property when he called for a police response for harcrow's stalking,

because sproul claims that plaintiff threatened her, when the voice recording does not show this fact to be true. sproul is liable for felony perjury and false reporting and well as suborning the crimes from harcrow and scheeler to violate civil rights.

○    yet somehow the filings for the adverse party always seem to be accepted, even when the person has the wrong legal last name.

■    ncso did not attempt to serve harcrow ;s tpo at all, verified by julie nicholson, as another form of retaliation for my complaints.

●    yet i was illegally attempted to be served by ramos, under a false last name and the service was rejected.

●    then taylor coerced the service at pjc, in conspiracy to commit a systematic civil rights violation crime against me: plaintiff doe - because the court, nor bailiff would allow me to pick up my papers against the adverse party, motions i had paid to file, until i was forced to sign an affidavit of service under duress, as an adverse party with a legal name that is not mine.

●    sherman also fabricated facts to judge chamlee, who participated in the intentional infliction of emotional distress on the plaintiff, as a small claims trial against harcrow. the clerk lied about telling the plaintiff that his usb stick would be usable in the courtroom to show video of harcrow harassing the plaintiff. then after lunch, judge chamlee violated the plaintiff's rights to due process to litigate by stating that usb sticks were not allowed in the court computer for security reasons. when the plaintiff told chamlee that sherman had directed him to bring the usb stick, chamlee asked sherman if that was true, and she lied to the judge staging that she did not authorize the plaintiff to bring a usb stick. then as an abusive measure against a disabled person, the court gave the wheelchair bound plaintiff plaintiff ten (10) minutes to leave the court, pack up his wheelchair, drive home, get a personal computer, and return to the courthouse to play the video of harcrow's harassment.

●    the transcripts from the small claims trial are available as an averment.

●    clearly - ncso and pjc are going out of their way to abuse me, while neglecting to honor their basic oath of office of public service on an adverse party who was ultimately ordered by a judge who is equally disrespected in the cycle of systemic abuse witnessed in pahrump.

**Claims against Joshua Irwin Weaver**

Around 25th of January, 2021, Weaver was wearing a body
camera, showing the deputy responding to the wrong address called for 9/11, because
Weaver trespassed onto my property to harass me. I also have a  final verbatim recording of
Weaver fabricated facts under the color of law to prohibit access to the public safety
resources without discrimination by saying that "he was in the U.S. Army Ranger Regiment
for 15 years" and twice stating "you don't understand, I'm a disabled veteran"

The fact that deputy Weaver committed a crime of falsely impersonating a disabled veteran,
in order to neglect his sworn duties as a peace officer under color of law, in the course of not
conducting an investigation... is reprehensible, unscrupulous, and is a violation of victim's
rights, and 14th amendment safety in one's property, because he used his false narrative
under color of law to disobey the duties to citizen taxpayers who fund his salary to take a
report, issue a warning, or enforce the laws of the county he is sworn to uphold without bias.
He discriminated against me, based on my veteran status.

Weaver's actions are also under investigation by the federal government for stolen valor,
veterans affairs compensation and pension, plus state level social security fraud. It is also
possible that his deputy is in fact 100% disabled (very unlikely), so then it is possible
Weaver is double or triple dipping, and lied on his application to the NCSO about his
disabilities. Why has this officer not been put on any type of leave while the state and federal
investigations resolve?

The issue has been ongoing, and Captain Burkowitz has elevated this complaint to the issue of an internal
affair. Burkowitz, through an email, will not remove this deputy from the force, nor file charges, and has
essentially dismissed me and this criminal issue by his own deputy for the past several months. Burkowitz
has suborned felonies in order to deprive both state and federal liberties to safety in one's property, which
includes the address which was listed in the TPOs and EPOs for Harcrow and Scheeler to stay away from.

Burkowitz went as far as accusing me of making up a false report, and would not give me the name of the
deputy, who had not put his own name down on the public CAD... all without looking at a shred of
evidence or conducting an investigation himself. When in reality, Burochowitz fabricated public records
and have harbored resentment since I filed a complaint and forced him to update the public records listing
the deputies who responded under color of law.


