UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Grant M. Saxena, | Case No. 2:22-cv-02126-CDS-BNW |
| Plaintiff | **Order Granting Defendants' Motions to Dismiss and Closing Case** |
| v. | |
| Jezrael Martinez-Hernandez, et al., | [ECF Nos. 88, 90] |
| Defendants | |

In his first amended complaint (FAC), pro se plaintiff Dr. Grant M. Saxena brings the present lawsuit against a series of defendants that includes David Boruchowitz, Jezrael Martinez-Hernandez, Jason J. Heaney, and the Nye County District Attorney's Office. FAC, ECF No. 85 at 4–5. Although his amended complaint was filed pseudonymously as "John Doe" (ECF No. 85 at 1, 6), Saxena has since identified himself in later filings (*see, e.g.*, ECF No. 94). The FAC sets out 42 U.S.C. § 1983 claims against defendants for violations of Saxena's civil rights and 42 U.S.C. § 1985 claims for a conspiracy to violate his civil rights. ECF No. 85 at 6. Defendant David Boruchowitz move to dismiss the complaint. Boruchowitz mot., ECF No. 88. Defendants Martinez-Hernandez, Heaney, and Nye County District Attorney's Office separately move to dismiss. ECF No. 90. Defendants Martinez-Hernandez, Heaney, and Nye County District Attorney's Office also join Boruchowitz's motion (ECF No. 93), and defendant Boruchowitz joins the other defendants' motion (ECF No. 91). Saxena responded to both motions. ECF No. 94; ECF No. 95. Defendants replied to the respective oppositions. ECF No. 96; ECF No. 97. Because I find that Saxena failed to follow this court's prior order regarding adherence to Federal Rule of Civil Procedure 8, I dismiss his FAC with prejudice.

I.  Background[1]

Saxena, who labels himself as a "law student in the United Kingdom," filed his initial complaint against Boruchowitz, Martinez-Hernandez, Heaney, and the Nye County Sheriff's Office, asserting diversity jurisdiction. ECF No. 1-1 at 4. He alleged that Martinez-Hernandez, Heaney, and Boruchowitz, officers with the Nye County Sheriff's Office, negligently investigated a criminal case involving Kenneth Scheeler, a third party, who was trespassing, dumping garbage, burning trash and car parts, stalking, and harassing Saxena at his property in Pahrump, Nevada. *Id.* at 5. Saxena alleged that those defendants failed to file a timely and accurate report on the incident; ignored video evidence; did not arrest, cite, or charge Scheeler with a crime or issue a "mandatory criminal protection order" against him; and did not explain Saxena's rights to him as a victim or witness or otherwise help him "understand how the criminal justice system works." *Id.* at 7. His initial complaint listed a deprivation of his "victim's rights" under Nevada Revised Statute 178 "composing the Nevada Victim Rights Bill which are now included in the Nevada Constitution, Article I, § 8." *Id.* at 5.

After defendants moved to dismiss for want of subject matter jurisdiction (ECF No. 17), Saxena was granted leave to amend his complaint after he asserted that adding a federal claim would cure the original complaint's deficiencies (ECF No. 71). In that order, docketed February 21, 2024, I gave Saxena fourteen days to file his FAC. ECF No. 71 at 4. I noted specifically in that order that Saxena, to that point, already "had over six months to prepare an amended complaint[.]" *Id.* I also clarified that "[t]he first amended complaint must comply with Federal Rule of Procedure 8 which requires the pleader to set forth his averments in a simple, concise, and direct manner and to set forth a basis for federal jurisdiction." *Id.* (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including those lacking access to counsel)). I warned that "[f]ailure to follow these instructions may result in dismissal of the first amended complaint" *Id.* at 5.

---

[1] Unless otherwise noted, the court only cites to Saxena's original complaint (ECF No. 1-1) or FAC (ECF No. 85) to provide context to this action, not to indicate a finding of fact.

In his FAC, Saxena adds thirty-five new defendants, with claims against some that include allegations like "[p]ublicly mocking and laughing openly in the courtroom . . . while the victim attempts to present the motion, paid for by extorted fees from clerks" and "[f]abricating US Constitution Bill of Rights, Nevada Revised Statutes, local court rules, and administrative requirements at all levels of employees." ECF No. 85 at 24. He now alleges this court has jurisdiction under a federal question, specifically for violations of 42 U.S.C. §§ 1983 and 1985.

