# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Grant M. Saxena,

               Plaintiff

v.

Jezrael Martinez-Hernandez, et al.,

               Defendants

Case No. 2:22-cv-02126-CDS-BNW

**Order Denying Plaintiff's
Motion for Reconsideration
and Motions for Sanctions**

[ECF Nos. 100, 105, 106, 110, 111, 121]

Pending before the court are plaintiff Dr. Grant M. Saxena's motion for reconsideration (ECF No. 100) and two motions for sanctions (ECF Nos. 105, 106). Defendants oppose the motions. *See* Opp'n, ECF Nos. 102 (reconsideration); 108 (sanctions). Also pending are Saxena's motion to amend his reply (ECF No. 110), a motion to recuse (ECF No. 111), and an objection to Judge Weksler's order (ECF No. 121). For the reasons set forth herein, all motions except Saxena's motion to amend (ECF No. 110)[1] are denied.

## I.    Background

In his first amended complaint (FAC), pro se plaintiff Dr. Grant M. Saxena raised numerous claims against defendants David Boruchowitz, Jezrael Martinez-Hernandez, Jason J. Heaney, and the Nye County District Attorney's Office. *See* FAC, ECF No. 85. Defendant David Boruchowitz moved to dismiss the complaint. Boruchowitz mot., ECF No. 88. Defendants Martinez-Hernandez, Heaney, and Nye County District Attorney's Office separately moved to dismiss. Mot. ECF No. 90.

On February 28, 2025, I granted defendants' motions to dismiss with prejudice after finding Saxena failed to follow my order regarding adherence to Federal Rule of Civil Procedure 8. Order, ECF No. 98. Thereafter, Saxena filed the motion for reconsideration (ECF No. 100), two motions for sanctions (ECF Nos. 105, 106), a motion to amend his reply (ECF No. 110), a

---

[1] The court grants Saxena's motion to amend his reply to the motion for reconsideration ECF No. 110. The court considered the information contained in therein when resolving the reconsideration motion.

motion to recuse (ECF No. 111), and an objection to Judge Weksler's order denying his motion for recusal (ECF No. 121). I address each motion in turn.

II.   **Discussion**

   A.  **Saxena's motion for reconsideration (ECF No. 100) is denied.[2]**

Motions for reconsideration offer "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation and internal quotation marks omitted). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)). A mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

Further, a motion to reconsider must provide the court with valid grounds for reconsideration. Valid grounds include showing some valid reason why the court should reconsider its prior decision and setting forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision. *See Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (citing *All Hawaii Tours Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648–49 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988)).

The Ninth Circuit directs courts "to make reasonable allowances for pro se litigants and to read pro se papers liberally." *McCabe v. Arave*, 827 F.2d 634, 640 (9th Cir. 1987). This district's local rules regarding civil cases require that any motion for reconsideration "must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." LR 59-1(a).

---

[2] This motion includes a request for the court to recuse itself. Per the court's Local Rules, "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." LR IC 2-2(b). Accordingly, the court declines to addresses this requested relief in this motion and only addresses it in the separately filed motion to recuse.

As a threshold matter, I find Saxena's motion is timely. It was filed only twenty-eight days after I entered the order dismissing this case. However, Saxena's motion fails to show that reconsideration of my order is warranted. Saxena does not proffer any newly discovered evidence, demonstrate that I committed clear error, or show that there was an intervening change in the controlling law that would warrant reconsideration of my prior decision. Instead, Saxena complains that I do not address him as "Dr. Saxena" or "Captain Saxena," which demonstrates some sort of bias or impartiality, asserts the court suborned perjury, and that the court erred by not holding hearings to address alleged misconduct by defendants. Recons. mot., ECF No. 100 at 2–4, 7–10. Saxena also alleges that the court discriminated against him, a disabled veteran, by not permitting him to receive documents through PACER, by not giving him adequate time to file a FAC, and for calling his use of artificial intelligence—and response to accusations of citing nonexistent cases—into question. *See id.* at 2–4, 6, 10–12. Alternatively, Saxena argues that I erred by failing to consider a sanction short of dismissal. *Id.* at 4–5, 9. The motion is also riddled with ad hominem accusations against defendants and/or their attorneys.[3] *See id.* at 6–9; *see also* ECF No. 110 at 8–9.

Saxena fails to meet the standard to show that reconsideration is warranted. Although I did not utilize any of Saxena's proclaimed titles (Dr., Captain (Retired), Ph.D., law student in the United Kingdom), that decision was one of efficiency and not a sign of disrespect, nor is it grounds for me to reconsider my order dismissing this action.[4] Indeed, Saxena has identified himself utilizing several titles—to include John Doe—throughout the history of his litigation. *See Saxena v. L. Offs. of Tray Stephany,* 2023 WL 8651431, at *2 (D. Colo., Nov. 17, 2023) (discussing Saxena's use of many titles in his case filing captions). This is not the only case brought by Saxena where he changes his preferred title. Other than when Saxena referred to himself as "John Doe," the name Saxena has been consistently used in this case, so it was utilized throughout the court's orders.

