UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Grant M. Saxena, | Case No. 2:22-cv-02126-CDS-BNW |
| Plaintiff | **Order Denying Plaintiff's Renewed Motion for Reconsideration** |
| v. | |
| Jezrael Martinez-Hernandez, et al., | [ECF No. 124] |
| Defendants | |

Pending before the court is plaintiff Dr. Grant M. Saxena's renewed motion for reconsideration. Mot., ECF No. 124. As noted in my prior order denying Saxena's prior motion for reconsideration, reconsideration offers "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation and internal quotation marks omitted), and it should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)). *See* Order, ECF No. 123. Further, a mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). Disagreement with my prior order is entirely what Saxena presents as his argument in support of his renewed reconsideration motion. Accordingly, he has failed to meet the high bar demonstrating reconsideration is warranted.

I also note that there is once again evidence that Saxena's filing was made using generative artificial intelligence. The opening line of his motion reads "Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), Plaintiff, Dr. [Your Full Name], respectfully moves this Court to reconsider its orders denying recusal, sanctions, dismissal of the case with

prejudice . . ." ECF No. 124 at 1 (bracketed language in original). As already explained in my prior orders, Saxena's apparent penchant for using artificial intelligence to make up cases and case quotations is unacceptable. *See* Order, ECF No. 98 at 8 ("I am left to assume one of two things: either Saxena has fabricated cases and then lied to this court about their origin, or he enlisted the assistance of artificial intelligence which invented fake cases to support his assertions, did not check their validity, and then lied to this court about their origin. This behavior is entirely unacceptable."). He has shown no remorse, insisting that "the cases are not non-existent" without providing proof of their existence and conceding only that "[t]he imperfect citations and quotations could be attributed to a pro se lack of legal training and understanding, and transcribing notes incorrectly[.]" ECF No. 100 at 10. As I explained in my order granting defendants' motion to dismiss, "although courts make 'some allowances for [a] pro se Plaintiff's failure to cite to proper legal authority, courts do not make allowances for a Plaintiff who cites to fake, nonexistent, misleading authorities,' to include case terminating sanctions." ECF No. 98 at 8 (quoting *Morgan v. Cmty. Against Violence*, 2023 WL 6976510, at *7 (D.N.M. Oct. 23, 2023) (cleaned up)). However, this case has already concluded. *See id.* (granting defendants' motion to dismiss with prejudice). Saxena is cautioned that future filings, in this or any other court, may result in sanctions, to include case terminating, monetary, or any other sanction the court deems appropriate.

## Conclusion

IT IS THEREFORE ORDERED that Saxena's renewed motion for reconsideration [ECF No. 124] is DENIED.

IT IS FURTHER ORDERED that no other documents may be filed in this now-closed case.

Date: May 14, 2025

_____
Cristina D. Silva
United States District Judge

2