**Claims against Timothy Sutton and Nye County** both suborned felony violations of the restraining
order by Scheeler, through suborning the police misconducted executed under the color of law which

include dereliction of duties to protect a Victim. This is a violation of the fourteenth amendment, because the county employees acted in a conspiracy with criminals to damage the plaintiff's property, and not enforce two separate TPOs and EPOs. Therefore, no immunity exists, because the destruction of private property and the suboring of the crimes, in addition to acting in a reckless and grossly negligent manner under color of law to serve an EPO order with clear errors like the end date before the beginning and devoid of a firearm relinquishment memo, violates clearly established statutory or constitutional rights of which a reasonable person would have know.

4. Deputies named as defendants were legally responsible under Nevada and Federal law for carrying out certain duties, such conducting a proper investigation with filing of a timely and accurate report, because material evidence of a crime existed and a video of the crime being committed was given to Martinez-Hernandez. If the employees had executed their duties without gross negligence, it would have caused, at minimum, Mr. Scheeler's detainment or citation for crimes blatantly caught on camera.

The deputies and county department failed to uphold the victim's bill of rights, and citizen rights, and their gross negligence resulted in the victim suffering a deprivation of federal rights and constitutional freedoms, to be free from illegal damage to his property, his liberty, and his life. The deputies and department are liable for the damages caused by their violation of victim's rights resulting in material damage to the plaintiff's property, life, and liberty.

5. Claims against Deputies Martinez-Hernandez, Jason Heaney, and David Boruchowitz, plus

Joshua Weaver

Xavier Gideon

Richard Sherer

John Tolle, III

James Ramos

Hanon Daigler

Breanna Nelson

<u>Shannon Wherly</u>

<u>Joseph McGill</u>

failed to conduct any proper investigation, and through gross negligence ignored material evidence of the original crimes by Scheeler and Harcrow being committed, which would have surely proven the criminal case beyond a reasonable doubt to any jury.

The employees, through gross negligence, accepted the verbal lies from Scheeler that he had not dumped trash and simultaneously as facts in the investigation, ignoring the rock solid video of the crime actually being committed from beginning to end, and Scheeler's written death threat. This is a violation of the fourteenth amendment, because the county employees acted in a conspiracy with criminals to damage the plaintiff's property, and not enforce two separate TPOs and EPOs. Therefore, no immunity exists, because the destruction of private property and the suboring of the crimes, in addition to acting in a reckless and grossly negligent manner under color of law, violates clearly established statutory or constitutional rights of which a reasonable person would have known.

a.      Mr. Scheeler was never detained, nor cited, charges were never pressed, and a mandatory criminal protection order against Scheeler was not issued for the underlying trespass to dump, with felony menacing due to carrying a gun during the crime, or the repeated EPO violations of carrying the pistol when a prohibited person from an Arizona conviction which the sheriff failed to investigate during the EPO relinquishment order also, plus more stalking and threats by Sheeler in one instance enacted with the Sheriff during a false report Sheeler made when he set off security alarms during his second trespass, so the NSCO department has willingly conspired to suborn the misdemeanors and felonies.

b.      Employees of the department failed to write the incident report in a timely manner, causing damages to the Victim and forcing a burdensome and unnecessary civil protection order acquisition, because they were too lazy to file a criminal report with all the evidence available.

6. As a victim of a crime, I experienced feelings of confusion, frustration, and fear. At no point in time did the department employees explain my rights as a victim or witness, and help me better understand how the criminal justice system works.

a.    One of the responsibilities of citizenship for those who have knowledge about the commission of a crime is to serve as witnesses at the criminal trial or one of the other hearings held in connection with the criminal prosecution. The entire criminal justice system cannot function without the participation of witnesses. The complete cooperation and truthful testimony of all witnesses are essential to the proper determination of guilt or innocence in a criminal case.

b.    The NCSO Department was not concerned that case 20NY4469 victim and witness to the crime was treated fairly throughout their contact with the criminal justice system.

c.    NCSO dissuaded my participation as a victim of and witnesses to Scheeler's crimes, making the investigation ineffective and meaningless for the district attorney to be able to properly prosecute based on evidence collected.