Defendants Boruchowitz, Martinez-Hernandez, Heaney, and Nye County District Attorney's Office file two separate motions to dismiss making similar arguments. *See* ECF No. 88; ECF No. 90. Specifically, they argue that (1) Saxena failed to adhere to Rule 8 as instructed by my previous order, (2) Saxena fails to sufficiently plead his federal claims, and (3) deletion of his name from his filing separately strips this court of jurisdiction. *See* ECF No. 88; ECF No. 90. The four defendants seek dismissal against all defendants or, at a minimum, as to claims against them personally. ECF No. 88; ECF No. 90. Defendants have joined each other's motions.[2] ECF No. 91; ECF No. 93.

## II.     Legal standard

Federal Rule of Civil Procedure 8(a)(2) requires, among other things, that the claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Similarly, Rule 8(d)(1) requires "[e]ach allegation [to] be simple, concise, and direct."

A district court may dismiss a complaint for failure to comply with Rule 8. *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (holding that dismissal of plaintiff's complaint was appropriate as it exceeded seventy pages in length, was confusing, conclusory, and not in compliance with Rule 8); *see also McHenry v. Renne*, 84 F.3d 1172, 1177–80 (9th Cir. 1996) (upholding a Rule 8 dismissal of a complaint that was "argumentative, prolix, replete with

---

[2] By joining in each other's motions, the defendants have adopted the arguments in the other's motion. There are common questions of law and fact at issue in the case, and the defendants appear to raise similar claims in their respective motions. Thus, the court will construe these as motions to join, which are granted based on the same reasoning granting their motions to dismiss.

3

redundancy, and largely irrelevant"). Rule 8(a) "is also violated, though, when a pleading says *too much. Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citing *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("[W]e have never held—and we know of no authority supporting the proposition—that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.")) (emphasis in original)

In considering whether a complaint fails to abide by Rule 8(a)'s requirements, the Ninth Circuit has explained that "a dismissal for a violation under Rule 8(a)(2), is usually confined to instances in which the complaint is so 'verbose, confused and redundant that its true substance, if any, is well disguised.'" *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969) (quoting *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)). But "verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)." *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008). To warrant dismissal under Rule 8(a), a lengthy complaint would need to contain overly confusing, ambiguous, vague, conclusory, redundant, or irrelevant allegations that obfuscate the substance of the core allegations. *See id.* at 1130–32 (collecting cases).

### III.     Discussion

#### A. Motions to dismiss

Even assuming Saxena has sufficiently pled his federal questions such that this court has jurisdiction over his claims, his complete failure to adhere to this court's February 2024 order is more than sufficient grounds for dismissal. Saxena's FAC is forty pages long (compared to his first complaint, which was only ten), and lists **thirty-five** new defendants, from each of whom he seeks relief. *See* ECF No. 85. Many of his claims are confused and nonsensical, providing the defendants—and this court—no way of deciphering which facts are relevant and which are extraneous. The FAC reads more like a stream-of-consciousness letter accusing each individual and institution he has interacted with in Pahrump of nefarious deeds, some of which include "[b]latant and wanton disregard for judicial ethos as an abomination to the Nevada Constitution"; "putting [Saxena's] name on pleadings under the wrong name as 'AKA,' when [he

is] not known by any other names and [has] never used any other"; and scheduling hearings "improperly . . . to retaliate against [Saxena] as a non-local[.]" *Id.* at 15, 22, 26. His requests for relief, which are scattered through his complaint, include seeking to have Thomas Gibson, an attorney, investigated with the intent of suspending his license to practice law and requesting that this court subpoena "the certified receipt of mailing that [Sunny] Dean actually put in the mail on May 20, 2021[.]" *Id.* at 15, 16. Saxena also repeatedly, and with no support, accuses numerous people of fraud in his FAC. *See, e.g., id.* at 15 (accusing attorney Gibson of fraud); 21–22 (accusing Pahrump Justice Center bailiff Jamele Taylor of fraudulent misrepresentation and service); 26 (accusing Deputy Clerk II Kimberly Sherman of filing fraudulent charges). This is anything but "a short and plain statement of" Saxena's claims. Moreover, it also falls woefully short of the heightened pleading requirements under Fed. R. Civ. P. 9 when bringing allegations of fraud.[3]

Several decades ago, a district court, reviewed favorably by the Ninth Circuit in *Nevijel v. N. Coast Life Ins. Co.*, was faced with a similar set of circumstances. 651 F.2d 671 (9th Cir. 1981). It had previously dismissed a complaint for numerous deficiencies, instructing the plaintiff to file his amended complaint within ten days, requiring adherence to, among others, Rules 8(a) and 8(e). *Id.* at 673. The amended complaint "was 23 pages long and had 24 pages of addenda, named additional defendants without leave of court, and was equally as verbose, confusing and conclusory as the initial complaint." *Id.* at 674. The Ninth Circuit upheld dismissal on the grounds that the plaintiff failed to comply with Rules 8(a) and 8(e). *Id.*