---

[3] Such attacks are not grounds for reconsideration.
[4] As addressed further herein, nor is it a reason to recuse myself. *See infra,* p. 7.

Saxena's other arguments he advances in supports of his reconsideration motion are unconvincing. First, Saxena also alleges that the court discriminated against him, a disabled veteran, by not permitting him to receive documents through PACER. ECF No. 100 at 3. It is unclear what Saxena bases this argument on as the docket reveals Saxena consented to receive electronic service but failed to request to file electronically as instructed in the consent form. *See* Consent, ECF No. 5 (citing LR IC 2-1(b) ("A pro se litigant may request the court's authorization to register as a filer in a specific case.")). Second, Saxena alleges that he was discriminated against because the court did not give him sufficient time to file the FAC. This unsupported accusation is belied by the very fact that Saxena filed the forty-page FAC, adding a myriad of new allegations and new defendants. And, as noted in the order granting Saxena permission to file the FAC, Saxena had over six months to prepare it. *See* Order, ECF No. 71 at 4. Third, Saxena contends that his use of artificial intelligence should not be grounds for dismissal because he is pro se and disabled. This is no excuse for submitting non-existent authority to the court in support of a brief. *See Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) (pro se litigants must adhere to the same procedural requirements as other litigants). I may have been willing to merely warn Saxena for this transgression[5] if it had been the only issue caused by Saxena throughout this litigation. But Saxena's use of AI generated cases—and his subsequent refusal to accept responsibility for doing so[6]—is just another example of Saxena's abusive litigation tactics, and further explains why the court issued case-terminating sanctions.

---

[5] *See Mescall v. Renaissance at Antiquity*, 2023 WL 7490841, at *1 n.1 (W.D.N.C. Nov. 13, 2023) (warning "the use of artificial intelligence . . . may result in sanctions or penalties when used inappropriately"); *Ruggierlo, Velardo, Burke, Reizen & Fox, P.C. v. Lancaster*, 2023 WL 5846798, n.5 (E.D. Mich., Sept. 11, 2023) (warning a pro se defendant that using generative artificial intelligence hallucination to create citations may result in court-imposed sanctions and is a waste court and party resources); *Anonymous v. N.Y.C. Dep't of Educ.*, 2024 WL 3460049, at *7 (S.D.N.Y., July 18, 2024) (warning a pro se plaintiff that citations generated by artificial intelligence are unreliable, and that citation to nonexistent legal authority is unacceptable).
[6] Indeed, Saxena's response was incredulous, stating that the accusation he used AI was "completely scandalous and false" and further contending that a simple google search would show the cases he relied upon, while also noting that perhaps he "transcribed incorrectly" some details. ECF No. 94 at 3. I note, as I did in my prior order, "I . . . researched Saxena's cited cases excessively and found absolutely no cases that could possibly be the ones he asserts[.]" ECF No. 98 at 8.

As a reminder, Saxena was given instructions about how to amend, noting that he must comply with Fed. R. Civ. P. 8; he failed to heed that guidance. *See* ECF No. 71 at 4 ("The first amended complaint must comply with Federal Rule of Procedure 8 which requires the pleader to set forth his averments in a simple, concise, and direct manner and to set forth a basis for federal jurisdiction. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including those lacking access to counsel) . . . ."). The examples of Saxena's failures to cooperate with opposing counsel and the court are numerous.[7] For example, despite being ordered on August 14, 2023, to provide a phone number where he could be reached, Saxena failed to comply. *See* ECF No. 58 at 7 (detailing failure to comply). Then, on December 12, 2023, the magistrate judge admonished Saxena that he had to fully comply with Federal Rule of Civil Procedure 26 and the other rules governing discovery, particularly LR IA 1-3 (f), the requirement to meet-and-confer. *See* Order, ECF No. 50. In that same admonishment, Saxena was cautioned that the court would "sanction [Saxena] for future failures to meet-and-confer or otherwise fail to abide by the Local Rules of the Court and the Federal Rules of Civil Procedure." *Id.* Then, on February 26, 2024, the magistrate judge stopped short of issuing a report and recommendation that I dismiss the action for Saxena's failure to participate in good faith in a Rule 26(f) conference. *See* Mins. of proceedings, ECF No. 75. Stated otherwise, the court considered lesser sanctions and applied them then, despite Saxena's failure to heed the December 12, 2023 admonishment. *Id.* In October 2023, the magistrate judge struck Saxena's proposed discovery plan and scheduling order that not only falsely claimed it was a "joint" submission, but also falsely represented that the parties had participated in a Rule 26(f) conference and that the defendants had authorized Saxena to file the alleged "joint" submission. Order, ECF No. 44. In that same order, the magistrate judge issued an order to show cause against Saxena for failing to