7. Multiple witnesses, like state adult protective services and federally licensed medical doctors, were present at the events. Several Veterans Affairs physicians reported at the hospital about the treatment of Captain Doe's additional injuries caused by NCSO employee negligence.

8. Most concerning, the negligence of all the governmental parties who conspired to suborning the violation of an extended protection order repeatedly, arguably created 365 violations as counted by the number of days Scheeler carried a pistol while restrained from doing so.

Local governments, like Nye County, can be sued under Section 1983 for civil rights violations resulting from their policies or customs. This could potentially apply to the alleged failures by employees named, because it can be shown that these failures were due to policies or customs

within their respective departments, which is that the district attorney requires the sheriff's office to have "beyond reasonable doubt" proof of crimes, rather than "probable cause" to issue citations, warrants, or conduct arrests based on available evidence of crimes.

This can be proven through direct confessions by the employees to the policy being adopted by the county, and used as a policy in their handling of criminal complaints due to the lack of resources and potential liability on the sheriff office from 1983 and other civil right violation cases like this. Essentially, if the sheriff doesn't interact, they can claim immunity, but if they do, they open themselves up for liability due to their failures to enforce protection orders as one example, so they have created a police to require a higher burden of proof for the apprehension of suspects than is required by Nevada Revised Statutes.

The governmental parties named in the complaint each individually enabled Mr. Scheeler to continue his bullying, abuse, threats, stalking, harassment, menacing, trespassing and felony violations of carrying a firearm during 1-year of an extended protection order, ending on January 31st 2022, without legal consequence.

9. As a 100% service-disabled veteran with a prior traumatic brain injury and broken neck among other disabilities, I was treated by the Veterans Affairs federal medical team for NCSO's intentional infliction of emotional distress. The above-detailed negligent actions have caused Captain Doe to fear for my safety and have interfered with Captain Doe's simple day-to-day activities, such as getting the mail at the end of his driveway.

10. Due to the stress of the situation that NCSO employees intentionally caused, Captain Doe has recently been diagnosed with a new stress related to his teeth, specifically grinding his teeth due to the stress of the situation.

a.      Additionally, Captain Doe has been prescribed recently with two new medications directly related to the harm and stress he has sustained as a result of NCSO employee's negligent conduct and deprivation of victim's rights.

On 7/13/2021, while actively restrained under an extended protection order and while in violation of the order for not relinquishing his firearm, Scheeler called Nye County Sheriff's Office to file a falsified report, falsely claiming security alarms used to protect Plaintiff, and his property, from Scheeler were somehow "disturbing his peace." This is a violation of the right to be free from illegal search and seizure, and from destruction of property because the sheriff broke a lock on a fence, and lock on a back door.

It was also the same day that Plaintiff found evidence of Scheeler's additional trespass and a written death threat. NCSO had 4 cruisers and Deputies Tolle, Ramos, and Heaney, here at Plaintiff's house that day to harass him, and fabricated their CAD report also.

This CAD report is another fabricated document, that will be subpoenaed soon in Federal court and held liable for intentional negligence and perjury once they are put on the stand to verify the accuracy of the report. Why are there 4 cop cars shown on the security camera at Windsong, yet only 3 deputies Tolle, Heaney, and Ramos are listed as responding in the CAD? Someone had to be driving the fourth car, which means NSCO report falsifies public information about how their tax dollars are being spent and violates civil rights through illegal search. Also, another suborning of the felony of violating the protection order by sending deputies to harass the victim Plaintiff was enacted and conspired with Scheeler to further abuse the victim by the county employees and department.

This calling of the police and fabricating the time the alarms went off, which was not sundown, will be used against Scheeler, because it's a false report of disturbance of the peace, and the sheriff's then assaulting me and my home, breaking my door, breaking my lock, and then negligently investigating the death threat from the restrained party Scheller, is considered malice deprivation of civil rights and failure to protect.

It is clear from the false report that Sheeler made, that he is alleging that I'm out in my yard

"antagonizing him." When the truth is, he is violating the protection order and I'm telling him to get away in whatever way I can, including alarms on my inner gate. The fact that the person who has an EPO against them is calling the police on their Victim for having their security system go off, and falsely reporting crimes of disturbing the peace to harass the protected person, with proof of a death threat written and trespassing by the tripping of the perimeter alarm, is a felony and civil violation of the EPO shown as a second count by Sheeler. There is also a subornation of the violation of the order by the sheriff, so a conspiracy exists.