Here, Saxena was *explicitly* warned that failure to adhere to Rule 8 may be grounds for dismissal. Instead of constraining his FAC to the same defendants but altering the claims to align with the federal question jurisdiction he represented to this court he could show, Saxena provided the court with a complaint alleging dozens of new claims against dozens of new

---

[3] Rule 9(b) requires that a plaintiff must plead each of the elements of a fraud claim with particularity, i.e., a plaintiff must set forth the "who, what, when, where, and how" of the fraudulent conduct charged. *Vess v. Ciba–Geigy Corp., USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

defendants in a confused and disorganized manner. Saxena is no stranger to motions practice and requesting leave of the court, doing so repeatedly to get extensions and to file additional documentation. *See, e.g.*, ECF Nos. 59, 64, 73, 79. However, no such motions nor requests for leave to add defendants were filed before the FAC.

In his responses to the motions to dismiss, Saxena asserts that "[a] robust reading of the Amended Complaint reveals a clear—we dare say, simple—description of the wrongs committed against Plaintiff." ECF No. 94 at 2. The complaint is anything but simple. He cites *Hearns v. San Bernardino Police Department*, purportedly explaining that "a complaint should not be dismissed under rule 8, so long as it provides the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." ECF No. 95 at 3 (purportedly quoting 530 F.3d 1124, 1130 (9th Cir. 2008)). However, the quoted portion of the case **is not language that can be found in *Hearns***. It is entirely made up, and I could locate no other case that uses the language as quoted.

This sheds light on an arguably more egregious issue with Saxena's FAC: several of the cases to which he cites **do not exist**. He cites to a case allegedly titled *Spokane v. Douglass*, stating:

> In the case Spokane v. Douglass, 800 F.3d 1075 (2015), the Ninth Circuit, which includes Nevada, provided precedent defining "under color of state law" as state law enforcement officials involved in conspiracy with private parties, which applies to the conspiracy to violate the protection order and suborn the violations of the protection order.

ECF No. 85 at 19. *Spokane v. Douglass* does not exist. After significant research attempts, I was able to locate *City of Spokane v. Douglass*, 115 Wash. 2d 171, 795 P.2d. 693 (1990), a Washington State Supreme Court case involving a constitutional challenge to Spokane's nuisance ordinance. The case does not discuss officials acting "under color of state law" once. The reporter citation after "Spokane v. Douglass" to which Saxena cites—800 F.3d 1075—is the third page of *Avendano-Hernandez v. Lynch*, a Ninth Circuit case discussing the unique circumstances involved in

6

evaluating a transgender asylum applicant facing removal. 800 F.3d 1072, 1075 (9th Cir. 2015). The case does not discuss officials acting "under color of state law" once.

Saxena also cites to the purported Nevada case *Hummel v. State*, stating:

> For the stalking case, Hummel v. State, 833 P.2d 1370 (Nev. 1992), provides precedent that stalking is not limited to physical stalking but also includes stalking via constant unwanted communication which is relevant in this case, as Scheeler made a false report through the Nye Sheriff, who then trespassed on the plaintiff's property and threatened the Victim in July of 2021 under color of law, while again violating the protection order restraining Scheeler from harassment and stalking through malice.

ECF No. 85 at 19. Like *Spokane v. Douglass*, there was no *Hummel v. State* decision published by the Supreme Court of Nevada in 1992. Despite extensive research, I was not able to find any Nevada case called "Hummel v. State" whatsoever, the closest being *Hummel v. Sheriff, Min. Cnty.*, 432 P.2d 330 (Nev. 1967), which briefly discusses prosecution witness identification testimony. The case has nothing to do with stalking. Not one "Hummel v. State" filed in *any state* in *any year* discusses stalking. The same is true for "State v. Hummel" and variations on the spelling of the name "Hummel." The reporter citation after "Hummel v. State" to which Saxena cites—833 P.2d 1370—is the second page of *State v. Dotter*, a Court of Appeals of Oregon case about Oregon's probation rules. 833 P.2d 1369, 1370 (1992).