---

[7] In his motion to amend his reply to the reconsideration motion, Saxena proclaims that he "has complied with all Court orders" and that "there is no evidence presented otherwise." ECF No. 110 at 9, ¶ 14.  This order belies Saxena's proclamation.

participate in good faith in developing and submitting a discovery plan. Saxena failed to timely respond to the show case order.[8]

Saxena was repeatedly cautioned about being sanctioned if he failed to follow court orders. Saxena failed to heed those cautions. Saxena then failed to follow this court's order regarding following Rule 8, and subsequently submitted briefing that cited non-existent cases. Instead of admitting he used artificial intelligence, Saxena exclaimed he was the victim of some sort of untrue accusations. Considering all the information before the court, dismissal here was appropriate as "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The power to manage its docket is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). Saxena has a documented inability, willful or otherwise, to comply with court orders, despite being repeatedly cautioned and warned about the consequences of failing to do so. Accordingly, Saxena fails to demonstrate the court erred in issuing a sanction short of dismissal.

Consequently, Saxena fails to demonstrate he is entitled to the extraordinary remedy of reconsideration, as he has failed to demonstrate that the court committed clear error, that there has been an intervening change in law, or that there is newly discovered evidence. So his motion for reconsideration is denied.

**B. Saxena's motion for recusal (ECF No. 111) is denied.**

Title 28, United States Code, Section 144 provides for disqualification "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the

---

[8] Saxena did not respond to the show cause order before the previously scheduled hearing on the motion. *See* ECF No. 44 (setting hearing for October 31, 2023). The magistrate judge extended the time for Saxena to respond to November 22, 2023. Min. order, ECF No. 45. Again, Saxena failed to file a timely response. A document that was filed as a "response" to defendants' answer, filed on December 1, 2023, was subsequently construed by the magistrate judge as the response to the show cause order on December 12, 2023. *See* Order, ECF No. 50.

judge before whom the matter is pending has a personal bias or prejudice . . . against him or in favor of any adverse party. . . ." Section 455(b)(1) of the same Title provides that a judge shall disqualify herself "where [she] has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). "The standard for recusal under 28 U.S.C. §§ 144 and 455 is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'"[9] *U.S. v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). Although 28 U.S.C. § 144 "provides a procedure for a party to recuse a judge," § 455 of the same Title "imposes an affirmative duty upon judges to recuse themselves.'" *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).

A recusal motion under § 455 must be filed "with reasonable promptness after the ground for such a motion is ascertained." *Preston v. United States*, 923 F.2d 731, 733 (9th Cir. 1991). In fact, the Ninth Circuit has warned that a recusal motion made after the entry of judgment is presumptively untimely. *See E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992) (finding that recusal motion made after entry of judgment was untimely; "to hold otherwise would encourage parties to withhold recusal motions, pending a resolution of their disputes on the merits, and then if necessary invoke section 455 in order to get a second bite at the apple").

A judge should not, however, be recused when the only basis for the recusal motion is that the judge made adverse rulings in the case where the party seeks the judge's disqualification. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *In re Marshall*, 721 F.3d 1032, 1041 (9th Cir. 2013); *United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008) (Section 455(a) is "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed[,] or statements made by the judge during the course of [proceedings].").

_____

[9] A motion under § 144 must be reassigned to another judge for resolution on the merits "[i]f the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980). Saxena did not follow the procedure to seek recusal under § 144, so this motion is evaluated under § 455.

A "reasonable person" is defined as a "well-informed, thoughtful observer" who "understand[s] all the relevant facts" and "has examined the record and law," not as someone who is "hypersensitive or unduly suspicious." *Holland*, 519 F.3d at 914 (citations omitted). This standard does not mandate recusal upon the mere "unsubstantiated suspicion of personal bias or prejudice." *Id.* (citation omitted). "Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased." *Torres v. Chrysler Fin. Co.*, 2007 WL 3165665, at *1 (N.D. Cal. Oct. 25, 2007) (citing *Reiffin v. Microsoft Corp.*, 158 F. Supp. 2d 1016, 1021–22 (N.D. Cal. 2001)).

Saxena's motion is both untimely and fails to meet the substantial burden demonstrating that recusal is warranted here. Saxena did not file the recusal motion until after the court dismissed this action, making the motion presumptively untimely. *See United States v. Bell*, 79 F. Supp. 2d 1169, 1172 (E.D. Cal. 1999) ("[A] recusal motion made after the entry of judgment is presumptively untimely."). Saxena provides no explanation for his untimely motion, nor has he raised any argument that rebuts the presumption that his motion for recusal is untimely because it was filed after I dismissed the case. Although his motion could be denied due to its untimeliness alone, I nonetheless briefly address the other arguments raised by Saxena.