**Claims against Deputy District Attorney Almon and Nye County Sheriff deputy <u>Breanna Nelson, and the Sergeant of Nelson,</u>** failed to properly investigate and suborned the felony violation of the extended protection order violation intentionally, because their office had been closed due to COVID and on 4/20/2021, Almond called to leave a voicemail stating that he somehow "dismissed" the dumping and menacing case, when he is not a judge.

Almon lied and said there was not enough evidence for an EPO violation, when clearly the transcripts from the original order dictate that Scheeler needed to relinquish his pistol.

<u>Breanna Nelson</u> was the officer who negligently failed to investigate the EPO violation by Scheeler of being too close to the victim and harassing him at his mailbox, after the victim called in the violation. She accosted the victim when he asked for her to write down her badge number for a complaint and said "She wasn't going to write down shit." Nelson is liable for conspiracy to suborn a felony in order to violate both state and federal victim and civil rights. Nelson served an EPO which had 3 major errors, including an ending date before the start, so she did not take reasonable measures to protect the victim because she suborned violations of the EPO by serving an order which was not accurate and therefore, unenforceable.

Section 1983 of Title 42 of the United States Code provides an avenue for individuals to sue state government employees and others acting "under color of state law" for civil rights violations. This includes violations of victims' rights as defined by state law. In this case, the alleged violations

include intentional violation of protection orders, harassment, stalking, trespassing, conspiracy, and intentional infliction of emotional distress.

The violation of state victims' rights can be linked with violations of federal civil rights through the "under color of state law" provision of Section 1983. This provision is interpreted to include not only actions taken by state officials within their official capacity, but also actions taken outside their official capacity if they are related to official responsibilities. In this case, the alleged failures by Deputy District Attorney Almon and Nye County Sheriff Deputy Breanna Nelson to properly investigate and enforce the protection order could be considered actions taken "under color of state law."

In terms of legal precedents, the Supreme Court established that local governments can be sued under Section 1983 for civil rights violations resulting from their policies or customs. This applies to the alleged failures by Almon and Nelson, because it can be shown that these failures were due to policies or customs within their respective departments, which has to do with prosecuting felonies based on money made for the county through higher fines for higher penalties when returning from being out of the office due to COVID. The scope of Section 1983 is further expanded by ruling that local governments have no immunity from damages arising from their constitutional violations under Section 1983. This means that if Almon and Nelson are found to have violated the plaintiff's civil rights under Section 1983, their departments could be held liable for damages.

In terms of state law, NRS 41.5085 provides for civil action and recovery of damages for persons who cause peace officers to contact victims based on the victims' characteristics. This applies to the false reports made by Sheeler.

The plaintiff seeks relief against governmental parties under 42 U.S. Code § 1983 and 42 U.S. Code § 1985. Specifically, the plaintiff alleges that Michael Foley violated the victim's rights by not holding a hearing to enforce the order and by denying the disabled veteran access to the

courthouse under the Americans with Disabilities Act (ADA). The Supreme Court held that Title II of the ADA, which prohibits disability discrimination by all public entities, is a valid exercise of Congress's power under Section 5 of the Fourteenth Amendment. Therefore, the employee is liable under his individual and official capacities for violating the plaintiff's constitutional rights.

Claims against Michele Fiore

Violated the victim's rights by disallowing copies of the transcript from the EPO hearing to be given to the Victim, when Judge Jasperson ordered "all fees deferred" on the temporary and extended protection orders against Scheeler.

Fiore intentionally used her office to suborn Sheeler's violation of the protection order, and then concealed the transcripts from being obtained, requiring extortion of fees to be paid to the courthouse to enforce the order it negligent produced through clerical errors of not including the original judge's order to relinquish firearms, or the correct expiration date, or any distance mandated to stay-away which was ordered in the TPO of 300 feet.  The Supreme Court held that Title II of the ADA, which prohibits disability discrimination by all public entities, is a valid exercise of Congress's power under Section 5 of the Fourteenth Amendment. Therefore, the employee is liable under her individual and official capacities for violating the plaintiff's constitutional rights.