In Boruchowitz's motion, joined by the other three defendants, he points to the improper "*Spokane v. Douglass*" citation and suggests that it "bears all the hallmarks of a fictitious citation generated by an artificial intelligence hallucination." ECF No. 88 (citing *Kruse v. Karlen*, 692 S.W.3d 43, 48–49 (Mo. Ct. App. 2024), *reh'g and/or transfer denied* (Apr. 9, 2024) (awarding sanctions against appellant where fictitious citations present in brief alerted court to probability that generative AI was involved) and *United States v. Cohen*, 724 F. Supp. 3d 251, 258–59, and n.12 (S.D.N.Y. 2024) ("There is no doubt that sanctions can be imposed . . . for the citation to non-existent cases.")). In response to this accusation, Saxena asserts that "This is completely scandalous and false. The case exists and can be googled in two seconds.

Perhaps some details were transcribed incorrectly, yet for the attorney to falsify that the case is non-existence is grounds for sanctions." ECF No. 94 at 3.

I find Saxena's explanation severely lacking. As explained above, I have researched Saxena's cited cases excessively and found absolutely no cases that could *possibly* be the ones he asserts, even if "some details were transcribed incorrectly[.]" As Boruchowitz points out in his reply, "[i]f Plaintiff so adamantly wants to prove the existence of the decision, then it would have been a simple matter to give a proper citation, or better yet to attach a copy of the decision as an exhibit to his Opposition Brief." ECF No. 96 at 6. I am left to assume one of two things: either Saxena has fabricated cases and then lied to this court about their origin, or he enlisted the assistance of artificial intelligence which invented fake cases to support his assertions, did not check their validity, and then lied to this court about their origin. This behavior is entirely unacceptable. Indeed, although courts make "some allowances for [a] pro se Plaintiff's failure to cite to proper legal authority, courts do not make allowances for a Plaintiff who cites to fake, nonexistent, misleading authorities." *Morgan v. Cmty. Against Violence*, 2023 WL 6976510, at *7 (D.N.M. Oct. 23, 2023) (cleaned up), to include case terminating sanctions.

However, because I find that Saxena's FAC violates Rule 8, even after I explicitly reminded him that adherence to Rule 8 would be required in his FAC, I dismiss the FAC and decline to issue an order to show cause why Saxena should not face sanctions for his failure to cite proper legal authority and for making misrepresentations to the court about the non-existent authority.

**B. Leave to amend**

"Because dismissal with prejudice is a harsh remedy, our precedent is clear that the district court 'should first consider less drastic alternatives.'" *Hearns*, 530 F.3d at 1132 (quoting *McHenry*, 84 F.3d at 1178). "In weighing possible alternatives against the consequences of dismissal with prejudice, the district court should consider, for example, whether 'public policy strongly favor[s] resolution of this dispute on the merits.'" *Id.* (quoting *Dahl v. City of Huntington*

*Beach*, 84 F.3d 363, 366 (9th Cir. 1996)). "The court should also consider whether 'dismissal [would] severely penalize[ ] plaintiffs . . . for their counsels' bad behavior.'" *Id.* (quoting *Dahl*, 84 F.3d at 366 and comparing *Al–Torki v. Kaempen*, 78 F.3d 1381, 1383–85 (9th Cir. 1996) (affirming dismissal with prejudice when plaintiff's own conduct violated court orders)). "Even when the litigant is the one actually responsible for failure to comply with a court's order, . . . '[t]he sanction of dismissal should be imposed only if the deceptive conduct is willful, in bad faith, or relates to the matters in controversy in such a way as to interfere with the rightful decision of the case.'" *Id.* (quoting *United States v. Nat'l Med. Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986)).

I find that dismissal with prejudice is appropriate here. Saxena's initial complaint was severely deficient, and this court was quite lenient. Instead of adhering to this court's clear request for compliance with Rule 8, his resulting FAC was, as previously described in this order, a complicated mess of new allegations against dozens of new defendants that failed to comply with both Rules 8 and 9 of the Federal Rules of Civil Procedure. Saxena also cited to non-existent authority and, when given the opportunity to either correct his citation or admit to his fabrication, he did neither, insisting that the citation "can be googled in two seconds[,]" and describing opposing counsel pointing it out as sanctionable. ECF No. 94 at 3. I find that even given another chance, Saxena cannot be reasonably expected to present coherent claims, adhere to my orders, or present honest argument to this court. For these reasons, his claims are dismissed with prejudice.

IV. Conclusion

IT IS HEREBY ORDERED that defendants' motions to dismiss [ECF No. 88, ECF No. 90] are GRANTED. Saxena's first amended complaint is **DISMISSED with prejudice.**

The Clerk of Court is kindly instructed to enter judgment accordingly and to close this case.

Dated: February 18, 2025

_____
Cristina D. Silva
United States District Judge

9