Not using any one of Saxena's preferred titles is not a basis for recusal, which is something of which he has been informed after filing similar motions in other cases. *See Saxena v. Hall*, 2023 WL 8653649 (D. Colo., Oct. 27, 2023) (order denying Saxena's motion to recuse U.S. District Judge for not addressing him as "Dr. Saxena" and holding that "a judge's failure to use an honorific when referring to a party in written orders does not, on its own, provide cause for a reasonable observer to question the judge's impartiality"); *Saxena*, 2023 WL 8651431 (order denying motion to recuse and rejecting Saxena's argument that the court disrespected him by not calling him by any number of titles). And, as already noted above, the use of his last name only is for judicial efficiency and consistency and for no other reason.

Other than Saxena's self-serving arguments, there is nothing in the record that I discriminated against Saxena for any reason, much less his status as a disabled veteran. The remainder of Saxena's motion asks this court to recuse itself based again on his ad hominem attacks on defendants, their counsel, and the judges assigned to this action: none of which demonstrate recusal is warranted. Applying the reasonable person standard, Saxena's motion to recuse is denied.

### C. Saxena's appeal of the order denying his motion to recuse Judge Weksler (ECF No. 121) is denied.[10]

When reviewing the order of a magistrate judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the court has a "definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992).

On April 1, 2025, Judge Weksler issued a minute order denying Saxena's motion seeking her recusal as moot because this action is closed. Min. order denying recusal, ECF No. 112. Ten days later, Saxena filed an objection to the order. Obj., ECF No. 121. The objection presents nothing but unsupported allegations and accusations against the magistrate judge and fails to demonstrate how the order was contrary to the law or clearly erroneous. Moreover, and fatal to the Saxena's motion, he filed his motion to recuse Judge Weksler after the action was closed, making it presumptively untimely. *See E. & J. Gallo Winery*, 967 F.2d at 1295. Saxena fails to proffer any arguments or evidence to overcome that presumption. Accordingly, his appeal is denied.

---

[10] The court determined it could resolve this objection without a response from defendants.

**D. Saxena's motions for sanctions (ECF No. 105, 106) are denied.**

Citing Rule 11 of the Federal Rules of Civil Procedure, Saxena asks that I impose various sanctions against defendants based on numerous and varying allegations of misconduct. *See generally* Sanctions mots., ECF Nos. 105, 106. An attorney is subject to Rule 11 sanctions when they present to the court "claims, defenses, and other legal contentions . . . [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]" *Holgate v. Baldwin*, 425 F.3d 671, 676–77 (9th Cir. 2005). An attorney may also be subject to Rule 11 sanctions if they include factual allegations lacking evidentiary support. Fed. R. Civ. P. 11(b)(3). Improper purposes behind a filing include harassment, causing unnecessary delay, or increasing the costs of litigation. Fed. R. Civ. P. 11(b)(1); *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156 (9th Cir. 1987). Further, the Rule 11 states that:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2). The procedural requirements of Rule 11 are strictly construed. *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 788 (9th Cir. 2001). Further, the party seeking sanctions has the burden of demonstrating that sanctions are justified. *Tom Growney Equip., Inc. v. Shelley Irrigation Dev., Inc.*, 834 F.2d 833, 837 (9th Cir. 1987). A court has substantial discretion regarding the application of Rule 11 sanctions. *See* Adv. Comm. Notes to Fed. R. Civ. P. 11, 146 F.R.D. 401, 587 (1993).

Saxena's first motion for sanctions, which was apparently drafted in December 2024 but not filed until March 2025, is comprised of various allegations against defendants and their counsel, this court, or complaints about the clerk's office. ECF No. 105. Alternatively, Saxena's motion includes attempts to excuse his misconduct throughout this action. *Id.* In his second

motion, Saxena asks that I sanction defendant Boruchowitz and attorney Ryman for alleged misrepresentations to the court. ECF No. 106. Having considered the motions, I find that Saxena's motions lack merit, and he fails to demonstrate that sanctions are justified. Accordingly, both motions for sanctions are denied.

## III.  Conclusion

IT IS ORDERED that Saxena's motion for reconsideration **[ECF No. 100]** is DENIED.

IT IS FURTHER ORDERED that Saxena's motions for sanctions **[ECF No. 105, 106] are DENIED.**

IT IS FURTHER ORDERED that Saxena's motion to amend **[ECF No. 110] is GRANTED.**

IT IS FURTHER ORDERED that Saxena's motion for recusal **[ECF No. 111]** is DENIED.

IT IS FURTHER ORDERED that Saxena's appeal of the magistrate judge's order **[ECF No. 121] is DENIED.**

Date: April 23, 2025

_____
Cristina D. Silva
United States District Judge