**Claims against Micahel Edwards, Laurie Moreno, Lisa Thayer, Stephanie Bedker, Freeman Mathis & Gary, LLP, Messner & Reeves LLP, Julie Nicholson, and David Burochowitz,**

Defendants have been harrassing the plaintiff, outside of court since March of 2023, in order to aid the defendants in their civil conspiracy to deprive rights of a Victim both at the state and federal levels. The businesses and employees Edwards and Bedker have been stalking the plaintiff and have filed confidential and personal information into the case in order to violate his privacy, putting every single document about his personal assets into public view before when the files are completely irrelevant to the case.

Then, <u>Micahel Edwards, Laurie Moreno, Lisa Thayer, Stephanie Bedker, Freeman Mathis & Gary, LLP, plus Messner & Reeves LLP</u> began sending harassing pointless emails to stalk the private inbox of the platinff and damage his space available, and sent an harassing cease and desist letter attempting to strangle the plaintiff's ability to interact with the local government, including calling 9/11 for help.

Also, the firm has been serving documents to employees which are not a party to the case, ie Laurie Moreno, Lisa Thayer, and many other, which is a violation of the fourth amendment right to privacy in papers and also contributes to the conspiracy as they have attempted to allow these non-party people to contact and serve the Plaintiff over his old law school address.

Finally, the firm has violated the rules of federal civil procedure by intentionally absconding from waiving the service of summons for five months, and also has not paid for the process service fees that were forced on the plaintiff due to the unscrupulous federally barred attorneys who have negligently violated their oath sworn and used to practice in this venue.

Defendant Boruchowitz, despite his pending federal indictment for crimes against citizens, used his official and individual capacities in his position to intimidate the plaintiff over emails during litigation, so that the plaintiff would not be able to use the nye county sheriff office to serve any of the defendants listed in the original complaint. This is a further abuse of process and violation of civil rights to access the justice system without discrimination or fear of color of law abuses. Ultimately, the business and employees seek to delay litigation and file frivolous motions to aid the county in not enforcing the law and are liable for suborning the felony extended protection order violation by Scheeler.

The Defendants' attorney, Stephany Bedker, conducted an unauthorized and unlicensed investigation into the Plaintiff, and presented false information the court to paint him in a negative light from the outset, during the time she was absconding for service, which amounts to stalking.

The Defendants and their attorneys have engaged in a pattern of abuse of process and perjury of stating Plaintiff forged an e-signature when Ms. Bedker is the perpetrator, in an attempt to falsely portray the Plaintiff as having perpetrated a fraud on the court. This has caused several panic attacks and the chipping of the front tooth of the plaintiff during the time in which he had to reply to the order to show cause for sanction's abusively requested by the unscrupulous defendants without grounds or valid evidence of their allegations.

The Defendants and their attorneys have falsified that FMG Law, Edwards, Bedker, and Loreno did not receive a total of 9 conferral emails, and telephone calls routed through secretaries and voicemails left on their business numbers, when they did. The other third-parties who were also sent the same email for verification of receipt and of sending, have proof that the email made it to their inbox, thus proving that the emails was sent and received at FMG Law, because no rejected email error message was received by Plaintiff. Also, the proof of the calls made to the office, forwarded by the same secretary who always answers and the amount of time shown for leaving the voicemail proves that Edwards did receive the calls and voicemails, then abused the process to deny this in order to perpetuate a cycle of litigation tactical harm against the pro se plaintiff through a twice maliciously enacted DPSO conference event of gamesmanship.

**E. PRAYER FOR RELIEF**

Restitution for damages equal more than $75,000.00, including but not limited to:

1.      Declaratory Relief

2.      Punitive fines for malicious acts against a Victim.

3.      Attorney Fees.

4.      Medical Bills.

5.      Therapy Costs.

6.      Lost Wages.

7.      Lost Tuition.

8.      Loss of Usage of Property.

**F. PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.


/s/ John Doe

**John Doe**

3/6/2024


275 New North Road

Unit #2051

London, N1 7AA

United Kingdom /s/